UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Feit Electric Company, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Beacon Point Capital, LLC, <br><br> Defendant. | Civil Action No. |

**DECLARATORY JUDGMENT COMPLAINT**

1. This is a complaint for a declaratory judgment that Defendant is collaterally estopped from asserting infringement of U.S. Patent Nos. 5,757,140 and 6,172,464 ("the '140 patent" and "the '464 patent," respectively) and, in the alternative, a declaratory judgment of unenforceability for inequitable conduct. True and correct copies of the '140 patent and '464 patent are attached hereto as Exhibits A and B, respectively.

**PARTIES**

2. Plaintiff Feit Electric Company, Inc. ("Feit") is a California corporation with a principal place of business at 4901 Gregg Road, Pico Rivera, CA 90660.

3. Feit sells, among other things, self-ballasted, screw-in compact fluorescent lamps ("CFLs") throughout the United States, including in this District.

4. On information and belief Defendant Beacon Point Capital, LLC ("Beacon") is a Delaware limited liability company with a principal place of business at 16 Ascot Lane, Barrington, IL 60010.

## NATURE OF THE ACTION

5. This declaratory judgment action is the latest of several cases previously decided by this Court concerning the Nilssen CFL patents, namely: *Nilssen, et al. v. Osram Sylvania Inc.*, 440 F.Supp.2d 884 (N.D. Ill. 2006) (*aff'd* 504 F.3d 1223 (Fed. Cir. 2007)); *Nilssen v. Wal-Mart Stores, Inc.*, No. 04 C 5363, 2008 WL 5087967, at *2 (N.D. Ill. Nov. 24, 2008); *see also Nilssen v. General Elec. Co.*, No. 06 C 4155, 2011 WL 633414 (N.D. Ill. Feb. 11, 2011). Indeed, at least three different judges in this District – Judge Darrah (who was affirmed by the U.S. Court of Appeals for the Federal Circuit), Judge Norgle, and Judge Gettleman – found Nilssen to have engaged in rampant and pervasive inequitable conduct rendering Nilssen CFL patents unenforceable. This Court has noted that "[f]ar too much judicial resources have been devoted to Nilssen's losing litigation" and awarded attorneys' fees for Nilssen's pursuit of patents obtained in bad faith. *See Nilssen v. Wal-Mart Stores, Inc.*, No. 04 C 5363, 2008 WL 5087967, at *2 (N.D. Ill. Nov. 24, 2008); *see also Nilssen v. General Elec. Co.*, No. 06 C 4155, 2011 WL 633414 (N.D. Ill. Feb. 11, 2011).

6. As a result of this Court's and the Federal Circuit's rulings, which are now final and unappealable, Defendant is collaterally estopped from asserting infringement under the '464 and '140 patents because, among other things, they have been found unenforceable in judgments that are now final and unappealable.

7. Defendant, a successor in interest in and to the Nilssen CFL patents apparently managed by a relative of Ole K. Nilssen, nonetheless now threatens Plaintiff with litigation under the '464 and '140 patents. Plaintiff therefore brings this declaratory judgment action.

**JURISDICTION & VENUE**

8. This Court has subject-matter jurisdiction pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and pursuant to 35 U.S.C. §§ 1331 and 1338(a) because Feit's claims arise under the patent laws of the United States, 35 U.S.C. §§ 101, et seq.

9. There is an actual controversy between Beacon and Feit with respect to whether Beacon may assert the Nilssen patents, which Feit alleges are unenforceable. As set forth below, Beacon has, on more than one occasion, threatened to sue Feit for infringement of the '140 patent and the '464. Beacon's actions have created a substantial controversy and, in Feit, apprehension of suit, creating a legal dispute of sufficient immediacy and reality to warrant relief by this Court.

10. This Court has personal jurisdiction over Defendant Beacon which on information and belief conducts business in and from Barrington, Illinois.

11. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendant Beacon is subject to personal jurisdiction in this judicial district, and further because a substantial part of the events and activities giving rise to Feit's claims occurred in this judicial district.

**BACKGROUND**

12. On information and belief, on or about September 5, 2013, the estate of Ole K. Nilssen assigned the '140 and '464 patents to Beacon.

13. On information and belief, Beacon is the successor in interest to Ole K. Nilssen and/or the Geo Foundation, Ltd. to ownership of the '140 patent and the '464 patent.

14. On information and belief, Beacon owns and has all substantial rights under the '140 and '464 patents, including the right to past damages.

15. Ole K. Nilssen and Geo Foundation, Ltd. have multiple times in the past asserted numerous patents in this Court.

16. In the *Nilssen, et al. v. Osram Sylvania Inc.*, 440 F.Supp.2d 884 (N.D. Ill. 2006) (*aff'd* 504 F.3d 1223 (Fed. Cir. 2007)) and *Nilssen, et al. v. Wal-Mart Stores Inc., et al.*, No. 1:04-CV-5363 (N.D. Ill.) cases, all of the asserted patents were withdrawn with prejudice or declared unenforceable for multiple grounds of inequitable conduct.

17. Even though not a named party in the action, to meet its obligation to defend its customers, Feit effectively defended and bore part of the cost of the defense in the *Nilssen, et al. v. Wal-Mart Stores Inc., et al.* case.

18. The '140 patent and the '464 patent name Ole K. Nilssen as inventor and were part of an extensive and complicated scheme of patent applications that included the patents declared unenforceable for multiple grounds of inequitable conduct in the *Nilssen, et al. v. Osram Sylvania Inc.* and *Nilssen, et al. v. Wal-Mart Stores Inc., et al.* cases ("the *Osram* case" and "the *Wal-Mart* case," respectively).

19. On or about May 24, 2012, Ole K. Nilssen and Geo Foundation, Ltd. commenced an action against Feit Electric Company, Inc. in the United States District Court for the Middle District of Florida, Ft. Myers Division (Civil Action No. 2:12-CV-296-FtM-99DNF), alleging, among other things infringement of U.S. Patent No. 5,757,140 (the '140 patent) by self-ballasted, screw-in compact fluorescent lamps ("CFLs" sold by Feit (the "Florida action")).

20. In the Florida action, Ole K. Nilssen and Geo Foundation, Ltd. also asserted infringement of:

> U.S. Patent No. 4,857,806 despite the fact that such patent was found unenforceable in the *Osram* and *Wal-Mart* cases for two types of inequitable conduct (misleading affidavit and false small entity declaration) and which expired on or about August 15, 2006;

U.S. Patent No. 5,233,270 despite the fact that such patent was found unenforceable in the *Osram* and *Wal-Mart* cases for two types of inequitable conduct (misleading affidavit and false small entity declaration) and which expired on or about September 10, 2008 based on a terminal disclaimer; and,

U.S. Patent No. 5,341,067 which was found unenforceable in the *Osram* and *Wal-Mart* cases for four types of inequitable conduct (misleading affidavit, false small entity declaration, failure to disclose material litigation, and failure to disclose material prior art) and which expired on or about September 10, 2008 based on a terminal disclaimer.

21. On or about February 13, 2013, Ole K. Nilssen and Geo Foundation, Ltd. voluntarily dismissed the Florida action without prejudice.

22. The dismissal of the Florida action was not based on any settlement, license or other resolution of the claim of infringement between Ole K. Nilssen and Geo Foundation, Ltd. on the one hand and Feit on the other hand.

23. On information and belief, Kenneth Sutton is the son-in-law of Ole K. Nilssen.

24. On information and belief, Kenneth Sutton is a principal, manager, and/or executive officer of Beacon.

25. Aaron Feit is the President and Chief Executive Officer of Feit.

26. On or about April 8, 2013, from the e-mail address "ksutton@beaconcapital.com," Mr. Sutton sent Mr. Feit an e-mail message in which he referenced five patents listed in an attachment to that e-mail message that are allegedly directed to CFLs (the "April 2013 assertion message").

27. The attachment to the April 2013 assertion message listed U.S. Patent No. 6,172,464 (the '464 patent) as well as U.S. Patent Nos.: 5,166,578; 5,191,262; 5,446,347; and, 5,757,140.

28. In the April 2013 assertion message, Mr. Sutton asserted that the referenced patents "are fully enforceable against CFL infringement."

29. On or about December 3, 2013, attorney Frederick Roth sent Mr. Feit a letter in which he indicated that he had been retained by Beacon to represent Beacon's rights and interest in the Ole K. Nilssen patents (the "first Roth letter").

30. In the first Roth letter, Mr. Roth indicated that "Beacon is the sole owner of all patents formerly owned by Ole K. Nilssen."

31. In the first Roth letter, Mr. Roth:

inquires as to whether Feit "is willing to participate in substantive negotiations regarding patent infringement;"

states that "[w]e believe you and your counsel are well acquainted with the patents at issue… and the basis for my client's claims for patent infringement;

states that he is reaching out to Mr. Feit "before filing an appropriate action in court;" and,

states that if a response is not forthcoming by December 15, 2013 "we will assume litigation is the only option and proceed accordingly."

32. On or about December 26, 2013, attorney Frederick Roth sent Mr. Feit a second letter (the "second Roth letter") stating:

> Dale Fiene has reviewed and considered a representative sample of virtually all of Feit Electric products found at Menards with regard to the patent claims and is convinced that all of the CFLs sold by Feit Electric during the last six years infringed on at least one claim of one patent. The foregoing statement is true even with consideration of the terminal disclaimers. Mr. Fiene is also convinced the future time period is at least through 5/26/2015 on all of Feit Electric CFLs and through 1/9/2018 on the majority of Feit Electric CFLs.

33. On information and belief, Dale Fiene was previously in the employ of, or contracted by, Ole K. Nilssen.

34. On information and belief, Dale Fiene is employed by or contracted by Beacon.

35. May 26, 2015 is the expiration date of the '140 patent.

36. January 9, 2018 is the expiration date of the '464 patent.

37. The communications and past conduct of Beacon and the communications of Beacon's attorney have caused Feit to be in reasonable apprehension of an imminent action for patent infringement by Beacon.

38. A justiciable case or controversy under the Declaratory Judgment Act exists between Feit and Beacon.

### COUNT I
### PATENTS DECLARED UNENFORCEABLE REMAIN UNENFORCEABLE

39. Feit incorporates by reference the above paragraphs as if fully set forth herein.

40. In the *Osram* case, this Court found the following U.S. patents to be unenforceable, each on multiple grounds of inequitable conduct:

> U.S. Patent No. 4,857,806
> U.S. Patent No. 5,164,637
> U.S. Patent No. 5,233,270
> U.S. Patent No. 5,343,123
> U.S. Patent No. 5,402,043
> U.S. Patent No. 5,416,386
> U.S. Patent No. 5,432,409
> U.S. Patent No. 5,479,074
> U.S. Patent No. 5,481,160
> U.S. Patent No. 5,510,680
> U.S. Patent No. 5,510,681
> U.S. Patent No. 4,677,345
> U.S. Patent No. 5,047,690
> U.S. Patent No. 5,341,067
> U.S. Patent No. 5,189,342

*Nilssen v. Osram Sylvania, Inc.,* 440 F. Supp. 2d 884 (N.D. Ill. 2006).

41. The United States Court of Appeals for the Federal Circuit affirmed the unenforceability findings of this Court in the *Osram* case. *Nilssen v. Osram Sylvania, Inc.*, 504 F.3d 1223 (Fed. Cir. 2007).

42. The United States Supreme Court denied a petition for certiorari to appeal the decision by United States Court of Appeals for the Federal Circuit affirming the finding of this Court in the *Osram* case. That case is now final and unappealable.

43. In the *Wal-Mart* case, also final and not subject to appeal, this Court found the following U.S. patents to be unenforceable, each on multiple grounds of inequitable conduct and relying upon collateral estoppel from the *Osram* case:

>U.S. Patent No. 5,341,067
>U.S. Patent No. 6,172,464

44. In the *Wal-Mart* case, Nilssen also stipulated to an adverse judgment on the following patents as unenforceable:

>U.S. Patent No. 4,857,806
>U.S. Patent No. 5,233,270
>U.S. Patent No. 5,343,123
>U.S. Patent No. 5,510,680
>U.S. Patent No. 5,510,681

45. No intervening events or acts have changed, altered, reversed, and/or undone the unenforceability of the patents held unenforceable by this Court (the "unenforceable Nilssen patents").

46. No intervening change in law has changed, altered, reversed, and/or undone the unenforceability of the unenforceable Nilssen patents.

47. The enforcement of the unenforceable Nilssen patents is barred by collateral estoppel.

48. The enforcement of the unenforceable Nilssen patents is barred by law.

49. The unenforceable Nilssen patents may not be asserted against Feit CFL products.

50. Based on Beacon's actions described above, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to the

enforceability of the claims of the unenforceable Nilssen patents and the effect of collateral estoppel. A declaratory judgment is necessary and appropriate to resolve this justiciable controversy and so that Feit may ascertain its rights and duties with respect to the unenforceable Nilssen patents.

### COUNT II
### BEACON IS COLLATERALLY ESTOPPED FROM ASSERTING THE '140 AND '464 PATENTS

51. Feit incorporates by reference the above paragraphs as if fully set forth herein.

52. In the *Nilssen, et al. v. Wal-Mart Stores Inc., et al.*, No. 1:04-CV-5363 (N.D. Ill.) case, this Court found that Ole K. Nilssen made a false declaration claiming small entity status in the application leading to the '464 patent.

53. In the *Wal-Mart* case, on March 17, 2008, this Court found that Ole K. Nilssen failed to disclose material litigation in the application leading to the '464 patent.

54. In the *Wal-Mart* case, this Court found that Ole K. Nilssen failed to disclose material litigation in the application leading to the '464 patent. And that such failure constituted inequitable conduct.

55. In the *Wal-Mart* case, this Court found the '464 patent to be unenforceable for inequitable conduct.

56. In particular, the Court in the *Wal-Mart* case found that collateral estoppel applied from the *Osram* case even though the '464 patent was not directly at issue in that case.

57. Similarly, while the '140 patent was not directly at issue in the *Osram* case, collateral estoppel applies and it is unenforceable for the same reasons set forth in the *Wal-Mart* case as to the '464 patent.

58. In the *Osram* and *Wal-Mart* cases, as well as other cases in this District involving the Nilssen patents, this Court found the cases to be exceptional under 35 U.S.C. § 285 and

awarded the defendants their reasonable attorneys' fees under 35 U.S.C. § 285 and their costs. The Federal Circuit upheld this finding the *Osram* case. In fact, in at least one case in this District, the Court found that collateral estoppel as to this finding that the case is exceptional applied. *See Nilssen v. General Elec. Co.*, No. 06 C 04155, 2011 WL 633414 (N.D. Ill. Feb. 11, 2011).

59. Based on Beacon's actions described above, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to the enforceability of the claims of the '140 and '464 patents and the effect of collateral estoppel. A declaratory judgment is necessary and appropriate to resolve this justiciable controversy and so that Feit may ascertain its rights and duties with respect to the '140 patent and the '464 patent.

## COUNT III
### DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '140 PATENT BECAUSE OF INEQUITABLE CONDUCT

60. Feit incorporates by reference the above paragraphs as if fully set forth herein.

**False Small Entity Declaration**

61. On information and belief, on or about March 16, 1992, in the application leading to the issuance of the '140 patent, Ole K. Nilssen filed a declaration claiming small entity status.

62. On information and belief, Ole K. Nilssen was not at the time the declaration claiming small entity status was filed entitled to small entity status for the application leading to the '140 patent or the '140 patent.

63. On information and belief, on or before March 2, 1998, Ole K. Nilssen no longer qualified for small entity status for the application leading to the '140 patent or the '140 patent but he did not promptly correct that status or underpayments and made further small entity status payments to the U.S. Patent Office.

64. On information and belief, on or before June 1, 2000, Ole K. Nilssen no longer qualified for small entity status for the application leading to the '140 patent or the '140 patent but he did not promptly correct that status or underpayments.

65. On information and belief, even though he was not entitled to small entity status, Ole K. Nilssen made one or more small entity status payments in connection with the application leading to the '140 patent and/or in connection with the maintenance of the '140 patent.

66. On information and belief, during the time he took advantage of small entity status for the application leading to the '140 patent or the '140 patent, Ole K. Nilssen was not entitled to small entity status.

67. Ole K. Nilssen intentionally and purposefully submitted one or more declarations claiming small entity status knowing that he was not entitled to do so. The declarations claiming small entity status filed by Ole K. Nilssen in the application leading to the '140 patent were false.

68. A false declaration to claim small entity status constitutes inequitable conduct.

69. A false declaration to claim small entity status constitutes inequitable conduct rendering the '140 patent unenforceable.

70. The failure to timely correct entity status was misleading.

71. Improperly taking advantage of small entity status constitutes inequitable conduct.

72. Improperly taking advantage of small entity status constitutes inequitable conduct rendering the '140 patent unenforceable.

### False Priority Claim

73. Additionally, the application leading to the '140 patent contained an oath signed by Ole K. Nilssen on March 12, 1992 (the "140 oath") with the following priority claim:

> … which patent application is a continuation of Serial No. 07/819,655 filed 01/13/92; which is a Continuation of Serial" No.

07/643,023 filed 01/18/91; which is a Continuation-in-Part of application Serial No. 06/787,692 filed 10/15/85, now abandoned; which is a Continuation of application Serial No. 06/644,155 filed 08/27/84, now abandoned; which is a Continuation of Serial No. 06/555,426 filed 11/23/83, now abandoned: which is a Continuation of application Serial No. 06/178,107 filed 08/14/80 now abandoned; which is a Continuation-in-Part of serial No. 05/973,741 filed 12/28/78, now abandoned; which is a Continuation-in-Part of Serial No. 05/890,586 filed 03/20/78, now U.S. Patent No. 4,184,128…. [*Sic*.]

74. The first time in the chain of applications leading to the '140 patent a claim of priority back to U.S. patent application serial number 05/973,741 filed December 28, 1978 and/or U.S. patent application serial number 05/890,586 filed March 20, 1978 was in U.S. patent application serial number 07/819,655 filed January 13, 1992.

75. Contrary to the claim of priority recited in the '140 oath, U.S. patent application serial number 05/973,741 filed December 28, 1978 did not claim priority to U.S. patent application serial number 05/890,586 filed March 20, 1978.

76. The claim of priority recited in the '140 oath that U.S. patent application serial number 05/973,741 filed December 28, 1978 claiming priority to U.S. patent application serial number 05/890,586 filed March 20, 1978 is false.

77. Contrary to the claim of priority recited in the '140 oath, U.S. patent application serial number 06/178,107 filed August 14, 1980 did not claim priority U.S. patent application serial number 05/973,741 filed December 28, 1978.

78. The claim of priority recited in the '140 oath that U.S. patent application serial number 06/178,107 filed August 14, 1980 claiming claim priority U.S. patent application serial number 05/973,741 filed December 28, 1978 is false.

79. Contrary to the claim of priority recited in the '140 oath, U.S. patent application serial number 06/555,426 filed 23 November 1983 did not claim priority to U.S. patent application serial number 06/330,159 filed December 14, 1981.

80. The claim of priority recited in the '140 oath that U.S. patent application serial number 06/555,426 filed 23 November 1983 claiming priority to U.S. patent application serial number 06/330,159 filed December 14, 1981 is false.

81. The discontinuity in the priority claims in the chain of applications leading to the '140 patent makes the priority claims to U.S. patent application serial number 05/973,741 filed December 28, 1978 and U.S. patent application serial number 05/890,586 filed March 20, 1978 improper.

82. The discontinuity in the priority claims in the chain of applications leading to the '140 patent makes the priority claims to U.S. patent application serial number 05/973,741 filed December 28, 1978 and U.S. patent application serial number 05/890,586 filed March 20, 1978 ineffective.

83. The '140 oath contained at least three false statements. These statements by Nilssen were intentional and made with intent to deceive the patent office.

84. A false claim of priority is material.

85. A false claim of priority constitutes inequitable conduct.

86. A false claim of priority constitutes inequitable conduct rendering the '140 patent unenforceable.

87. Based on Beacon's actions described above, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to the enforceability of the claims of the '140 patent. A declaratory judgment is necessary and

appropriate to resolve this justiciable controversy and so that Feit may ascertain its rights and duties with respect to the '140 patent.

## COUNT IV
## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '464 PATENT BECAUSE OF INEQUITABLE CONDUCT

88. Feit incorporates by reference the above paragraphs as if fully set forth herein.

### False Small Entity Declaration

89. On information and belief, on or about February 24, 1995, in the application leading to the issuance of the '464 patent, Ole K. Nilssen filed a declaration claiming small entity status.

90. On information and belief, Ole K. Nilssen was not at the time the declaration claiming small entity status was filed entitled to small entity status for the application leading to the '464 patent or the '464 patent.

91. On information and belief, on or before June 1, 2000, Ole K. Nilssen no longer qualified for small entity status for the application leading to the '464 patent or the '464 patent but he did not promptly correct that status or underpayments.

92. On information and belief, even though he was not entitled to small entity status, Ole K. Nilssen made one or more small entity status payments in connection with the application leading to the '464 patent and/or in connection with the maintenance of the '464 patent.

93. On information and belief, during the time he took advantage of small entity status for the application leading to the '464 patent and the '464 patent, Ole K. Nilssen was not entitled to small entity status.

94. Ole K. Nilssen intentionally and purposefully submitted one or more declarations claiming small entity status knowing that he was not entitled to do so. The declaration claiming small entity status filed by Ole K. Nilssen in the application leading to the '464 patent was false.

95. A false declaration to claim small entity status constitutes inequitable conduct.

96. A false declaration to claim small entity status filed by Ole K. Nilssen in the application leading to the '464 patent constitutes inequitable conduct rendering the '464 patent unenforceable.

97. The failure to timely correct entity status was misleading.

98. Improperly taking advantage of small entity status constitutes inequitable conduct.

99. Improperly taking advantage of small entity status constitutes inequitable conduct rendering the '464 patent unenforceable.

**Failure To Disclose Material Litigation Inequitable Conduct**

100. Ole K. Nilssen sued Motorola, Inc. and its subsidiary, Motorola Lighting, Inc. on October 19, 1993, alleging patent infringement and trade secret misappropriation (*See Nilssen v. Motorola, Inc.*, No. 93-C-6333, 2002 WL 31369410 (N.D. Ill. Oct. 21, 2002) -- the "*Motorola* litigation").

101. The '464 patent shares a grandparent application with U.S. Patent No. 5,510,681 (the "'681 patent") that was at issue in the Motorola litigation.

102. The *Motorola* litigation involved the same subject matter that is disclosed and claimed in the '464 patent.

103. The '464 patent and the '681 patent share eight figures and their specifications are remarkably similar.

104. The Motorola litigation was material to the prosecution of the application that led to the '464 patent.

105. The Motorola litigation was highly material to the prosecution of the application that led to the '464 patent.

106. The *Motorola* litigation wound its way through this Court for close to ten years, finally being dismissed on October 21, 2002 pursuant to a settlement agreement.

107. Ole K. Nilssen was certainly aware of the *Motorola* litigation during the time he was prosecuting the applications that led to the '464 patent.

108. Nilssen was fully aware of his duty to disclose the *Motorola* litigation, which he commenced more than one year before he filed the application that led to the '464 patent.

109. Nilssen failed to disclose to the United States Patent Office all information regarding the *Motorola* litigation including, most importantly, Motorola's invalidity affirmative defenses. Nilssen did so intentionally and with intent to deceive.

110. The failure to disclose the Motorola litigation was misleading.

111. The failure to disclose the Motorola litigation constitutes inequitable conduct rendering the '464 patent unenforceable.

112. Based on Beacon's actions described above, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to the enforceability of the claims of the '464 patent. A declaratory judgment is necessary and appropriate to resolve this justiciable controversy and so that Feit may ascertain its rights and duties with respect to the '464 patent.

## COUNT V
## DECLARATORY JUDGMENT OF UNENFORCEABILITY
## BASED ON PROSECUTION LACHES ESTOPPEL

113. The '140 patent claims priority back to an application that was filed on or about March 20, 1978.

114. The '140 patent claims priority back through a chain of ten earlier filed applications six of which were abandoned.

115. In at least one application in the chain of applications leading to the '140 patent, after receiving a notice of allowance, Ole K. Nilssen abandoned the application in favor of a file wrapper continuation application.

116. The '140 patent has a history of over twenty years of patent prosecution.

117. The '140 patent is invalid and/or unenforceable for prosecution laches estoppel.

118. The '464 patent claims priority back to an application that was filed on or about August 14, 1980.

119. The '464 patent claims priority back through a chain of five earlier filed applications, all of which were abandoned.

120. The '464 patent has a history of over twenty years of patent prosecution.

121. The '464 patent is invalid and/or unenforceable for prosecution laches estoppel.

122. Based on Beacon's actions described above, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to the validity and/or enforceability of the claims of the '464 and '140 patents. A declaratory judgment is necessary and appropriate to resolve this justiciable controversy and so that Feit may ascertain its rights and duties with respect to the '464 and '140 patents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Feit respectfully request that this Court enter judgment in favor of Plaintiff and against Defendant Beacon, and:

(a) declare the '140 patent unenforceable for inequitable conduct;

(b) declare the '464 patent unenforceable for inequitable conduct;

(c) declare the '140 patent unenforceable for prosecution laches estoppel;

(d) declare the '464 patent unenforceable for prosecution laches estoppel;

(e)  declare that the enforcement of the '464 patent is collaterally estopped;

(f)  declare that the enforcement of the '140 patent is collaterally estopped;

(g)  declare that patents found unenforceable in the *Osram* and *Wal-Mart* cases cannot be enforced by Beacon or any purported owner of those patents against any CFL product made, imported, used, offered for sale, or sold by Feit, Feit's customers, and Feit's end users;

(h)  enjoin Beacon or any purported owner of those patents from enforcing patents found unenforceable in the *Osram* and *Wal-Mart* cases against any CFL product made, imported, used, offered for sale, or sold by Feit, Feit's customers, and Feit's end users;

(i)  declare the case exceptional under 35 U.S.C. § 285;

(j)  declare that Beacon is collaterally estopped from denying that this case is exceptional under 35 U.S.C. § 285;

(k)  award Plaintiff its reasonable attorneys' fees under 35 U.S.C. § 285; and,

(l)  award Plaintiff any and all such other relief as the Court deems just and proper.

| | |
|---|---|
| Dated: December 31, 2013 | Respectfully submitted,<br><br>*/s/ Kal K. Shah*<br><br>_____<br>Kal K. Shah (IL 6275895)<br>kshah@thompsoncoburn.com<br>Anthony Blum (IL 6298243)<br>ablum@thompsoncoburn.com<br>THOMPSON COBURN<br>37th Floor<br>55 East Monroe Street<br>Chicago, IL 60603<br>Phone: 312.346.7500<br>Fax: 312.580.2201 |