**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FEIT ELECTRIC COMPANY, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 13 CV 9339-SJC-SIS |
| BEACON POINT CAPITAL, LLC, | ) | |
| Defendant. | ) | |

**STATEMENT OF UNDISPUTED FACTS**
**IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Feit Electric Company, Inc. ("Feit") hereby submits, pursuant to Local Rule 56.1(a)(3) and in support of its Motion for Summary Judgment, this statement of the material facts, with accompany exhibits, as to which Feit contends there is no genuine issue and that entitle Feit to summary judgment.

**Jurisdiction and Venue**

1. Feit is a California corporation with a principal place of business located at 4901 Gregg Road, Rico Rivera, CA 90660. Feit sells, among other things, self-ballasted, screw-in compact fluorescent lamps ("CFLs") throughout the United States, including in this District. (Complaint ("Com."), Answer ("Ans.") at ¶¶ 2, 3.)

2. Beacon Point Capital, LLC ("Beacon") is an Illinois limited liability company with a principal place of business located at 800 Hart Road, Suite 109, Barrington, Illinois 60010. (Ans. at ¶4.)

3. This Court has subject-matter jurisdiction pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 101, *et seq*. (Com., Ans. at ¶8.)

4. This Court has personal jurisdiction over Beacon which conducts business in and from Barrington, Illinois. (Com., Ans. at ¶10.)

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 139(b) and (c), because Beacon is subject to personal jurisdiction in this judicial district, and further because a substantial part of the events and activities giving rise to Feit's claims occurred in this judicial district. (Com., Ans. at ¶11.)

**Material Facts**

6. The patents-in-suit, U.S. Patent Nos. 5,757,140 (the "'140 Patent") and 6,172,464 (the "'464 Patent"), name Ole Nilssen ("Nilssen") as inventor. (The '140 Patent and the '464 Patent are attached to the Complaint as Exhibits A and B, respectively.)

7. Upon Ole Nilssen's death in October 2012, ownership of the patents-in-suit passed from Nilssen to his estate and then to Mr. Nilssen's wife, Ellen Nilssen. (Patent Assignment Title Abstracts, Exhibits A and B, attached.)

8. Mrs. Nilssen then assigned the patents-in-suit to Beacon Point Capital, LLC. (Exs. A and B at 7.)

9. Beacon is owned and controlled by Nilssen's daughter and son-in-law. (Ans. at ¶7).

10. This case was commenced in response to Beacon asserting that products sold by Feit infringe the patents-in-suit. (Com., Ans. at ¶7.)

11. Nilssen engaged in ongoing and pervasive inequitable conduct that rendered sixteen of his CFL patents unenforceable after full and final adjudication. *(Nilssen, et al. v.*

*Osram Sylvania Inc.*, 440 F.Supp.2d 884 (N.D. Ill. 2006) ("*Osram I"); (aff'd* 504 F.3d 1223) (Fed. Cir. 2007) ("*Osram II*"), cert. denied 554 U.S. 903 (U.S. 2008); *Nilssen v. Wal-Mart Stores, Inc.*, No. 04 C 5363, Order on Summary Judgment, Dkt. No. 192 (N.D. Ill. March 17, 2008) ("*Wal-Mart*") (copy attached hereto as Exhibit C) (*aff'd*, *per curiam*, No. 2009-1495, Fed Cir. 2010) (*aff'd*, *per curiam*, No. 2010-1139, Fed. Cir. 2011), cert. denied, 132 S.Ct. 1915 (U.S. 2012)).

12. In the *Osram I* case, Judge Darrah found the following Nilssen's CFL patents to be unenforceable, each on multiple grounds of inequitable conduct:

| | | |
|---|---|---|
| U.S. Patent No. 4,857,806 | U.S. Patent No. 5,416,386 | U.S. Patent No. 5,510,681 |
| U.S. Patent No. 5,164,637 | U.S. Patent No. 5,432,409 | U.S. Patent No. 4,677,345 |
| U.S. Patent No. 5,233,270 | U.S. Patent No. 5,479,074 | U.S. Patent No. 5,047,690 |
| U.S. Patent No. 5,343,123 | U.S. Patent No. 5,481,160 | U.S. Patent No. 5,341,067 |
| U.S. Patent No. 5,402,043 | U.S. Patent No. 5,510,680 | U.S. Patent No. 5,189,342 |

(*See*, *Osram I.*)

13. The Federal Circuit affirmed the unenforceability findings in the *Osram* case. *Nilssen v. Osram Sylvania, Inc.*, 504 F.3d 1223 (Fed. Cir. 2007). The United States Supreme Court denied Nilssen's petition for certiorari to appeal the Federal Circuit's decision. (*Osram II*, 554 U.S. 903 (U.S. 2008).)

14. In the *Wal-Mart* case, which is also final and not subject to appeal, Judge Gettleman found two more of Nilssen's CFL patents to be unenforceable, including one of the patents at issue in this case (noted below in bold), each on multiple grounds of inequitable conduct and relying upon collateral estoppel from the Osram case:

U.S. Patent No. 5,341,067
**U.S. Patent No. 6,172,464**

(Ex. C.)

15. Nilssen also stipulated to summary judgment of unenforceability in that case, and Judge Gettleman entered judgment accordingly, on the following of Nilssen's CFL patents:

| | | |
|---|---|---|
| U.S. Patent No. 4,857,806 | U.S. Patent No. 5,343,123 | U.S. Patent No. 5,510,681 |
| U.S. Patent No. 5,233,270 | U.S. Patent No. 5,510,680 | |

(Ex. C.)

16. The '464 Patent is unenforceable for inequitable conduct. (Ex. C at 6.)

17. Three different Judges of this Court – Judge Darrah, Judge Gettleman and Judge Norgle – also found that Nilssen's conduct was so egregious that they each found the cases before them exceptional under 35 U.S.C. § 285 and ordered Nilssen to pay the attorneys' fees incurred by the defendants. (*Osram I* at Dkt. No. 235 (copy attached hereto as Exhibit D), *Wal-Mart* at Dkt. No. 243 (copy attached hereto as Exhibit E), and *Nilssen v. General Elec. Co.*, No. 06 C 4155, 2011 WL 633414 (N.D. Ill. Feb. 11, 2011) (copy attached hereto as Exhibit F).)

18. In Judge Norgle's decision finding Nilssen's case against GE to be "exceptional" pursuant to 35 U.S.C. § 285 and awarding attorneys' fees to GE, Judge Norgle stated that:

> What made Nilssen's conduct so distinctive, however, is that although he considered himself an expert in the field of patent procedures and prosecutions Nilssen continued to engage in this inequitable conduct over a significant period of time.

(Ex. F at 2.)

19. Judge Darrah's decision in *Osram I*, issued after a bench trial on the issue of inequitable conduct, sets forth Nilssen's misconduct in detail, including his: (1) submission of false declarations and corresponding failure to properly pay more than $200,000 in patent maintenance fees to the Patent Office; (2) improper and false claims of priority dates in oaths to avoid prior art; (3) failure to disclose the *Motorola* litigation (which involved related patents) to the Patent Office; and (4) failure to disclose material prior art to the Patent Office. (*Osram I*)

20. Judge Darrah held that throughout the prosecution of his patents, Nilssen consistently acted with intent to defraud the Patent Office and that Nilssen should neither have received nor be entitled to retain the patent rights he fraudulently obtained. (*Osram I* at 900 *et seq*.)

21. In *Wal-Mart*, Judge Gettleman also expressly agreed with defendants in that case that "Nilssen's intentional payment of small entity fees knowing that he did not qualify for such reduced fees," amounted to inequitable conduct and rendered the '464 Patent unenforceable. (Ex. C at 6.)

22. In *Wal-Mart*, Judge Gettleman found that "there is no question that Nilssen should have disclosed the *Motorola* litigation when prosecuting the '464 Patent" but instead "chose not to reveal the litigation to the PTO". (Ex. C at 7-8.)

23. With respect to Nilssen's failure to disclose the *Motorola* litigation, Judge Gettleman found that:

> There is no question that the subject matter of the '464 Patent was involved in the Motorola litigation while Nilssen prosecuted the patent. Nilssen certainly knew about the Motorola case, because he brought it. He knew the subject matters were related and chose not to reveal the litigation to the PTO. This failure also compels summary judgment of unenforceability in favor of defendants.

(Ex. C at p. 7.)

24. The '140 Patent claims a priority date of March 20, 1978. (Ex. A to Complaint).

25. The earliest applications that the '140 Patent relies upon for priority do not claim priority dates any earlier than August 14, 1980. (*See, Osram I* at 895, '140 Patent Application, p. 1, Ex. G at 1.)

26. The '140 Patent is a child of Application No. 06/787,692 (the "'692 Application"). (Ex. G. at 1, Ex. A to Complaint.)

27. The ’692 Application claims a priority date of August 14, 1980. (*Osram I* at 895, 908.)

28. In *Osram I*, Judge Darrah considered this same priority claim made by Nilssen in the ‘140 Patent in connection with U.S. Patent Nos. 5,164,637, 5,510,680, and 5,510,681 (the “‘637, ‘680, and ‘681 patents,” respectively), which like the ‘140 Patent in this case, were all children of the ’692 Application and found them to be unenforceable for inequitable conduct. (*Osram I* at 895, 905 *et seq.*)

29. As found by Judge Darrah, Nilssen submitted an oath intentionally claiming the March 1978 false priority date. (*Osram I* at 909.)

30. Judge Darrah also found “that Nilssen intentionally misclaimed priority in the patents to claim an earlier effective date” and that “[t]hese false claims of priority dates were highly material because they allowed Nilssen to potentially avoid prior art and obtain patent claims to which he would not otherwise be entitled.” (*Osram I*, at 908.)

31. Judge Darrah found compelling evidence of Nilssen’s intent:

> This Advance letter demonstrates that Nilssen intentionally misclaimed priority in these ’637, ’680, and ’681 Patents to claim an earlier effective date to assure that Advance could not cancel its License Agreement. Nilssen’s testimony to the contrary was not credible.

(*Osram I* at 909.)

32. As held by both Judge Darrah and confirmed by the Federal Circuit in *Osram I* and *II*, the March 20, 1978 priority claim is false. In particular, Judge Darrah found that:

> Nilssen’s claim of priority to the effective filing date of March 20, 1978, in the ‘637, ‘680, and ‘681 Patents is, therefore, incorrect because the respective patent applications filed between 1980 and 1990 do not claim priority to or cross reference any patents or patent applications earlier than Nilssen’s U.S. Patent Application No. 06/178,107, filed August 14, 1980.

(*Osram I* at 895.)

33. As further explained by the Federal Circuit:

> Nilssen recited in his various patent applications paternity from earlier applications, the obvious purpose of which is to be able to assert a claim for priority over intervening publications or other patent-defeating occurrences if needed. The district court found, and appellants are not contesting, that the recitation of application histories did not comply with the applicable 35 U.S.C. § 120 requirements, and certain applications were thus not entitled to earlier priority dates.

(*Osram II* at 503.)

34. Nilssen made the priority claim in the application that led to the ’140 Patent under oath. (Nilssen Oath from ’140 Patent Prosecution History, Ex. H.)

35. The priority claim made by Nilssen in the application that led to the ‘140 Patent is the same priority claim that was found to constitute inequitable conduct by Judge Darrah. (Ex. G at 1 and *Osram I*.)

DATED: November 19, 2014

Respectfully submitted,

*/s/ Gary W. Smith*

Gary W. Smith
POSTERNAK BLANKSTEIN & LUND LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
(617) 973-6100
(*pro hac vice* pending)

Attorneys for Plaintiff
Feit Electric Co., Inc.

## CERTIFICATE OF SERVICE

I, Gary W. Smith, do hereby certify that on this 19th day of November, 2014, I served a copy of the Notice of Plaintiff Feit Electric Co., Inc.'s Motion for Summary Judgment and To Set a Briefing Schedule via ECF notice upon:

Frederick E. Roth
Roth Law Firm
33 North Dearborn St., Suite 2350
Chicago, IL 60602

Kalpesh K. Shah
Edwards Wildman Palmer LLP
225 W. Wacker Drive, Suite 3000
Chicago, IL 60606

*/s/ Gary W. Smith*
Gary W. Smith

**AFFIDAVIT OF COUNSEL IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I, Gary W. Smith, do hereby depose and say as follows:

1. I am a member of the Bar of the Commonwealth of Massachusetts in good standing and am one of the counsel representing plaintiff Feit Electric Co., Inc. in this case.

2. Attached hereto are true and correct copies of each of the following:

| | |
|---|---|
| Exhibit A | Patent Assignment Title Abstract Pat. No. 5,757,140 |
| Exhibit B | Patent Assignment Title Abstract Pat. No. 6, 172,464 |
| Exhibit C | *Nilssen v. Wal-Mart Stores, Inc.*, Order on Summary Judgment |
| Exhibit D | *Nilssen, et al. v. Osram Sylvania Inc.*, Opinion and Order Awarding Attorneys' Fees |
| Exhibit E | *Nilssen, et al. v. Wal-Mart Stores, Inc.*, Opinion and Order Awarding Attorneys' Fees |
| Exhibit F | *Nilssen, et al. v. General Electric Co., et al.*, Opinion and Order Awarding Attorneys' Fees |
| Exhibit G | Patent No. 5,757,140, Patent Application (portions, without drawings)* |
| Exhibit H | Patent No. 5,757,140, Nilssen Oath from Patent Application |

SIGNED under the pains and penalties of perjury this 19th day of November, 2014.

*/s/ Gary W. Smith*
Gary W. Smith

*Writings on the patent application are from the Patent Office.