| | | |
|---|---|---|
| FEIT ELECTRIC COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | Case No. 13-cv-09339 |
| | ) | |
| BEACON POINT CAPITAL, LLC, | ) | Judge Sharon Johnson Coleman |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Feit Electric Company, Inc. ("Feit") filed a five-count declaratory judgment complaint, seeking *inter alia* to have defendant Beacon Point Capital, LLC, ("Beacon") collaterally estopped from asserting infringement of U.S. Patent Nos. 5,757,140 (the '140 patent) and 6,172,464 (the '464 patent), or, alternatively, to have the patents declared unenforceable for inequitable conduct. Beacon moves to dismiss [14] Count I in part, Count II in part, and Count V entirely, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons stated herein, the Court grants in part and denies in part Beacon's motion.

**Background**

Plaintiff, Feit Electric Company, Inc., sells, among other things, self-ballasted screw-in compact fluorescent lamps ("CFLs"). Defendant, Beacon Point Capital, LLC, is the owner of a portfolio of patents formerly owned by the inventor of those patents, Ole K. Nilssen. Beacon is a limited liability company co-managed by Mr. Nilssen's daughter and son-in-law (Linda and Kenneth Sutton). The Nilssen CFL patents have been the subject of several cases: *Nilssen, et al. v. Osram Sylvania, Inc.,* 440 F.Supp.2d 884 (N.D.Ill. 2006), *aff'd* 504 F.3d 1223 (Fed. Cir. 2007); *Nilssen v. Wal-Mart Stores, Inc.,* No. 04 C 5363, 2008 WL 5087967, at *2, 2008 U.S. Dist. LEXIS 96543 (N.D. Ill. Nov. 24, 2008); *Nilssen v.*

*General Elec. Co.*, No. 06 C 4155, 2011 WL 633414, 2011 U.S. Dist. LEXIS 13615 (N.D. Ill. Feb. 11, 2011).

Feit alleges in its complaint on information and belief that the estate of Ole K. Nilssen assigned the '140 and '464 patents to Beacon, and Beacon now owns and has all substantial rights under the '140 and '464 patents, including the right to past damages. Feit asserts that the '140 and the '464 patents were part of an extensive and complicated scheme of patent applications that included the patents declared unenforceable for multiple grounds of inequitable conduct in the *Osram* and *Wal-Mart* cases. On or about May 24, 2012, Nilssen and Geo Foundation Ltd. commenced an action against Feit in the United States District Court for the Middle District of Florida, alleging infringement of the '140 patent by CFLs sold by Feit. In that complaint, Nilssen also asserted infringement of U.S. Patent No. 4,857,806 (expired as of August 15, 2006), U.S. Patent No. 5,233,270 (expired September 10, 2008), and U.S. Patent No. 5,341,067 (expired September 10, 2008), all of which were found unenforceable in the *Osram* and *Wal-Mart* cases. Nilssen and Geo Foundation voluntarily dismissed the Florida complaint without prejudice. The '140 patent is set to expire on May 26, 2015, and the '464 patent is set to expire on January 9, 2018.

Feit filed the instant five count complaint seeking a declaration that the patents that were declared unenforceable remain unenforceable, that Beacon is collaterally estopped from asserting the '140 and '464 patents against Feit, that the '140 and '464 patents are unenforceable due to inequitable conduct, and the '140 and '464 patents are uneneforceable based on prosecution laches estoppel. Beacon moves to dismiss in part.

**Legal Standard**

When evaluating a motion to dismiss brought under Rule 12(b)(1) and 12(b)(6), the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 539 (7th Cir. 2012) (citing *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012)). For jurisdictional challenges, the Court may look beyond

the facts in the Complaint to extrinsic material submitted on the issue. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009). On a motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court's review is limited to the allegations in the complaint. In order to survive dismissal, the Complaint must contain sufficient factual material to raise the right to relief above the speculative level.

## Discussion

### 1. Count I - Subject Matter Jurisdiction

Beacon moves to dismiss Count I for lack of subject matter jurisdiction, arguing that the only patents-in-suit are the '140 and the '464 patent, and therefore no case or controversy exists as to the other patents referenced in Count I. "[T]here is no bright line in determining whether declaratory judgment actions satisfy the case or controversy requirement. Rather, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Pac. Sci. Energetic Materials Co. LLC v. Ensign-Bickford Aero. & Def. Co.*, 281 F.R.D. 358, 361 (D. Ariz. 2012) (quoting *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007)). Courts evaluate the existence of jurisdiction on the basis of the facts existing at the time the plaintiff filed the complaint. *GAF Bldg. Materials Corp. v. Elk Corp.*, 90 F.3d 479, 483 (Fed. Cir. 1996). "[W]here a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007).

Here, Feit alleges jurisdiction "with respect to whether Beacon may assert the Nilssen patents, which Feit alleges are unenforceable." (Dkt. 1 at ¶ 9). Feit then limits that statement to Beacon's threats

to sue Feit for infringement of the '140 and the '464 patents. *Id.* Indeed, the opening paragraph of the complaint states: "This is a complaint for a declaratory judgment that Defendant is collaterally estopped from asserting infringement of U.S. Patent Nos. 5,757,140 and 6,172,464 ('the '140 patent' and 'the '464 patent,' respectively) and, in the alternative, a declaratory judgment of unenforceability for inequitable conduct." *Id.* at ¶ 1. It would thus appear that Feit is only seeking relief as to the '140 and the '464 patent. Count I, however, refers to fifteen additional patents that were the subject of litigation in *Nilssen v. Osram Sylvania, Inc.* 440 F.Supp.2d 884 (N.D. Ill. 2006), *aff'd* 504 F.3d 1223 (Fed. Cir. 2007). In *Nilssen, et al. v. Wal-Mart Stores Inc., et al.,* No. 1:04-CV-5363 (N.D. Ill.), the court found unenforceable several of the patents included in the *Osram* litigation as well as the '464 patent at issue here. Therefore, the complaint appears generally to base jurisdiction on the '140 and the '464 patents, seeking relief only as to those patents, but Count I seems more expansive to include all the "Nilssen patents". There is undoubtedly a case or controversy as to the '140 and the '464 patents. Furthermore, a case or controversy is adequately alleged through email correspondence incorporated by reference as to three additional patents: U.S. Patent Nos. 5,166,578; 5,191,262; and 5,446,347. (Dkt. 1 at ¶ 26-28). With respect to the remaining patents, however, the complaint lacks adequate factual enhancement to indicate a substantial controversy with sufficient immediacy to support subject matter jurisdiction. Feit is seeking relief that has effectively already been granted by the *Osram* and the *Wal-Mart* litigation and the finding that the patents named therein are unenforceable. Accordingly, this Court grants without prejudice Beacon's motion to dismiss for lack of jurisdiction as to the patents referenced in Count I except the '140, '464, '578, '262, '347, '806, '270, and the '067 patents.

## 2. Count II – Collateral Estoppel

Beacon moves to dismiss Count II for failure to state a claim for collateral estoppel because the enforceability of the '140 patent was not an issue that was previously litigated. Collateral estoppel protects a party from having to relitigate issues that have been fully and fairly tried in a previous action and adversely resolved against the opposing party. *Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d

4

1333, 1342 (Fed. Cir. 2013). Generally, courts apply regional circuit precedent to a collateral estoppel determination, but apply Federal Circuit precedent to those aspects of such a determination that involve substantive issues of patent law. *Id.* (citing *Aspex Eyewear, Inc. v. Zenni Optical Inc.*, 713 F.3d 1377, 1380 (Fed. Cir. 2013), and *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1341 n.1 (Fed. Cir. 2012)). Federal Circuit precedent does not limit collateral estoppel to patent claims that are identical. "If the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity, collateral estoppel applies." *Ohio Willow Wood Co.,* 735 F.3d at 1342 (citing *Bourns, Inc. v. U.S.*, 537 F.2d 486, 493, 210 Ct. Cl. 642 (Ct. Cl. 1976)).

Here, Feit alleges that "while the '140 patent was not directly at issue in the *Osram* case, collateral estoppel applies and it is unenforceable for the same reasons set forth in the *Wal-Mart* case as to the '464 patent." (Dkt. 1 at ¶ 57). Feit's opposition brief fleshes out this assertion by stating that "due to the similarities between the prosecution histories of the '140 and the '464 patents" collateral estoppel applies with equal force to the '140 patent. (Dkt. 28 at 15). While the Court agrees with Feit's reasoning, without expressing an opinion on the merits of the claim, a plaintiff may not amend a complaint through argument in a brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.,* 631 F.3d 436, 448 (7th Cir. 2011). This Court therefore grants Beacon's motion on this issue without prejudice. The remainder of Beacon's argument regarding whether collateral estoppel can apply despite a change in the law with respect to inequitable conduct, is a legal question ill-suited for resolution in a Rule 12(b)(6) motion that does not reach the merits of a claim.

*3. Count V – Prosecution Laches*

Beacon moves to dismiss Count V for failure to state a claim for prosecution laches because Feit alleges no facts demonstrating any purported prosecution delay was unreasonable or prejudicial. "Prosecution laches is an equitable defense to a charge of patent infringement. The doctrine 'may render a patent unenforceable when it has issued only after an unreasonable and unexplained delay in prosecution' that constitutes an egregious misuse of the statutory patent system under the totality of the

circumstances." *Cancer Research Tech. Ltd. v. Barr Labs., Inc.*, 625 F.3d 724, 728 (Fed. Cir. 2010) (internal citations omitted). "[T]o establish prejudice an accused infringer must show evidence of intervening rights, i.e., that either the accused infringer or others invested in, worked on, or used the claimed technology during the period of delay." *Id.* at 729.

Here, Feit alleges that the '140 and the '464 patents each have over 20 years of prosecution history. (Dkt. 1 at ¶¶ 116, 120). However, there does not appear to be a *per se* point at which an unexplained delay becomes unreasonable. Twenty years of patent prosecution is undoubtedly a long period of time, but without more, this Court finds that Feit has failed to adequately allege unreasonableness of the delay. Furthermore, there are no facts from which this Court may infer that Feit has stated prejudice. This Court dismisses Count V without prejudice.

**Conclusion**

Based on the foregoing, this Court grants in part and denies in part Beacon's Motion to Dismiss [14]. Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given as justice requires. This Court grants Feit leave to amend its Complaint in a manner consistent with this opinion within 21 days. Status hearing set for February 27, 2015, at 9:00 a.m. will stand.

IT IS SO ORDERED.

Date:  February 9, 2015

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge