# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FEIT ELECTRIC COMPANY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 13-cv-09339 |
| | ) |
| BEACON POINT CAPITAL, LLC, | ) Judge Sharon Johnson Coleman |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Feit Electric Company, Inc. ("Feit") filed a six-count First Amended Complaint [49] for declaratory judgment, seeking to have defendant Beacon Point Capital, LLC, ("Beacon") collaterally estopped from asserting infringement of U.S. Patent Nos. 6,172,464 and 5,757,140, or, alternatively, to have the patents declared unenforceable for inequitable conduct. Feit now moves for summary judgment, asserting that Beacon is collaterally estopped from enforcing the patents-in-suit against Feit [36]. For the reasons stated herein, the motion is granted as to the '464 patent and denied as to the '140 patent.

**Background**

The following facts are undisputed.[1] The patents-in-suit, U.S. Patent Nos. 6,172,464 (the "'464") and 5,757,140 (the "'140 Patent"), name Ole Nilssen as inventor. Ownership of the patents-in-suit passed on Nilssen's death to his estate and then to his wife Ellen Nilssen. Ellen Nilssen assigned the patents-in-suit to Beacon Point Capital, LLC. Beacon is owned and controlled by Nilssen's daughter and son-in-law. Feit commenced the instant lawsuit following assertions by

---

[1] Feit did not file a response to Beacon's L.R. 56.1(b)(3)(C) statement of additional facts.

Beacon that Feit sold products covered by the patents-in-suit.

Feit asserts that the '140 patent claims a priority date of March 20, 1978. Beacon contends that the '140 patent does not assert an effective filing date. Beacon admits that the '140 patent identifies a related application having a filing date of March 20, 1978. Beacon admits that the '140 patent issued from application serial number 851,887 (filed March 16, 1992), which is a continuation of application serial number 819,655 (filed January 13, 1992), which is a continuation of application serial number 643,023 (filed January 18, 1991), which is a continuation-in-part of application serial number 787,692 (filed October 15, 1985). (Dkt. 61, Resp. to Feit L.R. 56.1 Statement of Undisputed Material Fact, at ¶26). The '692 application identifies a related application having a filing date of August 14, 1980. Beacon admits that Nilssen would not have been entitled to a Section 120 effective filing date of 1978 due to the failure of certain intermediate applications to recite a relationship to the 1978 application.

The recitation of patent ancestry in the '140 patent states:

"[(1)] The present application is a Continuation of Ser. No. 07/819,655 filed Jan. 13, 1992 now U.S. Pat. No. 5,191,262; [(2)] which is a Continuation of Serial No. 07/643,023 filed Jan. 18, 1991 now abandoned; [(3)] which is a Continuation-in-Part of Ser. No. 06/787,692 filed Oct. 15, 1985 now abandoned; [(4)] which is a Continuation of Ser. No. 06/644,155 filed Aug. 27, 1994, now abandoned; [(5)] which is a Continuation of Ser. No. 06/555,426 filed Nov. 23, 1983, now abandoned; [(6)] which is a Continuation of Ser. No. 06/178,107 filed Aug. 14, 1980, now abandoned; [(7)] which Ser. No. 06/555,426 is also a Continuation-in-Part of Ser. No. 06/330,159 filed Dec. 14, 1981, now U.S. Pat. No. 4,430,628; [(8)] which is a Division of Ser. No. 05/973,741 filed Dec. 28, 1978, now abandoned; [(9)] which is a Continuation-in-Part of Ser. No. 05/890,586 filed Mar. 20, 1978, now U.S. Pat. No. 4,184,128." (Dkt. 62, Beacon L.R. 56.1 Statement of Additional Facts, at ¶5).

The prosecution history of the '140 patent shows that the Patent Examiner verified the accuracy of Nilssen's recitation of patent ancestry. (*Id.* at ¶6). The '140 patent explicitly refers to an August 14, 1980, application as the "progenitor" for the information being claimed. (*Id.* at ¶7).

The '140 patent also refers to U.S. Patent No. 4,677,345 "[f]or a description of pertinent

2

prior art." (*Id.* at ¶8). In its "Description of Prior Art," the U.S. Patent No. 4,677,345 patent states that "[a]s is well known in the art, the main function of an inverter circuit is to convert a direct of DC input voltage into an alternating or AC voltage output. See, for example, my U.S. Pat. No. 4,184,128, issued Jan. 15, 1980…". (*Id.* at ¶9). Patent No. 4,184,128 issued from the same application serial no. 05/890,586, filed on March 20, 1978, is alleged as the basis of Feit's misclaimed priority date argument. (*Id.* at ¶10). Beacon admits that the '140 patent cites as related, the same 1978 application cited in the '637, '680', and '681 patents. (Dkt. 61 at ¶35). Beacon disputes that the '140 patent recites the same chain of related applications as the '637, '680', and '681 patents.

To support its collateral estoppel argument, Feit presents as facts in its Local Rule 56.1(a)(3) Statements of Material Fact portions of judicial opinions in *Nilssen, et al. v. Osram Sylvania, Inc.*, 440 F.Supp.2d 884 (N.D. Ill. 2006) ("*Osram I*"), *aff'd* 504 F.3d 1223 (Fed. Cir. 2007) ("*Osram II*"), cert. denied 554 U.S. 903 (2008); *Nilssen v. Wal-Mart Stores, Inc.*, No. 04 C 5363, Order on Summary Judgment, Dkt. No. 192 (N.D. Ill. March 17, 2008) ("*Wal-Mart*"), *aff'd, per curiam,* No. 2009-1495 (Fed. Cir. 2010), *aff'd, per curiam*, No. 2010-1139 (Fed. Cir. 2011), cert. denied, 132 S.Ct. 1915 (2012). The parties dispute the legal significance and even the accuracy of the quoting of certain portions of the opinions. Rather than deem each paragraph as admitted or disputed, this Court will take judicial notice of the opinions and their content, relevance, and legal consequence. *See Opoka v. INS*, 94 F.3d 392, 394 (7th Cir. 1996) (quoting *Philips Medical Sys. Int'l v. Bruetman*, 982 F.2d 211, 215 n.2 (7th Cir. 1992)); *see also* Fed. R. Evid. 201. These opinions form the basis of Feit's collateral estoppel argument. Beacon admits that the '464 patent was found unenforceable in *Wal-Mart* on grounds of inequitable conduct. (Dkt. 61, at ¶16).

**Legal Standard**

Federal Rule of Civil Procedure 56 states that summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Cartrett,* 477 U.S. 317, 322 (1986). When considering a summary judgment motion, the Court construes the facts and all reasonable inferences in the light most favorable to the non-moving party. *Abdullahi v. City of Madison*, 423 F. 3d 763, 773 (7th Cir. 2005).

**Discussion**

Feit moves for summary judgment, arguing that collateral estoppel bars Beacon from enforcing the patents-in-suit because prior judgments declared them unenforceable based on inequitable conduct by the inventor Ole Nilssen. Beacon contends that *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011), changed the standard used to determine inequitable conduct and, thus, collateral estoppel should not apply.

In Illinois, collateral estoppel precludes relitigation of an issue when: (1) the party against whom the estoppel is asserted was a party to the prior adjudication, (2) the issues which form the basis of the estoppel were actually litigated and decided on the merits in the prior suit, (3) the resolution of the particular issue was necessary to the court's judgment, and (4) those issues are identical to issues raised in the subsequent suit. *Wells v. Coker*, 707 F.3d 756, 761 (7th Cir. 2013). A court may decline to give preclusive effect to a prior judgment if there has been a change in the applicable law between the time of the original decision and the subsequent litigation. *Bingaman v. Dep't of the Treasury*, 127 F.3d 1431, 1437 (Fed. Cir. 1997); *Morgan v. Dep't of Energy*, 424 F.3d 1271, 1274 (Fed. Cir. 2005). The Federal Circuit in *Morgan v. Dep't of Energy* explained the *Bingaman* "change in law" exception to collateral estoppel: "where a party seeks to establish the legal consequences of new facts that are identical to facts previously adjudicated, collateral estoppel will not bar relitigation of the legal consequences of those facts if an intervening change in law has altered the applicable legal test." *Morgan*, 424 F.3d at 1276.

Here, Feit argues that prior decisions in *Nilssen, et al. v. Osram Sylvania Inc.,* 440 F.Supp.2d 884

4

(N.D. Ill. 2006) ("*Osram I*"), *aff'd* 504 F.3d 1223 (Fed. Cir. 2007) ("*Osram II*"), *Nilssen v. Wal-Mart Stores, Inc.,* No. 04 C 5363, Order on Summary Judgment, Dkt. 192 (N.D. Ill. March 17, 2008) ("*Wal-Mart*"), *aff'd per curiam*, No. 2009-1495, Fed. Cir. 2010, *aff'd per curiam*, No. 2010-1139, Fed. Cir. 2011, cert. denied, 132 S.Ct. 1915 (2012), and *Nilssen v. General Elec. Co.,* No. 06 C 4155, 2011 WL 633414 (N.D. Ill. Feb. 11, 2011), where numerous patents, including the '464 patent at issue here were found unenforceable for inequitable conduct, precludes Beacon from enforcing either the '464 patent or the '140 patent. Beacon does not dispute that the prior litigation found the '464 patent unenforceable for inequitable conduct, but argues that the change in law *Bingaman* exception should apply to both patents-in-suit. This Court disagrees with respect to the '464 patent, which meets all the elements of collateral estoppel, but not the *Bingaman* exception. The '464 patent was found unenforceable after complete and final adjudication, and therefore it cannot be revived. To find otherwise would eviscerate the doctrine of collateral estoppel and end the finality of judgments.

The issue as explained in *Morgan* provides some guidance for the '140 patent. There, the Federal Circuit describes a hypothetical scenario where "Morgan had not relied in his second case on the previously adjudicated disclosures, but instead had repeated the same criticisms of the agency a second time, and alleged that the eleven personnel actions were taken in reprisal [of] his repetition of the criticisms." *Morgan*, 424 F.3d at 1275. The court reasoned that, "In that instance, a new determination would be necessary to decide whether the repeated disclosures qualify for protected status. Due to an intervening change in the law governing what constitutes a protected disclosure, collateral estoppel would not prevent relitigation of whether the disclosures are indeed protected." *Id.* This hypothetical from *Morgan* describes a situation similar to the issue here for the '140 patent. This Court therefore finds that collateral estoppel does not bar consideration of the enforceability of the '140 patent because the enforceability of the '140 patent was never previously adjudicated. Instead, Feit is seeking to apply to the '140 patent the findings of inequitable conduct from the prior

litigation to other patents in the same family as the '140 patent. Thus, the *Bingaman* exception, as explained in *Morgan,* applies to the '140 patent, but not the '464 patent.

This Court must then consider whether there is a material question of fact on the issue of inequitable conduct on the '140 patent under the new standard articulated in *Therasense*. In *Therasense* the Federal Circuit enunciated a stricter standard for evaluating when inequitable conduct renders a patent unenforceable. *Therasense*, 649 F.3d at 1290. Under *Therasense*, to prevail on a claim of inequitable conduct, the accused infringer must prove by clear and convincing evidence that the patentee acted with the specific intent to deceive the U.S. Patent and Trademark Office ("PTO"). *Id.* at 1290. Further, intent and materiality are separate requirements, and thus the court must "weigh the evidence of intent to deceive independent of its analysis of materiality." *Id.* To show specific intent to deceive, it is no longer sufficient for an accuser to prove that the applicant "knew of a reference, should have known of its materiality, and decided not to submit it to the PTO[.]" *Id.* "[T]o meet the clear and convincing evidence standard, the specific intent to deceive must be the single most reasonable inference able to be drawn from the evidence." *Id.*

To satisfy the materiality prong, the accused infringer must prove that the inequitable conduct is but-for material. *Id.* at 1291. The court explained that, because inequitable conduct renders an entire patent (or even an entire family of patents) unenforceable, courts should only apply the doctrine where the patentee's misconduct resulted in an unfair benefit of receiving an unwarranted claim. *Id.* at 1292. If the patent would have issued anyway, then the alleged misconduct is not material. *Id.* The court recognized an exception to the but-for materiality requirement in cases of egregious misconduct, and provided the example of the filing of an "unmistakably false" affidavit. *Id.* "*Therasense* in no way modified [*Rohm & Haas Co. v. Crystal Chem. Co.*'s, 722 F.2d 1556, 1572 (Fed. Cir. 1983)] holding that the materiality prong of inequitable conduct is met when an applicant files a false affidavit and fails to cure the misconduct." *Intellect Wireless, Inc. v. HTC Corp.*, 732 F.3d 1339,

6

1344 (Fed. Cir. 2013).

Here, Feit asserts that the patentee Nilssen intentionally claimed a false priority date for the '140 patent. Feit argues that the '140 patent claims a priority date of March 20, 1978, but the earliest patent applications upon which it relies for priority, claim August 14, 1980. Feit relies on *Osram I*, where Judge Darrah considered this issue of false priority in connection with U.S. Patent Nos. 5,164,637, 5,510,680, and 5,510,681, which were all "children" of Patent Application No. 06/787,692. Judge Darrah found them to be unenforceable for inequitable conduct under the standard that preceded *Therasense* because there was clear and convincing evidence of intent to deceive based at least in part on repeated misconduct. *Osram I*, 440 F. Supp. 2d at 908.

Feit argues that Nilssen committed the same misrepresentation of the priority date in the '140 patent. Beacon disputes that Nilssen ever claimed a March 20, 1978, priority date in the '140 patent pursuant to 35 U.S.C. § 120.[2] The application for the '140 patent was a continuation application that recited the following application ancestry:

> [(1)] The present application is a Continuation of Ser. No. 07/819,655 filed Jan. 13, 1992 now U.S. Pat. No. 5,191,262; [(2)] which is a Continuation of Serial No. 07/643,023 filed Jan. 18, 1991 now abandoned; [(3)] which is a Continuation-in-Part of Ser. No. 06/787,692 filed Oc. 15, 1985 now abandoned; [(4)] which is a Continuation of Ser. No. 06/644,155 filed Aug. 27, 1994, now abandoned; [(5)] which is a Continuation of Ser. No. 06/555,426 filed Nov. 23, 1983, now abandoned; [(6)] which is a Continuation of Ser. No. 06/178,107 filed Aug. 14, 1980, now abandoned; [(7)] which Ser. No. 06/555,426 is also a Continuation-in-Part of Ser. No. 06/330,159 filed Dec. 14, 1981, now U.S. Pat. No. 4,430,628; [(8)] which is a Division of Ser. No. 05/973,741 filed Dec. 28, 1978, now abandoned; [(9)] which is a Continuation-in-Part of Ser. No. 05/890,586 filed Mar. 20, 1978, now U.S. Pat. No. 4,184,128.

In *Osram I,* Judge Darrah considered other patents that were the children of U.S. Patent Application No. 06/787,692, which was filed on October 15, 1985, and abandoned September 30, 1991, for claiming a false priority date. As with the '140 patent at issue here, the '637, '680, and '681

---

[2] A patent applicant may claim a priority back from a later application to an earlier application in order to obtain the benefit of the filing date of the earlier application. 35 U.S.C. § 120.

patents evaluated in *Osram I*, claimed lineage from the U.S. Patent Application No. 06/787,692, which claimed to be a continuation of U.S. Patent Application No. 06/644,155, which claimed it was a continuation of U.S. Patent Application No. 06/555,426, which claimed it was a continuation of U.S. Patent Application No. 06/178,107. *Osram I*, 440 F. Supp. 2d at 895. The court in *Osram I* found that U.S. Patent Application No. 06/787,692 and its parent applications do not claim priority to or cross-reference any patents or patent applications earlier than Nilssen's U.S. Patent Application No. 06/178,107, filed August 14, 1980. *Id.* Yet, there as here, the patent-in-suit claims priority to the '128 patent to obtain an effective date of March 20, 1978. *Id.* The court found claims to the '128 patent priority date were incorrect because the respective patent applications filed between 1980 and 1990 do not claim priority to or cross reference any patents or patent applications earlier than Nilssen's U.S. Patent Application No. 06/178,107 filed August 14, 1980. *Id.*

In *Osram I*, the court found that the patent applicant's misrepresentation that he is entitled to the benefit of an earlier filing date satisfied the materiality prong because the effective filing date of each claim of a patent application determines which references are available for prior art. *Id.* at 905. The court found there was intent to deceive based on the series of misrepresentations of priority date and a letter Nilssen sent to a licensee, Advance Transformer Co., which demonstrates Nilssen intentionally misclaimed priority in these patents to claim an earlier effective date to assure that Advance could not cancel its License Agreement. *Id.* at 909.

Feit argues that this Court should find summary judgment in its favor for the same reasons that the court in *Osram I* found inequitable conduct. Beacon argues that Feit has not pointed to any deficiency in the description of ancestry in the '140 patent. Beacon also asserts that the '140 patent and the patents at issue in *Osram I* did not describe the same chain of related patents in their ancestry. Absent curing, a declaration that is unmistakably false alone establishes materiality. *Intellect Wireless, Inc. v. HTC Corp. et al.,* 732 F.3d 1339, 1343 (Fed. Cir. 2013). Yet, Feit has not shown that

8

the declaration in the '140 patent is "unmistakably false." Nor has Feit established that the same deficiencies in the cross-references of the patent ancestry exist in the '140 patent as those described in *Osram I*. This Court finds an issue of fact remains as to the falsity of the declaration and, therefore, the materiality prong of the inequitable conduct analysis is not satisfied as a matter of law.

There also remains an issue of fact with respect to the intent prong. Feit relies on the finding in *Osram I* to show intent. However, the letter referenced in that opinion, which *Osram I* found demonstrated specific intent, is not in evidence here. Feit therefore has not established a connection between the letter and the specific intent to deceive the PTO in the '140 patent. Since the *Osram I* case was decided under the previous test for inequitable conduct it is insufficient by itself to serve as a basis for finding summary judgment in favor of Feit.

**Conclusion**

Based on the foregoing analysis, this Court grants in part and denies in part Feit's Motion for Summary Judgment [36].

IT IS SO ORDERED.

Date: September 30, 2015

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge