# Chapter 200 Types, Cross-Noting, and Status of Application

**201 Types of Applications**
201.01 Sole
201.02 Joint
201.03 Correction of Inventorship in an Application
201.04 Parent Application
201.04(a) Original Application
201.05 Reissue Application
201.06 Division Application
201.06(a) Division-Continuation Program
201.06(b) File Wrapper Continuing Procedure
201.07 Continuation Application
201.08 Continuation-in-Part Application
201.09 Substitute Application
201.10 Refile
201.11 Continuity Between Applications: When Entitled to Filing Date
201.11(a) Filing of Continuation or Continuation-in-part Application During Pendency of International Application Designating the United States
201.12 Assignment Carries Title
201.13 Right of Priority of Foreign Application
201.13(a) Right of Priority Based Upon an Application for an Inventor's Certificate
201.13(b) Right of Priority Based Upon an International Application Filed Under the Patent Cooperation Treaty
201.14 Right of Priority, Formal Requirements
201.14(a) Right of Priority, Time for Filing Papers
201.14(b) Right of Priority, Papers Required
201.14(c) Right of Priority, Practice
201.14(d) Proper Identification of Priority Application
201.15 Right of Priority, Overcoming a Reference
201.16 Using Certificate of Correction to Perfect Claim for Priority under 35 U.S.C. 119
**202 Cross-Noting**
202.01 In Specification
202.02 Notation on File Wrapper of a Divisional, Continuation, Continuation-in-Part, or Substitute Application
202.03 Notation On File Wrapper When Priority Is Claimed for Foreign Application
202.04 In Oath or Declaration
202.05 In Case of Reissues
**203 Status of Applications**
203.01 New
203.02 Rejected
203.03 Amended
203.04 Allowed or in Issue
203.05 Abandoned
203.06 Incomplete
203.07 Abandonment for Failure to Pay Issue Fee
203.08 Status Inquiries
203.08(a) Congressional and Other Official Inquiries

## 201 Types of Applications [R-11]

*37 CFR 1.9 Definitions.*

(a) A national application as used in this chapter means a U.S. national application for patent which was either filed in the Office under 35 U.S.C. 111 or which resulted from an international application after compliance with 35 U.S.C. 371.

(b) An international application as used in this chapter means an international application for patent filed under the Patent Cooperation Treaty prior to entering national processing at the Designated Office stage.

* * * * *

*>National applications (35 U.S.C. 111) vs. National Stage applications (35 U.S.C. 371)*

Treatment of national applications under 35 U.S.C. 111 and national stage applications under 35 U.S.C. 371 are similar but not identical. Note the following examples:

(1) Restriction practice under MPEP § 806+ is applied to national applications under 35 U.S.C. 111 while unity of invention practice under MPEP § 1898.07(c) is applied to national stage applications under 35 U.S.C. 371.

(2) National applications filed under 35 U.S.C. 111 without an executed oath or declaration or filing fee are governed by the notification practice set forth in 37 CFR 1.53(d) while national stage applications filed under 35 U.S.C. 371 without an oath or declaration or national stage fee must be completed within 22 months from the priority date as set forth in 37 CFR 1.494.

National patent applications fall under three broad types: (1) applications for patent under 35 U.S.C. 101 relating to a "new and useful process, machine, manufacture, or composition of matter, etc."; (2) applications for plant patents under 35 U.S.C. 161; and (3) applications for design patents under 35 U.S.C. 171. The first type of patents are sometimes referred to as "utility" patents or "mechanical" patents when being contrasted with plant or design patents. The specialized procedure which pertains to the examination of applications for design and plant patents are treated in detail in Chapters 1500 and 1600, respectively. National applications include original, plant, design, reissue, divisional, and continuation >applications (which may be filed under >37 CFR 1.53, 37 CFR< 1.60, >37 CFR< 1.62), and continuation-in-part applications >(which may be filed under 37 CFR 1.53 or 37 CFR 1.62)<.

## 201.01 Sole

An application wherein the invention is presented as that of a single person is termed a sole application.

## 201.02 Joint

A joint application is one in which the invention is presented as that of two or more persons.

## 201.03 >Correction of Inventorship in an<** Application [R-11]

Correction of inventorship is permitted by amendment under 35 U.S.C. 116.

As the statute, 35 U.S.C. 116, requires that a showing be made that the inventorship error arose without any deceptive intention, the Office policy as set forth in the notice, *Patent and*

Case: 1:13-cv-09339 Document #: 93-2 Filed: 04/06/16 Page 2 of 33 PageID #:2662



*Trademark Office Implementation of 37 CFR 1.56*, dated September 8, 1988, published in the *Official Gazette* on October 11, 1988 at 1095 O.G. 16, waiving inquiry in regard to the practice of fraud on the Patent and Trademark Office or the attempt thereof is not intended to waive inquiry as to any deceptive intention on the part of the actual inventor(s) as set forth in 37 CFR 1.48(a).

*37 CFR 1.48 Correction of inventorship*

>(a)< If the correct inventor or inventors are not named in an application for patent through error without any deceptive intention on the part of the actual inventor or inventors, the application may be amended to name only the actual inventor or inventors. Such amendment must be diligently made and must be accompanied by (>a<*) a petition including a statement of facts verified by the original named inventor or inventors establishing when the error without deceptive intention was discovered and how it occurred; (>b<*) an oath or declaration by each actual inventor or inventors as required by § 1.63; (>c<*) the fee set forth in § 1.17(h); and (>d<*) the written consent of any assignee. >When the application is involved in an interference, the petition shall comply with the requirements of this section and shall be accompanied by a motion under § 1.634.

(b) If the correct inventors are named in the application when filed and the prosecution of the application results in the amendment or cancellation of claims so that less than all of the originally named inventors are the actual inventors of the invention being claimed in the application, an amendment shall be filed deleting the names of the person or persons who are not inventors of the invention being claimed. The amendment must be diligently made and shall be accompanied by:

(1) A petition including a statement identifying each named inventor who is being deleted and acknowledging that the inventor's invention is no longer being claimed in the application, and

(2) The fee set forth in § 1.17(h).

(c) If an application discloses unclaimed subject matter by an inventor or inventors not named in the application, the application may be amended pursuant to paragraph (a) of this section to add claims to the subject matter and name the correct inventors for the application.<

## >37 CFR 1.48(a)<

Under >37 CFR 1.48(a)<*, if the correct inventor or inventors are not named in an application for patent, the application can be amended to name only the actual inventor or inventors so long as the error in the naming of the inventor or inventors occurred without any deceptive intention on the part of the actual inventor or inventors. >37 CFR 1.48 (a)<*, requires that the amendment be diligently made and be accompanied by (1) a petition including a statement of facts verified by the original named inventor or inventors establishing when the error without deceptive intention was discovered and how it occurred; (2) an oath or declaration by each actual inventor or inventors as required by >37 CFR< 1.63; (3) the fee set forth in >37 CFR< 1.17(h); and (4) the written consent of any assignee. Correction will be permitted, if diligently requested, in cases where the person originally named as inventor was in fact not the inventor >or the sole inventor< of the subject matter >being claimed< **. If such error occurred without any deceptive intention on the part of the true inventor, the Office has the authority to substitute the true >inventive entity<* for the erroneously named >inventive entity<. ** Instances where corrections can be made include changes from: a mistaken sole inventor to a different but actual sole inventor, ** a mistakenly identified sole inventor to different, but actual, joint inventors; >a sole inventor to joint inventors to include the original sole inventor, erroneously identified joint inventors to different but actual joint inventors;<** erroneously identified joint inventors to a different, but actual, sole inventor **. In each instance, however, the Office must be assured of the presence of innocent error, without deceptive intention on the part of the true inventor or inventors, before permitting amendment.

The required "statement of the facts verified by all of the original applicants" must include at the least, a recital of the circumstances, including the relevant dates, of (1) the error in naming the actual inventor or inventors and (2) the discovery of the error. >For those situations where the error in inventorship included the execution of an oath or declaration under 37 CFR 1.63 naming an improper inventive entity the verified statements by the original named inventors who had so executed the oath or declaration must explain whether they had reviewed and understood the contents of the specification including the claims as amended by any amendment specifically referred to in the oath or declaration (as set forth in 37 CFR 1.63) and whether they had reviewed the oath or declaration prior to its execution and if so how the error had occurred in view of such reviews.< Without such showing of circumstances, no basis exists for a conclusion that the application had been made in the names of the original sole or joint applicant(s) "through error and without any deceptive intention", and no foundation is supplied for a ruling that the amendment to remove the names of those not inventors or include those to be added as inventors was "diligently made."

On the matter of diligence, attention is directed to the decision of the C.C.P.A in *Van Otteren v. Hafner*, 757 O.G. 1026, 126 USPQ 151 (CCPA 1960). **

>Petitions under 37 CFR 1.48(a) are generally decided by the primary examiner with the following exceptions:

- In national applications filed under 35 U.S.C. 111, 37 CFR 1.53(d) wherein the petition has been filed prior to issuance of the filing receipt in timely response to a Notice to File Missing Parts of Application from Application Division (decided by Special Program Examiners in the Office of the Assistant Commissioner for Patents)
- When the application is involved in an interference, MPEP § 2334 (decided by the Board of Patent Appeals and Interferences)
- In national stage applications filed under 35 U.S.C. 371 (decided by PCT Legal Examiners in the International Services Division)
- When accompanied by a petition under 37 CFR 1.183 requesting waiver of a requirement under 37 CFR 1.48(a), generally the verified statement of facts by an original named inventor (decided by the Petitions Examiner in the Office of the Deputy Assistant Commissioner for Patents)
- Any attempt to effect a second conversion under 37 CFR 1.48(a) (decided by the group director).
- All petitions under 37 CFR 1.48 where a question of deceptive intent has been raised (e.g., submission of an executed dec-

laration under 37 CFR 1.63 where it is known at the time of its execution and/or submission that the inventive entity set forth therein is improper (decided by Special Program Examiners in the Office of the Assistant Commissioner for Patents).

The provisions of 37 CFR 1.312 apply to petitions for correction of inventorship after allowance and before issue. Where the petition is dismissed or is denied, the examiner must determine whether a rejection under 35 U.S.C. 102(f) or (g) is appropriate. If so, the application must be withdrawn from issue and the rejection made.

When a typographical or transliteration error in the spelling of an inventor's name is discovered, a petition under 37 CFR 1.48(a) is not required, nor is a new oath or declaration under 37 CFR 1.63 needed. The Patent and Trademark Office should simply be notified of the error and reference to the notification paper will be made on the previously filed declaration by the Office.

When any correction or change is effected, the file should be sent to the Application Division for revision of its records and the change should be noted on the original oath or declaration by writing in red ink in the left column "See Paper No. __ for inventorship changes".

Where a person is substituted, added or removed as an inventor during the prosecution of an application before the Patent and Trademark Office, problems may occur upon applicant claiming U.S. priority in a foreign filed case. Therefore, examiners should acknowledge any addition or removal of inventors made in accordance with the practice under 37 CFR 1.48 and include Form Paragraph 2.14 in the next communication to applicant or his attorney. (Copy on page 200-6).

The grant or denial of the petition may result in the loss of inventorship overlap between a parent application and a continuing application and the consequent inability to claim benefit in the continuing application of the parent application's filing date under 35 U.S.C. 120. Intervening references must then be considered.

For correction of inventorship in a patent, see 37 CFR 1.324.

In cases when an inventor's name has been changed after the application has been filed, see MPEP § 605.04(c).

### Applications filed under 37 CFR 1.53(b)

Applicants should note that it is Office practice to delay the issuance of the filing receipt (which lists the inventive entity) in applications filed under 37 CFR 1.53(b) when a petition under 37 CFR 1.48(a) has been filed until decision thereof. However, Certification Branch will provide a certified copy of the application as filed with the original named inventive entity prior to the issuance of a decision on the petition by the Special Program Unit, which copy may be sufficient for many foreign filed applications claiming priority of the U.S. application's filing date.

The original named inventors for applications filed under 37 CFR 1.53(b) without an executed oath or declaration are those named when filing the application such as in an accompanying transmittal letter or unexecuted oath or declaration. The application as filed must be executed by the original named inventors submitting a signed oath or declaration under 37 CFR 1.63 or if an error was made in the original naming of the inventors, correction is required by way of petition under 37 CFR 1.48(a). If correction is required, the petition must be filed no later than the maximum period to respond to the "Notice to File Missing Parts of Application, Filing Date Granted" (i.e. two months from the filing date of the application or one month from the mail date of the Notice, both with an additional four months available under 37 CFR 1.136(a) and possibly additional time under 37 CFR 1.136(b). Failure to timely execute the application as originally filed or to timely file the petition will result in abandonment of the application with revival possible only under 37 CFR 1.137(a) upon a showing of unavoidable delay (and not 37 CFR 1.137(b) unintentional abandonment). The petition, although decided by the Special Program Unit, should be mailed to the Special Handling Unit of Application Division to be matched up with the application.

<u>Example</u>

Application filed naming A+B under 37 CFR 1.53(b) without an executed declaration under 37 CFR 1.63. Claims 1 and 2 are present. B has contributed only to claim 2.

B refuses to execute declaration under §1.63.

Cancellation of claim 2 by preliminary amendment, submission of an executed declaration under 37 CFR 1.63 by A only and a petition under 37 CFR 1.48(b) to delete B in response to the "Notice to File Missing Parts of Application" will result in abandonment of the application. The application as filed must be executed. 37 CFR 1.48(b) is only applicable when prosecution (on the merits) results in canceled claims.

A petition under 37 CFR 1.47 on behalf of B or refiling of the application with only claim 1 and naming only A are available remedies.

Declarations under 37 CFR 1.63 by the original named inventors should not be executed or submitted merely to timely complete filing requirements in response to a "Notice to File Missing Parts of Application" where an error in inventorship has been discovered or signed by someone who cannot properly make the averments therein. Additional time to respond to the Notice with an appropriate petition under 37 CFR 1.48(b) to correct inventorship is available under 37 CFR 1.136(a) and possibly under 37 CFR 1.136(b).

Applications that are originally filed under 37 CFR 1.53(b) with "et al" as part of the inventive entity (e.g., Jones et al) have not named all the inventors as is required to obtain a filing date (37 CFR 1.41(a)). A petition under 37 CFR 1.48(a) to change inventorship (e.g., Jones + Smith) is not appropriate. The application as originally filed was incomplete and a notice to that effect will be sent by the Application Division. Applicants may simply respond to that Notice by supplying each inventor's name to obtain a filing date as of the date of receipt by the Patent and Trademark Office of that response or may petition to the Office of the Assistant Commissioner for Patents under 37 CFR 1.183 to waive the requirement of 37 CFR 1.53 and 1.41 that all inventors be named upon filing.

*Verified Statement of Facts*

37 CFR 1.48(a) requires a verified statement of facts from each original named inventor. Verification must be accomplished by an oath (such as by a notary) or a declaration which refers to and incorporates the language of either 37 CFR 1.68 or 28 U.S.C. 1746 (MPEP § 602). Statements from others including a registered United States patent attorney or agent need only be over the attorney's or agent's signature. Any statement from a foreign attorney or agent not registered before the U.S. Patent and Trademark Office must be verified.

Where a similar inventorship error has occurred in more than one application for which correction is requested (e.g., parent and continuation thereof) wherein petitioner seeks to rely on identical verified statements of facts and exhibits, only one original set need be supplied if copies are submitted in all other applications with a reference to the application containing the originals (original oaths or declarations under 37 CFR 1.63 and written consent of assignees along with separate petition fees must be filed in each application).

On very infrequent occasions the requirements of 37 CFR 1.48(a) have been waived upon the filing of a petition and fee under 37 CFR 1.183 (along with the petition and fee under 37 CFR 1.48(a)) to permit the filing of a verified statement of facts by less than all the original named inventors. *In re Cooper*, 230 USPQ 638, 639 (Deputy. Assist. Comr. Pats. 1986). However, such a waiver will not be considered unless the facts of record unequivocally support the correction sought, *In re Hardee*, 223 USPQ 1122, 1123 (Comr. Pats. 1984). As 37 CFR 1.48(a) is intended as a simple procedural remedy and does not represent a substantive determination as to inventorship, issues relating to the inventors' or alleged inventors' actual contributions to conception and reduction to practice are not appropriate for considerations in determining whether the record unequivocally supports the correction sought.

Where the named inventors would have no knowledge of how the error occurred and the nature of the error indicates what the correct inventive entity should have been, such as a clerical error made in the patent attorney's or agent's office in transcribing instructions from a client, waiver under 37 CFR 1.183 would be appropriate if accompanied by a verified statement by the parties with first hand knowledge of how the error occurred and any supporting evidence. A statement from the original named inventors stating that they have no knowledge of how the error occurred and that they agree with the requested correction may also be required.

In those situations where an original named inventor refuses to submit a statement supporting the addition or deletion of another inventor and that original named inventor has assigned his or her entire right or interest to an assignee who has given its consent to the requested correction, waiver would be appropriate upon a showing of such refusal and assignment if the Patent and Trademark Office has issued a filing receipt. Waiver would not be granted if the application had not had a filing receipt issued because all the inventors have not signed an oath or declaration. Where no assignment has been executed by the inventors, or if deletion of the refusing inventor is requested waiver will >not< be granted absent unequivocal support for the correction sought.

Absent waiver where an original named inventor refuses to file a statement, an available remedy is to refile the application naming the correct inventive entity. A petition under 37 CFR 1.48(a) would not then be required in the newly filed application as no correction would be needed. Benefit of the parent application's filing date would be available under 35 U.S.C. 120 provided there is at least one inventor overlap between the two applications. (Note: a sole to sole correction would not obtain benefit under 35 U.S.C. 120.) Where the desired correction is deletion of an inventor the application may be refiled under the provisions of 37 CFR 1.60 and 37 CFR 1.62 as an alternative to filing under 37 CFR 1.53 and 35 U.S.C. 111 where the parent application is a complete application under 37 CFR 1.51(a)(2) including the grant of any petition under 37 CFR 1.47 (usually not the case with initial filings under 37 CFR 1.53(b)). For addition of an inventor the application must be filed under 37 CFR 1.53 and 35 U.S.C. 111.

*Oath or Declaration*

An oath or declaration under 37 CFR 1.63 by each actual inventor must be presented. While each inventor need not execute the same oath or declaration, each oath or declaration executed by an inventor must contain a complete listing of all inventors so as to clearly indicate what each inventor believes to be the appropriate inventive entity.

37 CFR 1.47 is available to meet the above requirement as for example where A, B and C were originally named and D who refuses to cooperate is to be added. The verified statements need be supplied only by A, B and C. In those instances wherein petitions under 37 CFR 1.48(a) and 1.47 have been filed prior to issuance of the filing receipt, the Patent and Trademark Office will first issue a decision on the petition under 37 CFR 1.48(a) so as to determine the appropriate oath or declaration under 37 CFR 1.63 required for the petition under 37 CFR 1.47.

The oath or declaration submitted subsequent to the filing date of an application filed under 37 CFR 1.53(b) must clearly identify the previously filed specification it is intended to execute, see MPEP § 601.01. Where a specification is attached to the oath or declaration the oath or declaration must be accompanied by a statement that the attached specification is a copy of the specification and any amendments thereto which were filed in the Office in order to obtain a filing date for the application. Such statement must be a verified statement if made by a person not registered to practice before the Office.

*Fee*

Where waiver under 37 CFR 1.183 is requested in relation to a requirement under 37 CFR 1.48(a) petition fees under both 37 CFR 1.48(a) and 1.183 are required.

Where a similar error has occurred in more than one application a separate petition fee must be submitted in each application in which correction is requested.

If the petition fee has not been submitted or authorized the petition will be dismissed and a rejection under 35 U.S.C. 102(f) or (g) considered.

*Written Consent of Assignee*

The written consent of every existing assignee must be submitted. 37 CFR 1.48(a) does not limit assignees to those who are recorded in the Patent and Trademark Office records. The Office employee deciding the petition should check the file record for any indication of the existence of an assignee (e.g., a small entity statement from an assignee.)

Where no assignee exists petitioner should affirmatively state that fact. If the file record including the petition is silent as to the existence of an assignee it will be presumed that no assignee exists. Such presumption should be set forth in the decision to alert petitioners to the requirement.

The title of the party signing on behalf of a corporate assignee and the authority to do so should be set forth in the written consent.

*Continuing Applications*

On filing a continuing application under 37 CFR 1.60 or 1.62, it should not be assumed that an error in inventorship made in a parent application was in fact corrected therein in response to a petition under 37 CFR 1.48(a) unless a decision from the Patent and Trademark Office to that effect was received by petitioner. For example, a petition to add an inventor to a parent application that was not acted on (e.g., filed after final rejection) or was denied will cause the filing of a 37 CFR 1.60 or 1.62 application to be improper if an additional inventor is named. A continuing application naming the additional inventor can be filed under 37 CFR 1.53 and 35 U.S.C. 111 with a request for priority under 35 U.S.C. 120 without the need for a decision on the petition.

Should an error in inventorship in a parent application be discovered when preparing to file a continuing application, the continuing application may be filed with the correct inventive entity without the need for a petition under 37 CFR 1.48(a) in the parent or continuing application provided the parent application is to be abandoned on filing the continuing application. The continuing application must be diligently filed either under 35 U.S.C. 111 or under 37 CFR 1.60 or 1.62 where inventors are not to be added and where the parent application is a complete application under 37 CFR 1.51(a) and any petition under 37 CFR 1.47 has been granted. The continuing application may be filed under 37 CFR 1.60 and 1.62 where inventors are to be added provided a petition under 37 CFR 1.48(a) is submitted in the continuing application on the day the application is filed (later submission of the petition will cause an improper filing) and when the parent application is a complete application under 37 CFR 1.51(a).. However, since a new oath or declaration would be required, it is preferred to file a newly executed continuing application under 37 CFR 1.53 with the correct inventors. In such a case, no petition under 37 CFR 1.48 would be required in the continuing application.

An inventorship error discovered while prosecuting a continuing application that occurred in both an abandoned parent application and the continuing application can be corrected in both applications by filing a single petition in the continuing application (e.g., A + B named in parent, B + C named in continuing application, actual inventorship is C + D thereby eliminating inventorship overlap and resulting loss of priority claim under 35 U.S.C. 120 if error is not corrected in abandoned parent application as well as in continuation application).

*¶ 2.13 Correction of Inventorship under 37 CFR 1.48(a), Insufficient*

The petition to correct the inventorship of this application under 37 CFR 1.48(a) is deficient because [1]

**Examiner Note:**

1.This paragraph should only be used in response to requests to correct an error in the naming of the proper inventors. If the request is merely to delete an inventor because claims were canceled or amended such that the deleted inventor is no longer an actual inventor of any claim in the application, use paragraph 2.13.1 instead of this paragraph.

2. A primary examiner may not decide the petition if:

(a) the petition is also accompanied by a petition under 37 CFR 1.183 requesting waiver of one of the requirements explicitly set forth in 37 CFR 1.48(a) (typically a refusal of one of the original named inventors to execute the required statement of facts) - the petition for correction of inventorship and request for waiver of the rules should be forwarded to the Supervisory Petitions Examiner in the Office of the Deputy Assistant Commissioner for Patents; or

(b) it represents an attempt to effect a second conversion under 37 CFR 1.48(a) - the second attempt must be returned to the group director

3. Insert one or more of the following reasons in the bracket:

"the statement of facts by the originally named inventor or inventors is insufficient." (explanation required, e.g., the statement of facts fails to explain how the inventorship error occurred in view of the review of the specification including the claims and understanding thereof by the original named inventors when executing the oath or declaration under 37 CFR 1.63, which is set forth therein);

"an oath or declaration by each actual inventor or inventors has not been submitted";

"it lacks the required fee under 37 CFR 1.17(h)";

"it lacks the written consent of any assignee";

"the amendment has not been diligently filed" (explanation required).

*¶ 2.13.1 Correction of Inventorship under 37 CFR 1.48(b), Insufficient*

The petition requesting the deletion of an inventor in this application under 37 CFR 1.48(b) is deficient because [1]

**Examiner Note:**

1.This paragraph should only be used when the inventorship was previously correct but an inventor is being deleted because claims have been amended or canceled such that he or she is no longer an inventor of any remaining claim in the application. If the inventorship is being corrected because of an error in naming the correct inventors, use paragraph 2.13 instead of this paragraph.

Potential rejections

- A rejection under 35 U.S.C. 102(f) or (g) must be considered if the petition is denied.

- The grant or denial of the petition may result in the loss of inventorship overlap between a parent application and a continuing application and an inability to claim benefit in the continuing application of the parent applications filing date under 35 U.S.C. 120. Intervening references must then be considered.

2. Insert one or more of the following reasons in the bracket:
"the petition has not been diligently filed" (explanation required).;
"the petition lacks the statement required under 37 CFR 1.48(b)(1)";
"it lacks the required fee under 37 CFR 1.17(h)".

*¶ 2.13.2 Correction of Inventorship under 37 CFR 1.48(c), Insufficient*

The petition to correct the inventorship in this application under 37 CFR 1.48(c) requesting addition of an inventor(s) is deficient because [1]

**Examiner Note:**
See paragraph 2.13

*¶ 2.14 Correction of Inventorship Sufficient*
In view of the papers filed [1], it has been found that this application, as filed, through error and without any deceptive intent, improperly set forth the inventorship, and accordingly, this application has been corrected in compliance with 37 CFR 1.48. The inventorship of this application has been changed by [2].

**Examiner Note:**
In bracket 2, insert explanation of correction made, including addition or deletion of appropriate names.

For correction of inventorship in a patent, see 37 CFR 1.324.

**37 CFR 1.48(b)**

37 CFR 1.48(b) provides for deleting the names of persons originally properly included as inventors, but whose invention is no longer being claimed in the application. Such a situation would arise where claims have been amended or deleted because they are unpatentable or as a result of a requirement for restriction of the application to one invention, or for other reasons. A petition under 37 CFR 1.48(b) to delete an inventor would be appropriate prior to an action by the examining group where it is decided not to pursue particular aspects of an invention attributable to some of the original named inventors. However, a petition under 37 CFR 1.48(b) is not an available means to avoid execution of the application as originally filed under 37 CFR 1.53(b) situations. Public Law 98-622 and 37 CFR 1.48(b) change the result reached in *Ex parte Lyon*, 146 USPQ 222, 1965 C. D. 362 (Bd. App. 1964). 37 CFR 1.48(b) requires only a petition and fee with the petition including a statement identifying each named inventor who is being deleted and acknowledging that the inventor's invention is no longer being claimed in the application. The amendment would have to be diligently made under 37 CFR 1.48(b). The statement may be signed by applicant's registered attorney or agent who then takes full responsibility for ensuring that the inventor is not being improperly deleted from the application.

**37 CFR 1.48(c)**

37 CFR 1.48(c) provides for the situation where an application discloses unclaimed subject matter by an inventor or inventors not named in the application as filed. In such a situation, the application may be amended pursuant to 37 CFR 1.48(a) to add claims to the subject matter and also to name the correct inventors for the application. The claims would be added by an amendment and, in addition, an amendment pursuant to 37 CFR 1.48(a) would be required to correct the inventors named in the application. Any claims added to the application must be supported by the disclosure as filed and cannot add new matter.<

## 201.04 Parent Application

The term "parent" is applied to an earlier application of an inventor disclosing a given invention. Such invention may or may not be claimed in the first application. Benefit of the filing date of copending parent application may be claimed under 35 U.S.C. 120.

## 201.04(a) Original Application

"Original" is used in the patent statute and rules to refer to an application which is not a reissue application. An original application may be a "first" filing or a continuing application.

## 201.05 Reissue Application

A reissue application is an application for a patent to take the place of an unexpired patent that is defective in some one or more particulars. A detailed treatment of reissues will be found in chapter 1400.

## 201.06 Division Application [R-11]

A later application for a distinct or independent invention, carved out of a pending application and disclosing and claiming only subject matter disclosed in the earlier or parent application, is known as a divisional application or "division". >It may be filed pursuant to 37 CFR 1.53, 1.60 or 1.62.< Both must >have at least one common<** applicant. ** The divisional application should set forth only that portion of the earlier disclosure which is germane to the invention as claimed in the divisional application.

In the interest of expediting the processing of newly filed divisional applications, filed as a result of a restriction requirement, applicants are requested to include the appropriate Patent and Trademark Office classification of the divisional application and the status and location of the parent application, on the papers submitted. The appropriate classification for the divisional application may be found in the Office communication of the parent case wherein the requirement was made. It is suggested that this classification designation be placed in the upper right hand corner of the letter of transmittal accompanying these divisional applications.

Use Form Paragraph 2.01 to remind applicant of possible division status.

*¶ 2.01 Definition of division*

This application appears to be a division of application Serial No. [1] filed [2]. A later application for a distinct or independent invention, carved out of a pending application and disclosing and claiming only subject matter disclosed in the earlier or parent application, is known as a divisional application or "division". The divisional application should set forth only that portion of the earlier disclosure which is germane to the invention as claimed in the divisional application.

**Examiner Note:**

[1] In bracket 1, insert the serial No. of parent application.

[2] In bracket 2, insert the filing date of parent application.

A design application >may<** be considered to be a division of a utility application, and is * entitled to the filing date thereof >if<** the drawings of the earlier filed utility application show the same article as that in the design application >sufficiently to comply with 35 U.S.C. 112, first paragraph. However, such a divisional design application may only be filed under the procedure set forth in 37 CFR 1.53, not under 37 CFR 1.60 or 1.62. See MPEP § 1504.20.<.**

While a divisional application may depart from the phraseology used in the parent case there may be no departure therefrom in substance or variation in the disclosure that would amount to "new matter" if introduced by amendment into the parent case. Compare >MPEP< §§ 201.08 and 201.11.

** For notation to be put on the file wrapper by the examiner in the case of a divisional application see >MPEP< § 202.02.

## 201.06(a) Division-Continuation Program [R-11]

*37 CFR 1.60. Continuation or divisional application for invention disclosed in a prior application*

>(a)< A continuation or divisional application (filed under the conditions specified in 35 U.S.C. 120 or 121 >and § 1.78(a)<), >naming as inventors the same or less than all the inventors named in the prior application and< which discloses and claims only subject matter disclosed in a prior application may be filed as a separate application before the patenting or abandonment of or termination of proceedings on the prior application.

>(b) An applicant may omit signing of the oath or declaration in a continuation or divisional application if (1) the prior application was a complete application as set forth in in § 1.51(a), (2) applicant files a true copy of the prior complete application as filed including the specification (including claims), drawings, oath or declaration showing the signature or an indication it was signed, and any amendments referred to in the oath or declaration filed to complete the prior application, and (3) the inventors named in the continuation or divisional application are the same or less than all the inventors named in the prior application. The copy of the prior application must be< accompanied by a statement ** that the application papers >filed are<* a true copy of the prior application >and that no amendments referred to in the oath or declaration filed to complete the prior application introduced new matter therein<. Such statement must be >by the applicant or applicant's attorney or agent and must be< a verified statement if made by a person not registered to practice before the Patent and Trademark Office. Only amendments reducing the number of claims or adding a reference to the prior application (§ 1.78(a)) will be entered before calculating the filing fee and granting of the filing date. >If the continuation or divisional application is filed by less than all the inventors named in the prior application a statement must accompany the application when filed requesting deletion of the names of the person or persons who are not inventors of the invention being claimed in the continuation or divisional application.<

### >37 CFR<* 1.60 PRACTICE

The >37 CFR< 1.60 practice was developed to provide a procedure for filing a continuation or divisional application where hardships existed in obtaining the signature of the inventor on such an application during the pendency of the prior application. It is suggested that the use of the >37 CFR< 1.60 practice be limited to such instances in view of the additional work required by the Office to enter preliminary amendments. >If no hardship exists in obtaining the signature of the inventor, the application should be filed under 37 CFR 1.53, not under 37 CFR 1.60. It is pointed out that a continuation or divisional application may be filed under 37 CFR 1.53, 1.60 or 1.62.<

>37 CFR<* 1.60 practice permits persons having authority to prosecute a prior copending application to file a continuation or divisional application without requiring the inventor to again execute an oath or declaration under 35 U.S.C. 115, if the continuation or divisional application is an exact copy of the prior application as executed and filed. It is not necessary to file a new oath or declaration which includes a reference to the non-filing of an application for an inventor's certificate in >37 CFR< 1.60 applications filed after May 1, 1975. Likewise, it is not necessary to have the inventor sign a new oath or declaration merely to include a reference to the duty of disclosure if the parent application was filed prior to January 1, 1978 or to indicate that the inventor has reviewed and understands the contents of the application if the parent application was filed prior to October 1, 1983. Where the immediate prior application was not signed (for example, where it was filed under the former >37 CFR< 1.147 or current >37 CFR< 1.60 or >37 CFR< 1.62 practice), a copy of the most recent application having a signed oath or declaration in the chain of copending prior applications under 35 U.S.C. 120 must be used.

The basic concept of >37 CFR< 1.60 practice is that since the inventor has already made the affirmation required by 35 U.S.C. 115, it is not necessary to make another affirmation in a later application that discloses and claims only the same subject matter. It is for this reason that a >37 CFR< 1.60 application must be an exact duplicate of an earlier application executed by the inventor. It is permissible to retype pages to provide clean copies.

### *>37 CFR<* 1.60 APPLICATION CONTENT*

As mentioned previously, a >37 CFR< 1.60 application must consist of a copy of an executed application as filed (specification, claims, drawings and oath or declaration). The use of transmittal form 3.54 is urged since it acts as a checklist for both applicant and the Office. >If an application is filed under 37 CFR 1.60, all requirements of that rule must be met.<

Case: 1:13-cv-09339 Document #: 93-2 Filed: 04/06/16 Page 8 of 33 PageID #:2668


Although a copy of all original claims in the prior application must appear in the >37 CFR< 1.60 application, some of the claims may be canceled by request in the >37 CFR< 1.60 application in order to reduce the filing fee >,however, one original must remain at the time of granting the filing date< (see form 3.54, item >6<*). Any preliminary amendment presenting additional claims (claims not in the prior application as filed) should accompany the request for filing an application under >37 CFR< 1.60, but such an amendment will not be entered until after the filing date has been granted. Any claims added by amendment should be numbered consecutively beginning with the number next following the highest numbered original claim in the prior executed application. Amendments made in the prior application do not carry over into the >37 CFR< 1.60 application. Any preliminary amendment should accompany the >37 CFR< 1.60 application and be directed to "the accompanying >37 CFR< 1.60 application" and not to the prior application.

All application copies must comply with 37 CFR 1.52 and must be on paper which permits entry of amendments thereon in ink.

>A copy<* of the application must be prepared and submitted by the applicant, or his >or her< attorney or agent, and >include a statement that it is a true copy<**. The copy of the oath or declaration need not show a copy of the inventor's or notary's signature provided that all other data is shown and an indication is made >on the oath or declaration< that the oath or declaration has been signed. >For example, if the inventor's or notary's signature is not shown on the copy of the oath or declaration, the notation "/s/" may be added to the copy of the oath or declaration on the line provided for the signature to indicate that the original oath or declaration was signed.<

In order to obtain a filing date under >37 CFR< 1.60 a copy of all pages of the application, including description, claims, any drawings and oath or declaration, are required to be submitted. If all pages are not submitted, remedy is by way of petition under >37 CFR< 1.183 and payment of the fee under >37 CFR< 1.17(h).

Claims for priority rights under 35 U.S.C. 119 must be made in >37 CFR< 1.60 applications if it is desired to have the foreign priority data appear on the issued patent. *In re Van Esdonk*, 187 USPQ 671 (Comm'r Pat. 1975). Reference should be made to certified copies filed in a prior application if reliance thereon is made.

If the claims presented by amendment in a >37 CFR< 1.60 application are directed to matter shown and described in the prior application but not substantially embraced in the statement of invention or claims originally presented, the applicant should file a supplemental oath or declaration under >37 CFR< 1.67 as promptly as possible.

In view of the fact that >37 CFR< 1.60 applications are limited to continuations and divisions, no new matter may be introduced in a >37 CFR< 1.60 application. 35 U.S.C. 132.

A statement to the effect that the ** submitted copy >is believed< to be a true copy of the prior application as filed to the best of his or her information and belief is a sufficient *, if an explanation is made as to why the statement must be based only on belief.

If the inventorship shown on the original oath or declaration has been changed and approved during the prosecution of the prior application, the >37 CFR< 1.60 application papers must indicate such a change has been made >by providing a copy of the petition for correction of inventorship under 37 CFR 1.48.< and approved in order that the changed inventorship may be indicated in the >37 CFR< 1.60 application. The>37 CFR< 1.60 application papers should also include any additions or changes in an inventor's citizenship, residence or post office address made and approved in the prior application.

If small entity status has been established in a parent application, it is not necessary to again file a verified statement under >37 CFR< 1.27 if the small entity status is desired in a >37 CFR< 1.60 application. The >37 CFR< 1.60 application must however include a reference to the verified statement in the parent application if the small entity, status is still proper and desired (37 CFR 1.28(a)).

>If the parent application was filed by other than the inventor under 37 CFR 1.47, a copy of the petition under 37 CFR 1.47 must also be filed.<

## FORMAL DRAWINGS REQUIRED

Formal drawings are required in >37 CFR< 1.60 applications as in other applications. Transfer of drawings from abandoned applications is permitted. >However, a request to transfer drawings from a prior application does not relieve the applicant from the obligation to file a copy of the drawings originally filed in the prior application.< If informal drawings are filed with the application papers, >the examiner should< use Form Paragraph 2.02 for formal drawing requirement.

*¶ 2.02 37 CFR 1.60 Drawing Requirement*

This application, filed under 37 CFR 1.60, lacks formal drawings. The informal drawings filed in this application are acceptable for examination purposes. When the application is allowed, applicant will be required either to submit new formal drawings or to request transfer of the formal drawings from the abandoned parent application.

Any drawing corrections requested but not made in the prior application should be repeated in the >37 CFR< 1.60 application if such changes are still desired. If the drawings were changed during the prosecution of the prior application, such drawings may be transferred, however, a copy of the drawings as originally filed must be included in the >37 CFR< 1.60 application papers to indicate the original content.

Use Form Paragraph 2.04 for instructions to applicant where drawing corrections have been requested in the parent application.

*¶ 2.04 Correction of Drawings in 37 CFR 1.60 Cases*

The drawings in this application are objected to by the Draftsman as informal. Any drawing corrections requested but not made in the prior application should be repeated in this application if such changes are still desired. If the drawings were changed during the prosecution

of the prior application, such drawings may be transferred. However, a copy of the drawings as originally filed must be included in the 37 CFR 1.60 application papers to indicate the original content.

**Examiner Note:**

Use form paragraphs 6.39 and 6.40 with this paragraph.

## COPIES OF AFFIDAVITS

Affidavits and declarations, such as those under >37 CFR< 1.131 and 1.132 filed during the prosecution of the prior application do not automatically become a part of the >37 CFR< 1.60 application. Where it is desired to rely on an earlier filed affidavit, the applicant should make >such<* remarks of record in the >37 CFR< 1.60 application and include a copy of the original affidavit filed in the prior application.

Use Form Paragraph 2.03 for instructions to applicant concerning affidavits and declarations in the parent application.

*¶ 2.03 Affidavits and Declarations in Parent Application*

Applicant refers to an affidavit filed in the parent application. Affidavits and declarations, such as those under 37 CFR 1.131 and 37 CFR 1.132, filed during the prosecution of the parent application do not automatically become a part of this application. Where it is desired to rely on an earlier filed affidavit, the applicant should make the remarks of record in the later application and include a copy of the original affidavit filed in the parent application.

## ABANDONMENT OF THE PRIOR APPLICATION

Under >37 CFR< 1.60 practice the prior application is not automatically abandoned upon filing of the >37 CFR< 1.60 application. If the prior application is to be expressly abandoned, such a paper must be signed >in accordance with 37 CFR<** 1.138. A registered attorney or agent not of record acting in a representative capacity under >37 CFR< 1.34(a) may also expressly abandon a prior application as of the filing date granted to a continuing application when filing such a continuing application.

If the prior application which is to be expressly abandoned has a notice of allowance issued therein, the prior application can become abandoned by the nonpayment of the issue fee. However, once an issue fee has been paid in the prior application, even if the payment occurs following the filing of a continuation application under >37 CFR< 1.60, a petition to withdraw the prior application from issue must be filed before the prior application can be abandoned (>37 CFR< 1.313). The checking of box 8 on form 3.54 is not sufficient to expressly abandon an application having a notice of allowance issued therein and the issue fee submitted (see >MPEP< § 608.02(i)).

If the prior application which is to be expressly abandoned is before the Board of >Patent< Appeals >and<* Interferences, a separate notice should be forwarded by the applicant to such Board, giving notice thereof.

After a decision by the CAFC in which the rejection of all claims is affirmed, proceedings are terminated on the date of receipt of the Court's certified copy of the decision by the Patent and Trademark Office, *Continental Can Company, Inc., et al. v. Schuyler* 168 USPQ 625 (D.C.D.C. 1970). See >MPEP< § 1216.01.

## EXAMINATION

The practice relating to making first action rejections final applies also to >37 CFR< 1.60 applications, see >MPEP< § 706.07(b).

Any preliminary amendment filed with a >37 CFR< 1.60 application which is to be entered after granting of the filing date should be entered by the clerical personnel of the examining group where the application is finally assigned to be examined. Accordingly, these applications should be classified and assigned to the proper examining group by taking into consideration the claims that will be before the examiner upon entry of such a preliminary amendment.

If the examiner finds that a filing date has been granted erroneously because the application was incomplete, the application should be returned to the Application Division via the Office of the Assistant Commissioner for Patents.

Form 3.54 is designed as an aid for use by both applicant and the Patent and Trademark Office and should simplify filing and processing of applications under 37 CFR 1.60.

Form 3.54 Division-continuation program application transmittal form. 37 CFR 1.60

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Docket No.
Anticipated Classification of this application:
Class Subclass
Prior application:
Examiner
Art Unit

THE COMMISSIONER OF PATENTS AND TRADEMARKS
WASHINGTON, D.C. 20231.

SIR: This is a request for filing a ☐ continuation ☐ divisional application under 37 CFR 1.60, of pending prior application serial no. .......... filed on.................. (date)............................ of ..........................................(inventor currently of record in prior application).............................. for..................(title of invention).............................................................................

1. ☐ Enclosed is a complete copy of the prior application including the oath or declaration as originally filed and an affidavit or declaration verifying it as a true copy. (See items 8 and 9 for drawing requirements.)
2. ☐ A verified statement to establish small entity status under 37 CFR 1.9 and 1.27
   ☐ is enclosed
   ☐ was filed in the prior application and such status is still proper and desired (37 CFR 1.28(a)).
3. ☐ The filing fee is calculated below:

CLAIMS AS FILED IN THE PRIOR APPLICATION LESS ANY CLAIMS CANCELED BY AMENDMENT BELOW

| Fee | No. filed | No. extra | Fee for small entity Rate | Fee | OR | Fee for other than small entity Rate | Fee |
|---|---|---|---|---|---|---|---|
| Basic fee | | | | $170 | OR | | $340 |
| Total claims | -20 = | (*) | x 6= | $ | OR | x 12= | $ |
| Independent. claims | - 3 = | (*) | x 18= | $ | OR | x 36= | $ |
| Multiple Dependent Claim Presented | | | +60= | $ | OR | +120= | $ |
| Total | | | | $ | OR | Total | $ |

* If the difference in Column 1 is less than zero, enter "0" in Column 2.

4. ☐ The Commissioner is hereby authorized to charge any fees which may be required, or credit any overpayment to Account No. .................. A duplicate copy of this sheet is enclosed.
5. ☐ A check in the amount of $........ is enclosed.
6. ☐ Cancel in this application original claims ......... of the prior application before calculating the filing fee. (At least one original independent claim must be retained for filing purposes.)
7. ☐ Amend the specification by inserting before the first line of the sentence: — this is a
   ☐ continuation,
   ☐ division,
   ☐ of application serial no. ..............., filed.................................
8. Transfer the drawings from the prior application to this application and abandon said prior application as of the filing date accorded this application. A duplicate copy of this sheet is enclosed for filing in the prior application file. (May only be used if signed by person authorized by 37 CFR 1.138 and before payment of base issue fee.)
9. ☐ New formal drawings are enclosed.
10. ☐ Priority of application serial no. ............ filed on ......... in (country) is claimed under 35 U.S.C. 119. The certified copy has been filed in prior application serial no. ........., filed
11. ☐ The prior application is assigned of record to
12. ☐ The power of attorney in the prior application is to ____________________ .
(name, registration number, and address)
   a. ☐ The power appears in the original papers in the prior application.
   b. ☐ Since the power does not appear in the original papers, a copy of the power in the prior application is enclosed.
   c. ☐ Address all future communications to ..................... (May only be completed by applicant, or attorney or agent of record.)
13. ☐ A preliminary amendment is enclosed. (Claims added by this amendment have been properly numbered consecutively beginning with the number next following the highest numbered original claim in the prior application.)
14. ☐ I hereby verify that the attached papers are a true copy of prior application serial no. ................ as originally filed on ...........

The undersigned declare further that all statements made herein of his or her own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

(date) (signature)

Address of signatory:

..................................

..................................

- [ ] Inventor(s)
- [ ] Assignee of complete interest
- [ ] Attorney or agent of record
- [ ] Filed under § 1.34(a)

## 201.06(b) File Wrapper Continuing Procedure [R-11]

*37 CFR 1.62 File wrapper continuing procedures*

(a) A continuation, continuation-in-part, or divisional application, which uses the specification >,<* drawings >and oath or declaration< from a prior >complete< application >(§ 1.51(a)) which is< to be abandoned, may be filed before the payment of the issue fee, abandonment of, or termination of proceedings on a prior application. The filing date of an application filed under this section is the date on which a request is filed for a application under this section including identification of the Serial Number, filing date, and applicant's name of the prior >complete< application. >If the continuation, continuation-in-part, or divisional application is filed by less than all the inventors named in the prior application a statement must accompany the application when filed requesting deletion of the names of the person or persons who are not inventors of the invention being claimed in the continuation, continuation-in-part, or divisional application.<

(b) The filing fee for a continuation, continuation-in-part, or divisional application under this section is based on the number of claims remaining in the application after entry of any preliminary amendment and entry of any amendment under § 1.116 unentered in the prior application which applicant has requested to be entered in the continuing application.

(c) In the case of a continuation-in-part application which adds and claims additional disclosure by amendment, an oath or declaration as required by § 1.63 must also be filed. >In those situations where a new oath or declaration is required due to additional subject matter being claimed, additional inventors may be named in the continuing application.< In a continuation or divisional application which discloses and claims only subject matter disclosed in a prior application, no additional oath or declaration is required >and the application must name as inventors the same or less than all the inventors named in the prior application<.

(d) If an application which has been accorded a filing date pursuant to paragraph (a) of this section does not include the appropriate >basic< filing fee pursuant to paragraph (b) of this section, or an oath or declaration by the applicant in the case of a continuation-in-part application pursuant to paragraph (c) of this section, applicant will be so notified and given a period of time within which to file the fee, oath, or declaration and to pay the surcharge as set forth in § 1.16(e) in order to prevent abandonment of the application. The notification pursuant to this paragraph may be made simultaneously with any notification of a defect pursuant to paragraph (a) of this section.

(e) An application filed under this section will utilize the file wrapper and contents of the prior application to constitute the new continuation, continuation-in-part, or divisional application but will be assigned a new application serial number.

(f) The filing of an application under this section will be construed to include a waiver of secrecy by the applicant under 35 U.S.C. 122 to the extent that any member of the public who is entitled under the provisions of 37 CFR 1.14 to access to, or information concerning either the prior application or any continuing application filed under the provisions of this section may be given similar access to, or similar information concerning, the other application(s) in the file wrapper.

(g) The filing of a request for a continuing application under this section will be considered to be a request to expressly abandon the prior application as of the filing date granted the continuing application.

(h) The applicant is urged to furnish the following information relating to the prior >and continuing applications<* to the best of his or her ability:

(1) Title as originally filed and as last amended;

(2) Name of applicant as originally filed and as last amended;

(3) Current correspondence address of applicant;

(4) Identification of prior foreign application and any priority claim under 35 U.S.C. 119.

>(5) The title of the invention and names of the applicants to be named in the continuing application.<

(i) Envelopes containing only application papers and fees for filing under this section should be marked "Box FWC".

An applicant may file a continuation or division of a pending patent application by simply filing a request therefor >under 37 CFR 1.62 identifying the series code and serial number, or serial number and filing date of the prior complete application< and paying the necessary application filing fee. >The filing of a copy of the prior application (required under 37 CFR 1.60) is unnecessary and improper under the procedure set forth in 37 CFR 1.62.< To file a continuation-in-part application, an amendment >(not a new specification)< adding the additional subject matter and an oath or declaration relating thereto >are<* also required.

The "file wrapper continuing" (FWC) procedure is set forth in >37 CFR< 1.62. Under this simplified procedure, any continuing application such as a continuation, continuation-in-part, or divisional application may be filed.** The papers in the copending prior application, which application will become automatically expressly abandoned >will be used and any changes thereto desired when filing the FWC application must be made by amendment<. Under the FWC procedure, a new serial number is assigned and the specification, drawings and other papers in the parent application file wrapper are used as the papers in the continuing application. Changes in inventorship may be made. The "file wrapper continuing" (FWC) procedure is available for utility, design, plant, and reissue applications to >file continuing applications of the same type (utility, design, plant, reissue) as the parent application<**. Use of the FWC

procedure will automatically result in express abandonment of the prior application as of the >filing< date >accorded<* the continuation, continuation-in-part, or divisional application.

The FWC procedure can be used for any continuation, continuation-in-part, or divisional application provided the applicant wishes the copending prior application to become abandoned. If a >continuation or< divisional application is desired without abandonment of the parent application, the procedure under >37 CFR< 1.60 should be used. Applicant also has the option of filing new application papers with a reexecuted oath or declaration >under 37 CFR 1.53<.

Under >37 CFR< 1.62, the specification, claims and drawings, and any amendments in the prior application are >used<** in the continuation, continuation-in-part, or divisional application. A new filing fee is required in accordance with 35 U.S.C. 41 and 37 CFR 1.16. The only other statutory requirement under 35 U.S.C. 111 is a signed oath or declaration. Since a continuation or divisional application cannot contain new matter, the oath or declaration filed in the prior application would supply all the information required under the statute and rules to have a complete application and to obtain a filing date. Accordingly, the previously-filed oath or declaration will be considered to be the oath or declaration of the >37 CFR< 1.62 continuation or division. However, if a continuation-in-part application is being filed, >or a correction of inventorship is being made,< then a new oath or declaration must be signed and filed by the applicant.

The original disclosure of an application filed under >37 CFR< 1.62 will be the original parent application >, amendments entered in the parent application,< and amendments filed on the filing date and referred to in the oath or declaration by the inventor(s). However, the filing fee will be based on the claims in the >37 CFR< 1.62 application after entry of any unentered amendments under >37 CFR< 1.116 in the prior application whose entry has been requested by the applicant and any preliminary amendment which may accompany the FWC request and filing fee. The Certificate of Mailing Procedure under 37 CFR 1.8 does not apply to filing a request for a "File Wrapper Continuing" application since the filing of such a request is considered to be a filing of national application papers for the purpose of obtaining an application filing date (37 CFR 1.8(a)(i)).

The applicant may file a signed FWC request and the regular filing fee under >37 CFR< 1.16 and other necessary papers with the Patent and Trademark Office, either by mail addressed to "Box FWC" or in person with the mail room. An individual check or deposit account authorization should accompany each FWC application, since combined checks delay processing.

The Correspondence and Mail Division sorts out all "Box FWC" envelopes upon receipt and delivers them to a reader for prompt special handling. The reader applies the "Mail Room" date stamp and marks the categories of the fees. The papers for each FWC application are assigned a regular national serial number and placed in a "Jumbo" size file wrapper. The Special Handling Branch reviews the FWC request for accuracy and completeness and assigns the filing date if everything appears to be in order. **There is no need for any processing of the FWC application by the Classification or Examination Branches of Application Division since there are no papers to be examined and the FWC application is routed to the group assigned the prior application. When the FWC application file wrapper is received in the examining group, the parent application is promptly obtained and processed by a clerical staff member.

All of the correspondence from the Office in a FWC application refers to the FWC application serial number and filing date and is processed in the same manner as any other continuation, continuation-in-part or divisional application. The first action final rejection procedures set forth in >MPEP< § 706.07(b) apply to FWC applications filed under >37 CFR< 1.62. The PALM III system can supply information to authorized persons as to the location of the parent application file wrapper and ties the parent application number to the FWC application number.

The provisions of >37 CFR< 1.62 provide that if any application in the file wrapper is available to the public that all applications in the file wrapper will be available to the public.

Paragraph (a) of >37 CFR< 1.62 sets forth the minimum requirements for obtaining a filing date. Paragraphs (b) and (c) of >37 CFR< 1.62 set forth the filing fee and oath or declaration requirements. Paragraph 1.62(d) relates to later filing of the filing fee or oath or declaration as provided for in 35 U.S.C. 111.

CERTIFIED COPY

If a certified copy of a continuation-in-part application filed under >37 CFR< 1.62 is desired for foreign filing purposes, a clean retyped copy of the application, including the amendments made in the parent application and the amendment submitted with the >37 CFR< 1.62 application must be submitted to the Solicitor's Office together with an affidavit that the retyped copy is a true and accurate copy of the FWC application as filed.

SMALL ENTITY STATUS

If small entity status was established in the parent application of an application filed under >37 CFR< 1.62, and such status is desired and proper in a >37 CFR< 1.62 application, it is >not< necessary that a new statement under >37 CFR< 1.27 to be filed >but rather reference may be made to the statement filed in the parent application<.

PRIORITY CLAIM

Claims under 35 U.S.C. 119 and 120 for the benefit of the filing dates of earlier applications in a parent application will automatically carry over to an application filed under >37 CFR< 1.62. Applicants are encouraged to repeat and update such claims at the time of filing a >37 CFR< 1.62 application so that such claims will not be overlooked. The issue clerk should check if priority data has been entered on the file wrapper.

Form Paragraph 2.28 may be used to remind applicant to insert parent application data.

*¶ 2.28 Reference in § 1.62 Continuing Applications*

This application filed under 37 CFR 1.62 lacks the necessary reference to the prior application. A statement reading "This is a [1] of application Serial No. [2], filed [3] should be entered following the title of the invention or as the first sentence of the specification. Also, the present status of the parent application(s) should be included.

**Examiner Note:**

1. In the "bracket 1" insert Division, Continuation, or Continuation-in-part.
2. Use only in "File Wrapper Continuing" applications.

## 201.07 Continuation Application [R-11]

A continuation is a second application >which may be filed under 37 CFR 1.53, 1.60 or 1.62,< for the same invention claimed in a prior application and filed before the original becomes abandoned >or patented<. The applicant in the continuing application must**>include at least one inventor named< in the prior application. The disclosure presented in the continuation must be the same as that of the original application, i.e., the continuation should not include anything which would constitute new matter if inserted in the original application.

At any time before the patenting or abandonment of or termination of proceedings on his or her earlier application, an applicant may have recourse to filing a continuation in order to introduce into the case a new set of claims and to establish a right to further examination by the primary examiner. >An application under 37 CFR 1.62, however, must be filed prior to payment of the issue fee.<

For notation to be put on the file wrapper by the examiner in the case of a continuation application see >MPEP< § 202.02.

Use Form Paragraph 2.05 to remind applicant of possible continuation status.

*¶ 2.05 Possible Status as Continuation*

This application discloses and claims only subject matter disclosed in prior application serial no. [1], filed [2] and names an inventor or inventors named in the prior application. Accordingly, this application may constitute a continuation or division. Should applicant desire to obtain the benefit of the filing date of the prior application, attention is directed to 35 U.S.C. 120 and 37 CFR 1.78.

**Examiner Note:**

This paragraph should only be used if it appears that the application may be a continuation but priority has not been claimed

The Streamlined Continuation Program has been superseded by >37 CFR< 1.60 practice which became effective on September 1, 1971, see >MPEP< § 201.06(a) and the File Wrapper Continuing Procedure under >37 CFR< 1.62 which became effective on February 27, 1983, see >MPEP< § 201.06(b).

## 201.08 Continuation-in-Part Application [R-11]

A continuation-in-part is an application >which ma, be filed under 37 CFR 1.53 or 1.62 and which is< filed during the lifetime of an earlier application by the same applicant, repeating some substantial portion or all of the earlier application and *adding matter not disclosed* in the said earlier case. (*In re Klein*, 1930 C.D. 2; 393 O.G. 519 >(Comr. Pats. 1930)). An application under 37 CFR 1.62, however, must be filed prior to payment of the issue fee.

The mere filing of a continuation-in-part does not itself create a presumption that the applicant acquiesces in any rejections which may be outstanding in the copending national application or applications upon which the continuation-in-part application relies for benefit.<

A continuation-in-part filed by a sole applicant may also derive from an earlier joint application showing a portion only of the subject matter of the later application, subject to the conditions >set forth in 35 U.S.C. 120 and 37 CFR 1.78<**. Subject to the same conditions, a joint continuation-in-part application may derive from an earlier sole application.

Unless the filing date of the earlier application is actually needed, for example, in the case of an interference or to overcome a reference, there is no need >for the Office< to make a determination as to whether the requirement of 35 U.S.C. 120, that the earlier application discloses the invention of the second application in the manner provided by the first paragraph of 35 U.S.C. 112, is met and whether a substantial portion of all of the earlier application is repeated in the second application in a continuation-in-part situation. Accordingly, an alleged continuation-in-part application should be permitted to claim the benefit of the filing date of an earlier application if the alleged continuation-in-part application complies with the following formal requirements of 35 U.S.C. 120:

1. The first application and the alleged continuation application were filed >with at least one common<** inventor;
2. The alleged continuing application was "filed before the patenting or abandonment of or termination of proceedings on the first application or an application similarly entitled to the benefit of the filing date of the first application"; and
3. The alleged continuing application "contains or is amended to contain a specific reference to the earlier filed application."

For notation to be put on the file wrapper by the examiner in the case of a continuation-in-part application see >MPEP< § 202.02. See >MPEP< § 708 for order of examination.

Use Form Paragraph 2.06 to remind applicant of possible continuation-in-part status.

*¶ 2.06 Possible Status as Continuation in Part*

This application repeats a substantial portion of prior application serial no. [1], filed [2] and adds and claims additional disclosure not presented in the prior application. Since this application names an inventor or inventors named in the prior application, it may constitute a continuation-in-part of the prior application. Should applicant desire to obtain the benefit of the filing date of the prior application, attention is directed to 35 U.S.C. 120 and 37 CFR 1.78.

**Examiner Note:**

This paragraph should only be used when it appears that the application may qualify as a continuation-in-part, but no claim has been filed.

## 201.09 Substitute Application [R-11]

The use of the term "Substitute" to designate any application which is in essence the Duplicate of an application by the same applicant abandoned before the filing of the later case, finds official recognition in the decision, *Ex parte Komenak*, 1940 C.D. 1; 512 O.G. 739 >(Comr. Pats 1940)<. Current practice does not require applicant to insert in the specification reference to the earlier case however, attention should be called to the earlier application. The notation on the file wrapper (see >MPEP< § 202.02) that one case is a "Substitute" for another is printed in the heading of the patent copies. See >MPEP< § 201.11.

As is explained in >MPEP< § 201.11 a "Substitute" does not obtain the benefit of the filing date of the prior application.

Use Form Paragraph 2.07 to remind applicant of possible substitute status.

*¶ 2.07 Definition of a substitute*

Applicant refers to this application as a "Substitute" of Serial No. [1], filed [2]. The use of the term "Substitute" to designate an application which is in essence the duplicate of an application by the same applicant abandoned before the filing of the later case finds official recognition in the decision, *Ex parte Komenak*, 1940 C.D. 1; 512 O.G. 739. The notation on the file wrapper (See MPEP 202.02) that one case is a "Substitute" for another is printed in the heading of the patent copies. A "Substitute" does not obtain the benefit of the filing date of the prior application. The indication that this case is a "Substitute" will result in the further endorsement by the Assignment Division on the case of any assignment of the parent case that may have been made.

## 201.10 Refile

No official definition has been given the term "Refile", though it is sometimes used as an alternative for the term "Substitute".

If the applicant designates his application as "Refile" and the examiner finds that the application is in fact a duplicate of a former application by the same party which was abandoned prior to the filing of the second case, the examiner should require the substitution of the word "substitute" for "refile", since the former term has official recognition. The endorsement on the file wrapper that the case is a "substitute" will result in the further endorsement by the Assignment Division of any assignment of the parent case that may have been made.

Use Form Paragraph 2.08 to remind applicant of possible refile status.

*¶ 2.08 Definition of a Refile.*

It is noted that applicant refers to this application as a "Refile". No official definition has been given the term "Refile", though it is sometimes used as an alternative for the term "Substitute". Since this application appears to be in fact a duplicate of a former application which was abandoned prior to the filing of the second case, the substitution of the word "Substitute" for "Refile," is required since the term "Substitute" has official recognition. The indication that this case is a "Substitute" will result in the further endorsement by the Assignment Division on the file wrapper of any assignment of the parent case that may have been made. Applicant is required to make appropriate corrections.

## 201.11 Continuity Between Applications: When Entitled to Filing Date [R-11]

Under certain circumstances an application for patent is entitled to the benefit of the filing date of a prior application **>which has at least one common< inventor. The conditions are specified in 35 U.S.C. 120.

*35 U.S.C. 120. Benefit of earlier filing date in the United States.*

An application for patent for an invention disclosed in the manner provided by the first paragraph of section 112 of this title in an application previously filed in the United States, or as provided by section 363 of this title, >which is filed by an<** inventor >or inventors named in the previously filed application< shall have the same effect, as to such invention, as though filed on the date of the prior application, if filed before the patenting or abandonment of or termination of proceedings on the first application or on an application similarly entitled to the benefit of the filing date of the first application and >if< it contains or is amended to contain a specific reference to the earlier filed application.

There are four conditions for receiving the benefit of an earlier filing date under 35 U.S.C. 120:

1. The second application (which is called a continuing application) must be an application for a patent for an invention which is also disclosed in the first application (the parent or original application); the disclosure of >the< invention in the first application and in the second application must be sufficient to comply with the requirements of the first paragraph of 35 U.S.C. 112. See *In re Ahlbrecht*, 168 USPQ 293 (CCPA 1971).

Form Paragraphs 2.09 and 2.10 should be used where the disclosure of the second application is not for an invention disclosed in the parent application.

*¶ 2.09 Heading for Conditions for Priority Under 35 U.S.C. 120*

Applicant has not complied with one or more conditions for receiving the benefit of an earlier filing date under 35 U.S.C. 120 as follows:

**Examiner Note:**

One or more of the following form paragraphs 2.10 to 2.13 must follow depending upon the situation at hand.

*¶ 2.10 Disclosure Must Be The Same*

The second application (which is called a continuing application) must be an application for a patent for an invention which is also disclosed in the first application (the parent application); the disclosure of invention in the parent application and in the continuing application must be sufficient to comply with the requirements of the first paragraph of 35 U.S.C. 112. See *In re Ahlbrecht*, 168 USPQ 293 (CCPA 1971).

**Examiner Note:**

This paragraph must be preceded by heading paragraph 2.09.

2. The continuing application must be co-pending with the first application or with an application similarly entitled to the benefit of the filing date of the first application.

3. The continuing application must contain a specific reference to the prior application(s) in the specification.

Form paragraphs 2.09 and 2.12 should be used to indicate reference to the parent application is required.

*¶ 2.12 Application Must Contain a Reference to Parent*

The continuing application must contain a specific reference to the parent application(s) in the specification.

**Examiner Note:**

This paragraph must be preceded by heading paragraph 2.09.

4. The continuing application must be filed by >an<** inventor >or inventors named in the previously filed application<" as in the prior application. **

## COPENDENCY

Copendency is defined in the clause which requires that the second application must be filed before (a) the patenting, or (b) the abandonment of, or (c) the termination of proceedings in the first application.

Use Form Paragraphs 2.09 and 2.11 to indicate copendency is required.

*¶ 2.11 Application Must Be Copending With Parent*

The continuing application must be copending with the parent application or with an application similarly entitled to the benefit of the filing date of the parent application.

**Examiner Note:**

This paragraph must be preceded by heading paragraph 2.09.

If the first application issues as a patent, it is sufficient for the second application to be copending with it if the second application is filed on the same date, or before the date the patent issues on the first application. Thus, the second application may be filed while the first is still pending before the examiner, while it is in issue, or even between the time the issue fee is paid and the patent issues.

If the first application is abandoned, the second application must be filed before the abandonment in order for it to be copending with the first. The term "abandoned," refers to abandonment for failure to prosecute (>MPEP< § 711.02), express abandonment ( >MPEP< § 711.01), and abandonment for failure to pay the issue fee ( >MPEP< § 712). If an abandoned application is revived ( >MPEP< § 711.03(c)) or a petition for late payment of the issue fee ( >MPEP< § 712) is granted by the Commissioner, it becomes reinstated as a pending application and the preceding period of abandonment has no effect.

The expression "termination of proceedings" includes the situations when an application is abandoned or when a patent has been issued, and hence this expression is the broadest of the three.

After a decision by the Court of Appeals for the Federal Circuit in which the rejection of all claims is affirmed, proceedings are terminated on the date of receipt of the Court's certified copy of the decision by the Patent and Trademark Office, *Continental Can Company, Inc. v. Schuyler*, 168 USPQ 625 (D.C.D.C. 1970). There are several other situations in which proceedings are terminated as is explained in >MPEP< § 711.02(c).

When proceedings in an application are terminated, the application is treated in the same manner as an abandoned application, and the term "abandoned application" may be used broadly to include such applications.

The term "continuity" is used to express the relationship of copendency of the same subject matter in two different applications of the same inventor, and the second application may be referred to as a continuing application. Continuing applications include those applications which are called divisions, continuations, and continuations-in-part. As far as the right under the statute is concerned the name used is immaterial, the names being merely expressions developed for convenience. The statute is so worded that the first application may contain more than the second, or the second application may contain more than the first, and in either case the second application is entitled to the benefit of the filing date of the first as to the common subject matter.

## REFERENCE TO FIRST APPLICATION

The third requirement of the statute is that the second (or subsequent) application must contain a specific reference to the first application. This should appear as the first sentence of the specification following the title preferably as a separate paragraph (37 CFR 1.78(a)). Status of the parent applications (whether it is patented or abandoned) should also be included. If a parent application has become a patent, the expression ", Patent No. — — " should follow the filing date of the parent application. If a parent application has become abandoned, the expression ", abandoned" should follow the filing date of the parent application. In the case of design applications, it should appear as set forth in >MPEP< § 1503.01. In view of this requirement, the right to rely on a prior application may be waived or refused by an applicant by refraining from inserting a reference to the prior application in the specification of the later one. If the examiner is aware of the fact that an application is a continuing application of a prior one, he or she should merely call attention to this in an Office action by using the wording of Form Paragraphs 2.15 or 2.16.

*¶ 2.15 Reference to Parent Application 35 U.S.C. 120 Benefit*

If applicant desires priority under 35 U.S.C. 120 based upon a parent application, specific reference to the parent application must be made in the instant application. This should appear as the first sentence of the specification following the title, preferably as a separate paragraph. Status of the parent application (whether patented or abandoned) should also be included. If a parent application has become a patent, the expression "Patent No." should follow the filing date of the parent application. If a parent application has become abandoned, the expression "abandoned" should follow the filing date of the parent application.

*¶ 2.16 Reference to Copending Application*

It is noted that this application appears to claim subject matter disclosed in prior copending application Serial No. [1], filed [2]. A reference to the prior application must be inserted as the first sentence of the specification of this application if applicant intends to rely on the filing date of the prior application under 35 U.S.C. 120. See 37 CFR 1.78(a). Also, the present status of all parent applications should be included.

Case: 1:13-cv-09339 Document #: 93-2 Filed: 04/06/16 Page 16 of 33 PageID #:2676


If the examiner is aware of a prior application he or she should note it in an Office action, as indicated above, but should not require the applicant to call attention to the prior application.

In >37 CFR< 1.60 cases, applicant, in the amendment canceling the nonelected claims, should include directions to enter "This is a division (continuation) of application Serial No. ........., filed ..................." as the first sentence. Where the applicant has inadvertently failed to do this the wording of Form Paragraph 2.17 should be used. Where the >37 CFR< 1.60 case is otherwise ready for allowance, the examiner should insert the quoted sentence by examiner's amendment.

Applications are sometimes filed with a division, continuation, or continuation-in-part oath or declaration, in which the oath or declaration refers back to a prior application. If there is no reference in the specification, in such cases, the examiner should merely call attention to this fact in his Office action, utilizing the wording of Form Paragraph 2.17.

*¶ 2.17 Reference in § 1.60 Continuing Applications.*

This application filed under 37 CFR 1.60 lacks the necessary reference to the prior application. A statement reading "This is a [1] of application Serial No. [2], filed [3]" should be entered following the title of the invention or as the first sentence of the specification. Also, the present status of all parent applications should be included.

**Examiner Note:**

1. In the bracket 1, insert either - Division - or - Continuation - .
2. Use only for 37 CFR 1.60 applications. For File Wrapper Continuing applications under 37 CFR 1.62, see form paragraph 2.28.

Where the applicant has inadvertently failed to make a reference to the parent case in an application filed under 37 CFR 1.60 or 1.62 which is otherwise ready for issue, the examiner should insert the required reference by examiner's amendment.

Sometimes a pending application is one of a series of applications wherein the pending application is not copending with the first filed application but is copending with an intermediate application entitled to the benefit of the filing date of the first application. If applicant desires that the pending application have the benefit of the filing date of the first filed application he or she must, besides making reference in the specification to the intermediate application, also make reference in the specification to the first application. See *Hovlid v. Asari*, 134 USPQ 162; 305 F. 2d 747 >(CA 9th 1962)< and *Sticker Industrial Supply Corp. v. Blaw-Knox Co.*, 160 USPQ 177 >(CA 7th 1968)<.

There is no limit to the number of prior applications through which a chain of copendency may be traced to obtain the benefit of the filing date of the earliest of a chain of prior copending applications. See *In re Henriksen*, 158 USPQ 224; 853 O.G. 17 >(CCPA 1968)<.

A second application which is not copending with the first application, which includes those called substitutes in >MPEP< § 201.09, is not entitled to the benefit of the filing date of the prior application and the bars to the grant of a patent are computed from the filing date of the second application. An applicant is not required to refer to such applications in the specification of the later filed application, but is required to otherwise call the examiner's attention to the earlier application if it or its contents or prosecution are material as defined in 37 CFR 1.56(a). If the examiner is aware of such a prior abandoned application he or she should make a reference to it in an Office action in order that the record of the second application will show this fact.

If an applicant refers to a prior noncopending abandoned application in the specification, the manner of referring to it should make it evident that it was abandoned before filing the second.

For notations to be placed on the file wrapper in the case of continuing applications see >MPEP< §§ 202.02 and 1302.09.

## SAME *>INVENTOR OR INVENTORS<

The statute also requires that ** the continuing applications be filed "by >an< inventor >or inventors named in the previously filed application<" in order for the >continuing<* application to have benefit of the earlier filing date under 35 U.S.C. 120.**

## WHEN NOT ENTITLED TO BENEFIT OF FILING DATE

Where the first application is found to be fatally defective because of insufficient disclosure to support allowable claims, a second application filed as a "continuation-in-part" of the first application to supply the deficiency is not entitled to the benefit of the filing date of the first application. *Hunt Co. v. Mallinckrodt Chemical Works*, 83 USPQ 277 at 281 and cases cited therein.

Any claim in a continuation-in-part application which is directed *solely* to subject matter adequately disclosed under 35 U.S.C. 112 in the parent application is entitled to the benefit of the filing date of the parent application. However, if a claim in a continuation-in-part application recites a feature which was not disclosed or adequately supported by a proper disclosure under 35 U.S.C. 112 in the parent application, but which was first introduced or adequately supported in the continuation-in-part application such a claim is entitled only to the filing date of the continuation-in-part application, *In re Von Lagenhoven*, 458 F.2d 132, at 136, 173 USPQ 426 at 429 (CCPA 1972) and *Chromalloy American Corp. v. Alloy Surfaces Co., Inc.*, 339 F. Supp. 859 at 874, 173 USPQ 295 at 306 (D. Del. 1972).

By way of further illustration, if the claims of a continuation-in-part application which are only entitled to the continuation-in-part filing date, "read on" such published, publicly used or sold, or patented subject matter (e.g., as in a genus-species relationship) a rejection under 35 U.S.C. 102 would be proper. Cases of interest in this regard are *In re Steenbock*, 83 F.2d 912, 30 USPQ 45 (CCPA 1936); *In re Ruscetta*, 255 F.2d 687, 118 USPQ 101 (CCPA 1958); *In re Hafner*, 410 F.2d 1403, 161 USPQ 783 (CCPA 1969); *In re Lukach*, 442 F.2d 967, 169 USPQ 795 (CCPA 1971); and *Ex parte Hageman*, 179 USPQ 747 (Bd. App. 1971).

## >201.11(a) Filing of Continuation or Continuation- in-part Application During Pendency of International Application Designating the United States [R-11]

It is possible to file a U.S. national application under 35 U.S.C. 111 during the pendency (prior to the abandonment) of an international application which designates the United States without completing the requirements for entering the national stage under 35 U.S.C. 371(c). The ability to take such action is based on provisions of the United States patent law. 35 U.S.C. 363 provides that "An international application designating the United States shall have the effect from its international filing date under article 11 of the treaty, of a national application for patent regularly filed in the Patent and Trademark Office...". 35 U.S.C. 371(d) indicates that failure to timely comply with the requirements of 35 U.S.C. 371(c) "shall be regarded as abandonment by the parties thereof...". It is therefore clear that an international application which designates the United States has the effect of a pending U.S. application from the international application filing date until its abandonment as to the United States. The first sentence of 35 U.S.C. 365(c) specifically provides that "In accordance with the conditions and requirements of section 120 of this title,... a national application shall be entitled to the benefit of the filing date of a prior international application designating the United States." The condition of 35 U.S.C. 120 relating to the time of filing requires the later application to be "filed before the patenting or abandonment of or termination of proceedings on the first application..." **. The filing of a continuation or continuation-in-part application of an international application may be useful to patent applicants where the oath or declaration required by 35 U.S.C. 371(c)(4) cannot be filed within 22 months from the priority date as required by 37 CFR >1.494(h)<*. An applicant filing an application under 35 U.S.C. 111 may obtain additional time to file the oath or declaration under 37 CFR 1.53(d) and 1.136(a).

A Continuing application under 35 U.S.C. 365(c) and 120 must be filed before the abandonment or patenting of the prior application. >See 37 CFR 1.494 and 1.495.<

*37 CFR 1.494 Entering the national stage in the United States of America as a Designated Office.*

*****

(h) An international application becomes abandoned as to the United States 20 months from the priority date if a copy of the international application is not communicated to the Patent and Trademark Office prior to 20 months from the priority date where the United States has been designated but not elected prior to 19 months from the priority date. If a copy of the international application is communicated within 20 months to the Patent and Trademark Office, an international application will become abandoned as to the United States 22 months from the priority date if the required English translation(s), fees and oath or declaration under 35 U.S.C. 371(c) are not filed within 22 months from the priority date.

*37 CFR 1.495 Entering the national stage in the United States of America as an Elected Office*

*****

(i) An international application becomes abandoned as to the United States 30 months from the priority date if a copy of the international application is not communicated to the Patent and Trademark Office prior to 30 months from the priority date and a Demand for International Preliminary Examination which elected the United States of America has been filed prior to the expiration of 19 months from the priority date. If a copy of the international application is communicated within 30 months to the Patent and Trademark Office, an international application will become abandoned as to the United States 32 months from the priority date if the required English translation(s), fees and oath or declaration under 35 U.S.C. 371(c) are not filed within 32 months from the priority date.<

## 201.12 Assignment Carries Title [R-11]

Assignment of an original application carries title to any divisional, continuation* or reissue application stemming from the original application and filed after the date of assignment. See >MPEP< § 306.

## 201.13 Right of Priority of Foreign Application [R-11]

Under certain conditions and on fulfilling certain requirements, an application for patent filed in the United States may be entitled to the benefit of the filing date of a prior application filed in a foreign country, to overcome an intervening reference or for similar purposes. The conditions are specified in 35 U.S.C. 119.

*35 U.S.C. 119. Benefit of earlier filing date in foreign country; right to priority.*

An application for patent for an invention filed in this country by any person who has, or whose legal representatives or assigns have, previously regularly filed an application for a patent for the same invention in a foreign country which affords similar privileges in the case of applications filed in the United States or to citizens of the United States, shall have the same effect as the same application would have if filed in this country on the date on which the application for patent for the same invention was first filed in such foreign country, if the application in this country is filed within twelve months from the earliest date on which such foreign application was filed; but no patent shall be granted on any application for patent for an invention which has been patented or described in a printed publication in any country more than one year before the date of the actual filing of the application in this country, or which had been in public use or on sale in this country more than one year prior to such filing.

No application for patent shall be entitled to this right of priority unless a claim therefor and a certified copy of the original foreign application, specification and drawings upon which it is based are filed in the Patent and Trademark Office before the patent is granted, or at such time during the pendency of the application as required by the Commissioner not earlier than six months after the filing of the application in this country. Such certification shall be made by the patent office of the foreign country in which filed and show the date of the application and of the filing of the specification and other papers. The Commissioner may require a translation of the papers filed if not

Case: 1:13-cv-09339 Document #: 93-2 Filed: 04/06/16 Page 18 of 33 PageID #:2678


in the English language and such other information as he deems necessary.

In like manner and subject to the same conditions and requirements, the right provided in this section may be based upon a subsequent regularly filed application in the same foreign country instead of the first filed foreign application, provided that any foreign application filed prior to such subsequent application has been withdrawn, abandoned, or otherwise disposed of, without having been laid open to public inspection and without leaving any rights outstanding, and has not served, nor thereafter shall serve, as a basis for claiming a right of priority.

Applications for inventors' certificates filed in a foreign country in which applicants have a right to apply, at their discretion, either for a patent or for an inventor's certificate shall be treated in this country in the same manner and have the same effect for purpose of the right of priority under this section as applications for patents, subject to the same conditions and requirements of this section as apply to applications for patents, provided such applicants are entitled to the benefits of the Stockholm Revision of the Paris Convention at the time of such filing.

*37 CFR 1.55 Claim for foreign priority.*

(a) An applicant may claim the benefit of the filing date of a prior foreign application under the conditions specified in 35 U.S.C. 119 and 172. The claim to priority need be in no special form and may be made by the attorney or agent if the foreign application is referred to in the oath or declaration as required by § 1.63. The claim for priority and the certified copy of the foreign application specified in the second paragraph of 35 U.S.C. 119 must be filed in the case of interference (§ >1.630<*); when necessary to overcome the date of a reference relied upon the examiner; or when specifically required by the examiner; and in all other cases they must be filed not later than the date the issue fee is paid. If the papers filed are not in the English language, a translation need not be filed except in the three particular instances specified in the preceding sentence, in which event a sworn translation or a translation certified as accurate by a sworn or official translator must be filed. If the priority papers are submitted after the date the issue fee is paid, they must be accompanied by a petition requesting their entry and the fee set forth in § 1.17(i).

*****

The period of twelve months specified in this section is six months in the case of designs, 35 U.S.C. 172. See >MPEP § 1504.10<*.

The conditions, for benefit of the filing date of a prior application filed in a foreign country, may be listed as follows:

1. The foreign application must be one filed in "a foreign country which affords similar privileges in the case of applications filed in the United States or to citizens of the United States."

2. The foreign application must have been filed by the same applicant (inventor) as the applicant in the United States, or by his or her legal representatives or assigns.

3. The application, or its earliest parent United States application under 35 U.S.C. 120, must have been filed within twelve months from the date of the earliest foreign filing in a "recognized" country as explained below.

4. The foreign application must be for the same invention as the application in the United States.

5. In the case where the basis of the claim is an application for an inventor's certificate, the requirements of 37 CFR 1.55(c) must also be met.

Applicant may be informed of possible priority rights under 35 U.S.C. 119 by using the wording of Form Paragraph 2.18.

*¶ 2.18 Right of Priority Under 35 U.S.C. 119*

Applicant is advised of possible benefits under 35 U.S.C. 119, wherein an application for patent filed in the United States may be entitled to the benefit of the filing date of a prior application filed in a foreign country.

## RECOGNIZED COUNTRIES OF FOREIGN FILING

The right to rely on a foreign application is known as the right of priority in international patent law and this phrase has been adopted in >the U.S.< statute. The right of priority originated in a multilateral treaty of 1883, to which the United States adhered in 1887, known as the >Paris< Convention for the Protection of Industrial Property, >(Paris Convention)< is administered by the World Intellectual Property Organization (WIPO) at Geneva, Switzerland. This treaty has been revised several times, the latest revision in effect being written in Stockholm in July, 1967 (copy at >Appendix P of this Manual<*). Articles 13-30 of the Stockholm Revision became effective on September 5, 1970. Articles 1-12 of the Stockholm Revision became effective on August 25, 1973. One of the many provisions of the treaty requires each of the adhering countries to accord the right of priority to the nationals of the other countries and the first United States statute relating to this subject was enacted to carry out this obligation. There is another treaty between the United States and some Latin American countries which also provides for the right of priority. A foreign country may also provide for this right by reciprocal legislation.

NOTE: Following is a list of countries with respect to which the right of priority referred to in 35 U.S.C. 119 has been recognized. The letter "I" following the name of the country indicates that the basis for priority in the case of these countries is the Paris Convention for the Protection of Industrial Property (613 O.G. 23, 53 Stat. 1748). The letter "P" after the name of the country indicates the basis for priority of these countries is the Inter-American Convention relating to Inventions, Patents, Designs and Industrial Models, signed at Buenos Aires, August 20, 1910 (207 O.G. 935, 38 Stat. 1811). The letter "L" following the name of the country indicates the basis for priority is reciprocal legislation in the particular country.

Algeria (I),
Argentina (I),
Australia (I),
Austria (I),
Bahamas (I),
>Barbados (I),<
Belgium (I),
Benin (I),
Bolivia (P),
Brazil (I, P),
Bulgaria, (I),
>Burkina Faso (I),<

Case: 1:13-cv-09339 Document #: 93-2 Filed: 04/06/16 Page 19 of 33 PageID #:2679


Burundi (I),
Cameroon (I),
Canada (I),
Central African Republic (I),
Chad, Republic of (I),
>China, Peoples Republic of (I),<
Congo (I),
Costa Rica (P),
>Cote d'Ivoire (I),<
Cuba (I, P),
Cyprus (I),
Czechoslovakia (I),
Democratic People's Republic of Korea (I),
Denmark (I),
Dominican Republic (I,P),
Ecuador (P),
Egypt (I),
Finland (I),
France (I),
Gabon (I),
German Democratic Republic (I),
Germany, Federal Republic of (I),
Ghana (I),
Greece (I),
Guinea (I),
>Guinea -Bissau (I),<
Guatemala (P),
Haiti (I,P),
Holy See (I),
Honduras (P),
Hungary (I),
Iceland (I),
Indonesia (I),
Iran (I),
Iraq (I),
Ireland (I),
Israel(I),
Italy (I), *
Japan (I),
Jordan (I),
Kenya (I),
Korea, Republic of (I),
Lebanon (I),
Libya (I),
Liechtenstein (I),
Luxembourg (I),
Madagascar (I),
Malawi (I),
Mali (I),
Malta (I),
Mauritania (I),
Mauritius (I),
Mexico (I),
Monaco (I),
>Mongolia (I),<
Morocco (I),
Netherlands (I),
New Zealand, (I),
Nicaragua (P),
Niger (I),
Nigeria (I),
Norway (I),
Paraguay (P),
Philippines (I),
Poland (I),
Portugal (I),
Romania (I),
>Rwanda (I),<
San Marino (I),
Senegal, Republic of (I),
South Africa, Republic of (I),
Soviet Union (I),
Spain (I),
Sri Lanka (I),
>Sudan (I),<
Suriname (I),
Sweden (I),
Switzerland (I),
Syria (I),
Tanzania (I),
Togo (I),
Trinidad and Tobago (I),
Tunisia (I),
Turkey (I),
Uganda (I),
United Kingdom (I), *
Uruguay (I, P),
Viet Nam (I),
Yugoslavia (I),
Zaire (I),
Zambia (I),
Zimbabwe (I).

Twelve African Countries have joined together to create a common patent office and to promulgate a common law for the protection of inventions, trademarks, and designs. The common patent office is called "Organisation Africain de la Propriete Intellectuelle" (OAPI) and is located in Yaounde, Cameroon. The English title is "African Intellectual Property Organization." The member countries using the OAPI Patent Office are Benin *; Cameroon; Central African Republic; Chad; Congo; Gabon; >Cote d'Ivoire<*; Mauritania; Niger; Senegal, Republic of; Togo; and >Burkina Faso<. Since all these countries adhere to the >Paris< Convention for the Protection of Industrial Property, priority under 35 U.S.C. 119 may be claimed of an application filed in the OAPI Patent Office.

If any applicant asserts the benefit of the filing date of an application filed in a country not on this list, the examiner should inquire >of the Office of Legislation and International Affairs< to determine if there has been any change in the status of that country. It should be noted that the right is based on the *country* of the foreign filing and not upon the citizenship of the applicant.

RIGHT OF PRIORITY (35 U.S.C. 119 AND 365) BASED ON A FOREIGN APPLICATION FILED UNDER A BILATERAL OR MULTILATERAL TREATY

Under Article 4A of the Paris Convention for the Protection of Industrial Property a right of priority may be based either on an application filed under the national law of a foreign country adhering to the Convention or on a foreign application filed under a bilateral or multilateral treaty concluded between two or more such countries. Examples of such treaties are The Hague Agreement Concerning the International Deposit of Industrial Designs, the Benelux Designs Convention, and the Libreville Agreement of September 13, 1962, relating to the creation of an African Intellectual Property Office. The Convention on the Grant of European Patents and the Patent Cooperation Treaty (>MPEP<§ 201.13(b)) are further examples of such treaties.

*The Priority Claim*

In claiming priority of a foreign application previously filed under such a treaty, certain information must be supplied to the Patent and Trademark Office. In addition to the application number and the date of the filing of the application, the following information is required: (1) the name of the treaty under which the application was filed** and (2) the name and location of the national or intergovernmental authority which received such application.

*Certification of the Priority Papers*

Section 119 of Title 35 of the United States Code requires the applicant to furnish a certified copy of priority papers. Certification by the authority empowered under a bilateral or multilateral treaty to receive applications which give rise to a right of priority under Article 4A(2) of the Paris Convention will be deemed to satisfy the certification requirement.

*Identity of Inventors*

The inventors of the U.S. application and of the foreign application must be the same, for a right of priority does not exist in the case of an application of inventor A in the foreign country and inventor B in the United States, even though the two applications may be owned by the same party. However the application in the foreign country may have been filed by the assignee, or by the legal representative or agent of the inventor which is permitted in some foreign countries, rather than by the inventor himself, but in such cases the name of the inventor is usually given in the foreign application on a paper filed therein. An indication of the identity of inventors made in the oath or declaration accompanying the U.S. application by identifying the foreign application and stating that the foreign application had been filed by the assignee, or the legal representative, or agent, of the inventor, or on behalf of the inventor, as the case may be, is acceptable. >Joint inventors A and B in an application filed in the United States Patent and Trademark Office may properly claim the benefit of an application filed in a foreign country by A and another application filed in a foreign country by B, i.e., A and B may each claim the benefit of their foreign filed applications.<

*Time for Filing U.S. Application*

The United States application, or its earliest parent application under 35 U.S.C. 120, must have been filed within twelve months of the earliest foreign filing. In computing this twelve months, the first day is not counted; thus, if an application was filed in Canada on January 3, 1983, the U.S. application may be filed on January 3, 1984. The Convention specifies in Article 4C(2) that "the day of filing is not counted in this period." (This is the usual method of computing periods, for example a six month period for reply to an Office action dated January 2 does not expire on July 1 but the reply may be made on July 2.) If the last day of the twelve months is a Saturday, Sunday or a Federal holiday within the District of Columbia, the U.S. application is in time if filed on the next succeeding business day; thus, if the foreign application was filed on September 4, 1981, the U.S. application is in time if filed on September 7, 1982, since September 4, 1982 was a Saturday and September 5, 1982 was a Sunday and September 6, 1982 was a Federal holiday. Since January 1, 1953, the Office has not received applications on Saturdays and, in view of 35 U.S.C. 21, and the Convention which provides "if the last day of the period is an official holiday, or a day on which the Office is not open for the filing of applications in the country where protection is claimed, the period shall be extended until the first following working day" (Article 4C3), if the twelve months expires on Saturday, the U.S. application may be filed on the following Monday. Note *Ex parte Olah and Kuhn*, 131 USPQ 41 (Bd. of Appl's, 1960).

*>Filing of Papers During Unscheduled Closings of the Patent and Trademark Office*

When the Patent and Trademark Office is officially closed by Executive Order of the President or by the Office of Personnel Management for an entire day because of some unscheduled event, such as adverse weather conditions, the Patent and Trademark Office will consider that day as a "federal holiday within the District of Columbia" under 35 U.S.C. 21. Any action or fee due that day will be considered timely for the purposes of 35 U.S.C. 119, 133 and 151, if the action is taken or fee paid, on the next succeeding business day on which the Patent and Trademark Office is open.

When the Patent and Trademark Office is open for business during any part of a business day between 8:30 a.m. and 5:00 p.m., papers are due on that day even though the Office may be officially closed for some period of time during the business day because of an unscheduled event. The procedures of 37 CFR 1.10 may be used for filing applications. On any day the Office is open at least part of the day, papers may also be deposited up to midnight in any boxes which are provided by the Patent and Trademark Office under 37 CFR 1.6(c).

Information regarding whether or not the Office is officially closed on any particular day may be obtained by calling (703)-557-INFO.<

*First Foreign Application*

The twelve months is from earliest foreign filing except as provided in the second to the last paragraph of 35 U.S.C 119. If an inventor has filed an application in France on January 4, 1982, and an identical application in the United Kingdom on March 3, 1982, and then files in the United States on February 2, 1983, >the inventor<* is not entitled to the right of priority at all; >the inventor<* would not be entitled to the benefit of the date of the French application since this application was filed more than twelve months before the U.S. application, and >the inventor<* would not be entitled to the benefit of the date of the United Kingdom application since this application is not the first one filed. *Ahrens v. Gray*, 1931 C.D. 9; 402 O.G. 261 (Bd. of Appl's, 1929). If the first foreign application was filed in a country which is not recognized with respect to the right of priority, it is disregarded for this purpose.

Public Law 87-333 >modified 35 U.S.C. 119 to extend<* the right of priority to "subsequent" foreign applications if one earlier filed had been withdrawn, abandoned or otherwise disposed of, under certain conditions.

The United Kingdom and a few other countries have a system of "post-dating" whereby the filing date of an application is changed to a later date. This "post-dating" of the filing date of the application does not affect the status of the application with respect to the right of priority; if the original filing date is more than one year prior to the U.S. filing no right of priority can be based upon the application. See *In re Clamp*, 151 USPQ 423 >(Commr. Pats. 1966)<.

If an applicant has filed two foreign applications in recognized countries, one outside the year and one within the year, and the later application discloses additional subject matter, a claim in the U.S. application specifically limited to the additional disclosure would be entitled to the date of the second foreign application since this would be the first foreign application for that subject matter.

EFFECT OF RIGHT OF PRIORITY

The right to rely on the foreign filing extends to overcoming the effects of intervening references or uses, but there are certain restrictions. For example, the one year bar of 35 U.S.C. 102(b) dates from the U.S. filing date and not from the foreign filing date; thus if an invention was described in a printed publication, or was in public use in this country, in November 1981, a foreign application filed in January 1982, and a U.S. application filed in December 1982, granting a patent on the U.S. application is barred by the printed publication or public use occurring more than one year prior to its actual filing in the U.S.

The right of priority can be based upon an application in a foreign country for a so-called "utility model," called Gebrauchsmuster in Germany.

## 201.13(a) Right of Priority Based Upon an Application for an Inventor's Certificate [R-11]

Until August 25, 1973, the Patent and Trademark Office did not recognize a right of priority based upon an application for an Inventors' Certificate such as used in the U.S.S.R. However, a claim for priority and a certified copy of an application for Inventors Certificate were entered in the file of the U.S. application and were retained therein. This allowed the applicant to urge the right of priority in possible later court action.

On August 25, 1973, Articles 1-12 of the Paris Convention of March 20, 1883, for the Protection of Industrial Property, as revised at Stockholm, July 14, 1967, came into force with respect to the United States and apply to applications filed thereafter in the United States. A fourth paragraph to 35 U.S.C. 119 (enacted by Public Law 92-358, July 28, 1972) (copy at >MPEP< § 201.13) became effective on August 25,1973.

*37 CFR 1.55. Claim for foreign priority*

* * * * *

(b) An applicant may under certain circumstances claim priority on the basis of an application for an inventor's certificate in a country granting both inventor's certificates and patents. When an applicant wishes to claim the right of priority as to a claim or claims of the application on the basis of an application for an inventor's certificate in such a country under 35 U.S.C. 119, last paragraph (as amended July 28, 1972), the applicant or his >or her< attorney or agent, when submitting a claim for such right as specified in paragraph (a) of this section, shall include an affidavit or declaration including a specific statement that, upon an investigation, he or she has satisfied himself or herself that to the best of his or her knowledge the applicant, when filing his or her application for the inventor's certificate, had the option to file an application either for a patent or an inventor's certificate as to the subject matter of the identified claim or claims forming the basis for the claim of priority.

An inventor's certificate may form the basis for rights of priority under 35 U.S.C. 119 only when the country in which they are filed gives to applicants, at their discretion, the right to apply, on the same invention, either for a patent or for an inventor's certificate. The affidavit or declaration specified under 37 CFR 1.55(b) is only required for the purpose of ascertaining whether, in the country where the application for an inventor's certificate originated, this option generally existed for applicants with respect to the particular subject matter of the invention involved. The requirements of 35 U.S.C. 119 and 37 CFR 1.55(b) are not intended, however, to probe into the eligibility of the particular applicant to exercise the option in the particular priority application involved.

It is recognized that certain countries that grant inventors' certificates also provide by law that their own nationals who are employed in state enterprises may only receive inventors' certificates and not patents on inventions made in connection with their employment. This will not impair their right to be granted priority in the United States based on the filing of the inventor's certificate.

Accordingly, affidavits or declarations filed pursuant to 37 CFR 1.55(b) need only show that in the country in which the original inventor's certificate was filed, applicants generally have the right to apply at their own option either for a patent or an inventor's certificate as to the particular subject matter of the invention.

Priority rights on the basis of an inventor's certificate application will be honored only if the applicant had the option or discretion to file for either an inventor's certificate or a patent on his >or her< invention in his >or her< home country. Certain countries which grant both patents and inventor's certificates issue only inventor's certificates on certain subject matter, generally pharmaceuticals, foodstuffs and cosmetics.

To insure compliance with the treaty and statute, >37 CFR< 1.55(b) provides that at the time of claiming the benefit of priority for an inventor's certificate, the applicant or his >or her< attorney must submit an affidavit or declaration stating that the applicant when filing his >or her< application for the inventor's certificate had the option either to file for a patent or an inventor's certificate as to the subject matter forming the basis for the claim of priority.

*Effective Date*

37 CFR 1.55(b) went into effect on August 25, 1973, which is the date on which the international treaty entered into force with respect to the United States. The rights of priority based on an earlier filed inventor's certificate shall be granted only with respect to U.S. patent applications where *both* the earlier application and the U.S. patent application were filed in their respective countries following this effective date.

## 201.13(b) Right of Priority Based Upon an International Application Filed Under the Patent Cooperation Treaty [R-11]

*35 U.S.C. 365. Right of priority; benefit of the filing date of a prior application*

(a) In accordance with the conditions and requirements of section 119 of this title, a national application shall be entitled to the right of priority based on a prior filed international application which designated at least one country other than the United States.

(b) In accordance with the conditions and requirement of the first paragraph of section 119 of this title and the treaty and the Regulations, an international application designating the United States shall be entitled to the right of priority based on a prior foreign application, or a prior international application designating at least one country other than the United States.

(c) In accordance with the conditions and requirements of section 120 of this title, an international application designating the United States shall be entitled to the benefit of the filing date of a prior national application or a prior international application designating the United States, and a national application shall be entitled to the benefit of the filing date of a prior international application designating the United States. If any claim for the benefit of an earlier filing date is based on a prior international application which designated but did not originate in the United States, the Commissioner may require the filing in the Patent and Trademark Office of a certified copy of such application together with a translation thereof into the English language, if it was filed in another language.

35 U.S.C. 365(a) provides that a national application shall be entitled to the right of priority based on a prior international application of whatever origin, which designated any country other than, or in addition to, the United States. Of course, the conditions prescribed by section 119 of title 35 U.S.C., which deals with the right of priority based on earlier filed foreign applications, must be complied with.

35 U.S.C. 365(b) provides that an international application designating the United States shall be entitled to the right of priority of a prior foreign application which may either be another international application or a regularly filed foreign application. The international application upon which the claim of priority is based can either have been filed in the United States or a foreign country; however, it must contain the designation of at least one country other than, or in addition to, the United States.

As far as the actual place of filing is concerned, for the purpose of 35 U.S.C. 365 (a) and (b) and 35 U.S.C. 119, an international application designating a country is considered to be a national application regularly filed in that country on the international filing date irrespective of whether it was physically filed in that country, in another country, or in an intergovernmental organization acting as Receiving Office for a country.

An international application which seeks to establish the right of priority will have to comply with the conditions and requirements as prescribed by the Treaty and the PCT Regulations, in order to avoid rejection of the claim to the right of priority. Reference is especially made to the requirement of making a declaration of the claim of priority at the time of filing of the international application (Article 8(1) of the Treaty and Rule 4.10 of the PCT Regulations) and the requirement of either filing a certified copy of the priority document with the international application, or submitting a certified copy of the priority document to the International Bureau at a certain time (Rule 17 of the PCT Regulations). The submission of the priority document to the International Bureau is only required in those instances where priority is based on an earlier filed foreign *national* application.

Thus, if the priority document is an earlier national application and did not accompany the international application when filed with the Receiving Office, an applicant must submit such document to the International Bureau not later than sixteen months after the priority date. However, should an applicant request early processing of his international application in accordance with Article 23(2) of the Treaty, the priority document would have to be submitted to the International Bureau at that time (Rule 17.1(a) of the PCT Regulations). If priority is based on an earlier international application, a copy does not have to be filed, either with the Receiving Office or the International Bureau, since the latter is already in possession of such international application.

The formal requirements for obtaining the right of priority under 35 U.S.C. 365 differ somewhat from those imposed by 35

Case: 1:13-cv-09339 Document #: 93-2 Filed: 04/06/16 Page 23 of 33 PageID #:2683


U.S.C. 119, although the one year bar of 35 U.S.C. 102(b), as required by the last clause of the first paragraph of section 119 is the same. However, the substantive right of priority is the same, in that it is derived from Article 4 of the Paris Convention for the Protection of Industrial Property (Article 8(2) of the Treaty).

35 U.S.C. 365(c) recognizes the benefit of the filing date of an earlier application under 35 U.S.C. 120. Any international application designating the United States, whether filed with a Receiving Office in this country or abroad, and even though other countries may have also been designated, has the effect of a regular national application in the United States, as of the international filing date. As such, any later filed national application, or international application designating the United States, may claim the benefit of the filing date of an earlier international application designating the United States, if the requirements and conditions of section 120 of title 35 U.S.C. are fulfilled. Under the same circumstances, the benefit of the earlier filing date of a national application may be obtained in a later filed international application designating the United States. In those instances where the applicant relies on an international application designating, but not originating in, the United States the Commissioner may require submission of a copy of such application together with an English translation, since in some instances, and for various reasons, a copy of that international application or its translation may not otherwise be filed in the Patent and Trademark Office.

*PCT Rule 17 The Priority Document*

*17.1 Obligation to Submit Copy of Earlier National Application*

(a) Where the priority of an earlier national application is claimed under Article 8 in the international application, a copy of the said national application, certified by the authority with which it was filed ("the priority document"), shall, unless already filed with the receiving Office, together with the international application, be submitted by the applicant to the International Bureau or to the receiving Office not later than 16 months after the priority date or, in the case referred to in Article 23(2), not later than at the time the processing or examination is requested. **

(b) Where the priority document is issued by the receiving Office, the applicant may, instead of submitting the priority document, request the receiving Office to transmit the priority document to the International Bureau. Such request shall be made not later than the expiration of the applicable time limit referred to under paragraph (a) and may be subjected by the receiving Office to the payment of a fee. **

(c) If the requirements of neither of the two preceding paragraphs are complied with, any designated State may disregard the priority claim. **

*17.2 Availability of Copies*

(a) The International Bureau shall, at the specific request of the designated Office, promptly but not before the expiration of the time limit fixed in Rule 17.1(a), furnish a copy of the priority document to that Office. No such Office shall ask the applicant himself to furnish it with a copy, except where it requires the furnishing of a copy of the priority document together with a certified translation thereof. The applicant shall not be required to furnish a certified translation to the designated Office before the expiration of the applicable time limit under Article 22.

(b) The International Bureau shall not make copies of the priority document available to the public prior to the international publication of the international application.

(c) Paragraphs (a) and (b) shall apply also to any earlier international application whose priority is claimed in the subsequent international application.

*37 CFR 1.451. The priority claim and priority document in an international application.*

(a) The claim for priority must be made on the Request (PCT Rule 4.10) in a manner complying with Sections 110 and 201 of the Administrative Instructions.

(b) Whenever the priority of an earlier United States national application is claimed in an international application, the applicant may request in a letter of transmittal accompanying the international application upon filing with the United States Receiving Office >or in a separate letter filed in the Receiving Office not later than 16 months after the priority date<, that the Patent and Trademark Office prepare a certified copy of the national application for transmittal to the International Bureau (PCT Article 8 and PCT Rule 17). The fee for preparing a certified copy is stated in § 1.19(b)(1).

(c) If a certified copy of the priority document is not submitted together with the international application on filing, or, if the priority application was filed in the United States and a request and appropriate payment for preparation of such a certified copy do not accompany the international application on filing >or are not filed within 16 months of the priority date<, the certified copy of the priority document must be >furnished<** by the applicant to the International Bureau >or to the United States Receiving Office< within the time limit specified in PCT Rule 17.1(a).

## 201.14 Right of Priority, Formal Requirements

Under the statute (35 U.S.C. 119, second paragraph), an applicant who wishes to secure the right of priority must comply with certain formal requirements within a time specified. If these requirements are not complied with the right of priority is lost and cannot thereafter be asserted.

The requirements of the statute are (a) that the applicant must file a claim for the right and (b) he or she must also file a certified copy of the original foreign application; these papers must be filed within a certain time limit. The maximum time limit specified in the statute is that the papers must be filed before the patent is granted, but the statute gives the Commissioner authority to set this time limit at an earlier time during the pendency of the application. If the required papers are not filed within the time limit set the right of priority is lost. A reissue was granted in *Brenner v. State of Israel*, 862 O.G. 661; 158 USPQ 584 >(CADC 1968)<, where the only ground urged was failure to file a certified copy of the original foreign application to obtain the right of foreign priority under 35 U.S.C. 119 before the patent was granted.

It should be particularly noted that these papers must be filed in all cases even though they may not be necessary during the pendency of the application to overcome the date of any reference. The statute also gives the Commissioner authority to require a translation of the foreign documents if not in the English language and such other information as the Commissioner may deem necessary.

37 CFR 1.63 requires that the oath or declaration shall state in any application in which a claim for foreign priority is made

pursuant to >37 CFR< 1.55 must identify the foreign application for patent or inventors' certificate on which priority is claimed, and any foreign applications having a filing date before that of the application on which priority is claimed, by specifying the application number, country, day, month, and year of its filing.

The requirements for recitation of foreign applications in the oath or declaration, while serving other purposes as well, are used in connection with the right of priority.

## 201.14(a) Right of Priority, Time for Filing Papers [R-11]

The time for filing the priority papers required by the statute is specified in 37 CFR 1.55(a).

*37 CFR 1.55 >Claim for foreign priority<*

(a) An applicant may claim the benefit of the filing date of a prior foreign application under the conditions specified in 35 U.S.C. 119 and 172. The claim to priority need be in no special form and may be made by the attorney or agent if the foreign application is referred to in the oath or declaration as required by § 1.63. The claim for priority and the certified copy of the foreign application specified in the second paragraph of 35 U.S.C. 119 must be filed in the case of interference ( § >1.630<); when necessary to overcome the date of a reference relied upon by the examiner; or when specifically required by the examiner, and in all other cases they must be filed not later than the date the issue fee is paid. If the papers filed are not in the English language, a translation need not be filed except in the three particular instances specified in the preceding sentence, in which event a sworn translation or a translation certified as accurate by a sworn or official translator must be filed. If the priority papers are submitted after the date the issue fee is paid, they must be accompanied by a petition requesting their entry and the fee set forth in § 1.17(i).

*****

It should first be noted that the Commissioner has by rule specified an earlier ultimate date than the date the patent is granted for filing a claim and a certified copy. The latest time at which the papers may be filed is the date of the payment of the issue fee, except that, under certain circumstances, they are required at an earlier date. These circumstances are specified in the rule as (1) in the case of interferences in which event the papers must be filed within the time specified in the interference rules, (2) when necessary to overcome the date of a reference relied upon by the examiner, and (3) when specifically required by the examiner.

In view of the shortened periods for prosecution leading to allowances, it is recommended that priority papers be filed as early as possible. Although >37 CFR< 1.55 permits the filing of priority papers up to and including the date for payment of the issue fee, it is advisable that such papers be filed promptly after filing the application. Frequently, priority papers are found to be deficient in material respects, such as for example, the failure to include the correct certified copy, and there is not sufficient time to remedy the defect. Occasionally a new oath or declaration may be necessary where the original oath or declaration omits the reference to the foreign filing date for which the benefit is claimed. The early filing of priority papers would thus be advantageous to applicants in that it would afford time to explain any inconsistencies that exist or to supply any additional documents that may be necessary.

It is also suggested that a pencil notation of the serial number of the corresponding U.S. application be placed on the priority papers. Such notation should be placed directly on the priority papers themselves even where a cover letter is attached bearing the U.S. application data. Experience indicates that cover letters and priority papers occasionally become separated, and without the suggested pencil notations on the priority papers, correlating them with the corresponding U.S. application becomes exceedingly difficult, frequently resulting in severe problems for both the Office and applicant. Adherence to the foregoing suggestion for making a pencil notation on the priority document of the U.S. application data will result in a substantial lessening of the problem.

Priority papers filed after the date of payment of the issue fee will be accepted and acknowledged only >if filed before the patent is granted and< if a petition with fee ( § 1.17(i)) pursuant to 37 CFR 1.55(a) is filed and granted. **

## 201.14(b) Right of Priority, Papers Required [R-11]

The filing of the priority papers under 35 U.S.C. 119 makes the record of the file of the United States patent complete. The Patent and Trademark Office does not normally examine the papers to determine whether the applicant is in fact entitled to the right of priority and does not grant or refuse the right of priority, except as described in >MPEP< § 201.15 and in cases of interferences.

The papers required are the claim for priority and the certified copy of the foreign application. The claim to priority need be in no special form, and may be made by the attorney or agent at the time of transmitting the certified copy if the foreign application is the one referred to in the oath or declaration of the U.S application. No special language is required in making the claim for priority and any expression which can be reasonably interpreted as claiming the benefit of the foreign application is accepted as the claim for priority. The claim for priority may appear in the oath or declaration with the recitation of the foreign application.

The certified copy which must be filed is a copy of the original foreign application with a certification by the patent office of the foreign country in which it was filed. Certified copies ordinarily consist of a copy of the specification and drawings of the applications as filed with a certificate of the foreign patent office giving certain information. "Application" in this connection is not considered to include formal papers such as a petition. A copy of the foreign patent as issued does not comply since the application as filed is required; however, a copy of the printed specification and drawing of the foreign patent is sufficient if the certification indicates that it corresponds to the application as filed. A French patent stamped "Service De La Propriete Industrielle — Conforme Aux Pieces Deposees A L' Appui de La Demande" and additionally bearing

a signed seal is also acceptable in lieu of a certified copy of the French application.

When the claim to priority and the certified copy of the foreign application are received while the application is pending before the examiner, the examiner should make no examination of the papers except to see that they correspond in >number,< date and country to the application identified in the oath or declaration and contain no obvious formal defects. The subject matter of the application is not examined to determine whether the applicant is actually entitled to the benefit of the foreign filing date on the basis of the disclosure thereof.

DURING INTERFERENCE

If priority papers are filed in an interference, it is not necessary to file an additional certified copy in the application file. The >examiner-in-chief<* will place then in the application file.

LATER FILED APPLICATIONS, REISSUES

Where the benefit of a foreign filing date based on a foreign application is claimed in a later filed application (i.e., continuation, continuation-in-part, division) or in a reissue application and a certified copy of the foreign application as filed, has been filed in a parent or related application, it is not necessary to file an additional certified copy in the later application. A reminder of this provision is found in Form Paragraph 2.20. The applicant when making such claim for priority may simply identify the application containing the certified copy. In such cases, the examiner should acknowledge the claim on form PTOL-326. Note copy in >MPEP< § 707.

If the applicant fails to call attention to the fact that the certified copy is in the parent or related application and the examiner is aware of the fact that a claim for priority under 35 U.S.C. 119 was made in the parent application, the examiner should call applicant's attention to these facts in an Office action, so that if a patent issues on the later or reissue application, the priority data will appear in the patent. In such cases, the language of Form Paragraph 2.20 should be used.

¶ *2.20 Priority Papers in Parent Application.*

Applicant is reminded that in order for a patent issuing on the instant application to obtain the benefit of priority based on priority papers filed in parent application Serial No. [1] under 35 U.S.C. 119, a claim for such priority must be made in this application. In making such claim, applicant may simply identify the application containing the priority papers.

Where the benefit of a foreign filing date, based on a foreign application, is claimed in a later filed application or in a reissue application and a certified copy of the foreign application, as filed, has not been filed in a parent or related application, a claim for priority may be made in the later application. *In re Tangsrud*, 184 USPQ 746 (Comm'r, Pat. 1973). When such a claim is made in the later application and a certified copy of the foreign application is placed therein, the examiner should acknowledge the claim on form PTOL-326. Note copy in >MPEP< § 707.

WHERE AN ACTUAL MODEL WAS ORIGINALLY FILED IN GERMANY

The German design statute does not permit an applicant having an establishment or domicile in the Federal Republic of Germany to file design patent applications with the German Patent Office. These German applicants can only obtain design protection by filing papers or an actual deposit of a model with the judicial authority ("Amtsgericht") of their principal establishment or domicile. Filing with the German Patent Office is exclusively reserved for applicants who have neither an establishment or domicile in the Federal Republic of Germany. The deposit in an "Amtsgericht" has the same effect as if deposited at the German Patent Office and results in a "Geschmacksmuster" which is effective throughout Germany.

In implementing the Paris Convention, 35 U.S.C. 119 requires that a copy of the original foreign application, specification and drawings certified by the patent office of the foreign country in which filed, shall be submitted to the Patent and Trademark Office, in order for an applicant to be entitled to the right of priority in the United States.

Article 4, section A(2) of the Paris Convention however states that "(a)ny filing that is equivalent to a regular national filing under the domestic legislation of any country of the Union . . . shall be recognized as giving rise to the right of priority." Article 4D(3) of the Convention further provides that countries of the Union may require any person making a declaration of priority to produce a copy of the previously filed application (description, drawings, etc.) certified as correct by the authority which received this application.

As far as the physical production of a copy of the earlier filed paper application is concerned, an applicant should have no difficulty in providing a copy, certified by the authority which received it, if >the< earlier filed application contained drawings illustrating >the< design. A problem, however, arises when the only prior "regular national filing" consisted of the deposit of an actual model of the design. 35 U.S.C. 119 is silent on this subject.

Therefore, the Patent and Trademark Office will receive as evidence of an earlier filed German design application under 35 U.S.C. 119, drawings or acceptable clear photographs of the deposited model faithfully reproducing the design embodied therein together with other required information, certified as being a true copy by an official of the court with which the model was originally deposited.

35 U.S.C. 119 also provides for the certification of the earlier filed application by the patent office of the foreign country in which it was filed. Because Article 4D(3) of the Paris Convention which 35 U.S.C. 119 implements refers to certification ". . . by the authority which received such application . . .", the reference to "patent office" in the statute is construed to extend also to the authority which is in charge of the design register, i.e., the applicable German court. As a consequence, an additional certification by the German Patent Office will not be necessary especially since Article 4D(3) of the Paris Convention provides that authentication shall not be required.

Although, as stated above, a "regular national filing" gives rise to the right of priority, the mere submission of a certified copy of the earlier filed foreign application, however, may not be sufficient to perfect that right in this country. For example, among other things, an application filed in a foreign country must contain a disclosure of the invention adequate to satisfy the requirements of 35 U.S.C. 112, in order to form the basis for the right of priority in a later filed United States application.

## 201.14(e) Right of Priority, Practice [R-11]

Before going into the practice with respect to those instances in which the priority papers are used to overcome a reference, there will first be described the practice when there is no occasion to use the papers, which will be in the majority of cases. In what follows in this section it is assumed that no reference has been cited which requires the priority date to be overcome.

NO IRREGULARITIES

When the papers under 35 U.S.C. 119 are received they are to be endorsed on the contents page of the file as "Letter (or amendment) and foreign application". Assuming that the papers are regular in form and that there are no irregularities in dates, the examiner in the next Office action will advise the applicant that the papers have been received on form PTOL-326 or by use of Form Paragraph 2.26.

*¶ 2.26 Claimed Priority, and Papers Filed*

Receipt is acknowledged of papers submitted under 35 U.S.C. 119, which papers have been placed of record in the file.

Where the priority papers have been filed in another application, use Form Paragraph 2.27.

*¶ 2.27* Acknowledge Priority Paper in Parent

Acknowledgment is made of applicant's claim for priority under 35 U.S.C. 119. The certified copy has been filed in parent application, Serial No. [1], filed on [2].

**Examiner Note:**

For problems with foreign priority see form paragraphs: 2.18 to 2.24.

The examiner will enter the information specified in >MPEP< § 202.03 on the face of the file wrapper.

If application is in interference when papers under 35 U.S.C. 119 are received see >MPEP § 2333.02<*.

PAPERS INCONSISTENT

If the certified copy filed does not correspond to the application identified in the application oath or declaration, or if the application oath or declaration does not refer to the particular foreign application, the applicant has not complied with the requirements of the rule relating to the oath or declaration. In such instances the examiner's letter, after acknowledging receipt of the papers, should require the applicant to explain the inconsistency and to file a new oath or declaration stating correctly the facts concerning foreign applications required by >37 CFR< 1.63 by using Form Paragraph 2.21.

*¶ 2.21 Oath, Declaration Does Not Contain Reference to Foreign Filing*

Receipt is acknowledged of papers filed under 35 U.S.C. 119 based on an application filed in [1] on [2]. Applicant has not complied with the requirements of 37 CFR 1.63(c) since the oath or declaration does not acknowledge the filing of any foreign application. A new oath or declaration is required in the body of which the present application should be identified by Serial No. and filing date.

Other situations requiring some action by the examiner are exemplified by other Form Paragraphs.

NO CLAIM FOR PRIORITY

Where applicant has filed a certified copy but has not made a claim for priority, use Form Paragraph 2.22.

*¶ 2.22 Certified Copy Filed, But No Claim Made*

Receipt is acknowledged of a certified copy of the [1] application referred to in the oath or declaration. If this copy is being filed to obtain the benefits of the foreign filing date under 35 U.S.C. 119, applicant should also file a claim for priority.

NOTE: Where the applicant's accompanying letter states that the certified copy is filed for priority purposes or for the convention date, it is accepted as a claim for priority.

FOREIGN APPLICATIONS ALL MORE THAN A YEAR BEFORE EARLIEST EFFECTIVE U.S. FILING

Where the earlier foreign application was filed more than 12 months prior to the U.S. application, use Form Paragraph 2.23.

*¶ 2.23 Foreign Filing More Than 12 Months*

Acknowledgement is made of applicant's claim for priority under 35 U.S.C. 119 based upon an application filed in [1] on [2]. A claim for priority under 35 U.S.C. 119 cannot be based on said application, since the United States application was filed more than twelve months thereafter.

SOME FOREIGN APPLICATIONS MORE THAN A YEAR BEFORE U.S. FILING

For example, where a British provisional specification was filed more than a year before a U.S. application, but the British complete application was filed within the year, and certified copies of both >were< submitted, language similar to the following should be used: "Receipt is acknowledged of papers filed on September 18, 1979, purporting to comply with the requirements of 35 U.S.C. 119. It is not seen how the claim for priority can be based on the British specification filed January 23, 1978, because the instant application was filed more than one year thereafter. However, the printed heading of the patent will note the claimed priority date based on the complete specification; i.e., November 1, 1978, for such subject matter as was not disclosed in the provisional specification."

### CERTIFIED COPY NOT THE FIRST FILED FOREIGN APPLICATION

Where the date of the priority claimed is not the date of the first filed foreign application on the same subject matter, use Form Paragraph 2.24.

*¶ 2.24 Claimed Priority Date Not the Earliest Date*

Receipt is acknowledged of papers filed on [1] purporting to comply with the requirements of 35 U.S.C. 119 and they have been placed of record in the file. Attention is directed to the fact that the date for which priority is claimed is not the date of the first filed foreign application acknowledged in the oath or declaration.

### NO CERTIFIED COPY

Where priority is claimed but no certified copy of the foreign application has been filed, use Form Paragraph 2.25.

*¶ 2.25 Claimed Priority, No Papers Filed*

Acknowledgment is made of applicant's claim for priority based on an application filed in [1] on [2]. It is noted, however, that applicant has not filed a certified copy of the [3] application as required by 35 U.S.C. 119.

Any unusual situation may be referred to the group director.

### APPLICATION IN ISSUE

When priority papers for applications which have been sent to the Patent Issue Division are received, the priority papers should be sent to the Patent Issue Division. The Patent Issue Division will acknowledge receipt of all such priority papers. If the issue fee has been paid applicant must petition under 37 CFR 1.55(a).

### RETURN OF PAPERS

It is sometimes necessary for the examiner to return papers filed under 35 U.S.C. 119 either upon request of the applicant, for example, to obtain a sworn translation of the certified copy of the foreign application, or because they fail to meet a basic requirement of the statute, such as where all foreign applications were filed more than a year prior to the U.S. filing date.

When the papers have not been given a paper number and endorsed on the file wrapper, it is not necessary to secure approval of the Commissioner for their return but they should be sent to the group director for cancellation of the Office stamps. Where the papers have been made of record in the file (given a paper number and endorsed on the file wrapper), a request for permission to return the papers should be addressed to the Commissioner of Patents and Trademarks and forwarded to the group director for approval. Where the return is approved, the written approval should be placed in the file wrapper. Any questions relating to the return of papers filed under 35 U.S.C. 119 should be directed to the Office of the Deputy Assistant Commissioner for Patents.

## 201.14(d) Proper Identification of Priority Application [R-11]

In order to help overcome problems in determining the proper identification of priority applications for patent documentation and printing purposes, the following tables have been prepared which set out for >various< countries the forms of acceptable presentation of application numbers.

The tables should enable applicants, examiners and others to extract from the various formats the minimum required data which comprises a proper citation.

Proper identification of priority applications is essential to establishing accurate and complete relationships among various patent documents which reflect the same invention. Knowledge of these relationships is essential to search file management, technology documentation and various other purposes.

The tables show the forms of presentation of application numbers as used in the records of the source or originating patent office. They also show, under the heading "Minimum Significant Part of the Number", the simplified form of presentation which should be used in United States Patent and Trademark Office records.

Note particularly that in the simplified format that:

(1) Alpha symbols preceding numerals are eliminated in all cases except Hungary.

(2) A decimal character and numerical subset as part of a number is eliminated in all cases except France.

(3) Use of the dash ( — ) is reduced, but is still an essential element of application numbers, in the case of Czechoslovakia, Japan, and Venezuela.

### MINIMUM SIGNIFICANT PART OF AN APPLICATION NUMBER PROVIDING UNIQUE IDENTIFICATION OF AN APPLICATION

TABLE I — *Countries Using Annual Application Number Series*

| Country # | Example of application number at source | Minimum significant part of the number | Remarks |
|---|---|---|---|
| Austria [AT] | A 12116/69 | 12116/69 | The letter A is common to all patent applications. |
| Czechoslovakia [CS] | PV3628-72 | 3628-72 | PV is an abbreviation meaning "application of invention". |
| Denmark [DK] | 68/2986 | 68/2968 | |
| Egypt [EG] | 487-1968 | 487-1968 | |
| Finland [FI] | 3032/69 (old numbering system) | 3032/69 | |
| | 752032 (new numbering system) | 752032 | New numbering system introduced on January 1, 1975. First two digits indicate year of application. |
| France [FR] | 69.38066 | 69.38066 | |
| | 73 19346 | 73 19346 | Deletion of the intermediary full stop from this number onwards. |

### MINIMUM SIGNIFICANT PART OF AN APPLICATION NUMBER PROVIDING UNIQUE IDENTIFICATION OF AN APPLICATION (Continued)

| Country # | Example of application number at source | Minimum significant part of the number | Remarks |
|---|---|---|---|
| Note: All French applications are numbered in a single annual series, e.g. demande de brevet, demande de certificat d'addition (first addition; second addition, etc.) | | | Annual series of numbers is used for all applications of patent documents. The number allotted to an application at its filing (national registration number) is also the number of the granted patent. |
| Germany, Fed. Rep. of [DE] | P 1940738//6-24 | 1940738 | P= Patent. The first two digits of the number represent the last two digits of the year of Application less 50 (e.g., 1969 less 50=19; 1973 less 50=23). The first digit after the period is an error control digit. The two digits following the dash indicate the examining division. |
| | G 6947580.5 | *6947580 | G=Gebrauchsmuster. The first two digits represent the last two digits of the year of the application. The difference in numbering scheme of the first two digits affords unique identification of this type of application. However, see note below (*). The digit after the period is for error control. |
| Ireland [IE] | 1152/69 | 1152/69 | |
| Italy [IT] | 28039-A/70 | 28039/70 | Application numbers are not presented on published patent documents or given in an official gazette. An exclusive block of application numbers is given annually to each of 93 provincial bureaus where patent applications may be filed. In 1973, 90,000 numbers were allotted, whereas an estimated total of 30,000 applications were expected to be filed. While, as a consequence, gaps will exist in the ultimately used numbers, each application has a unique number. For this purpose, neither the dash nor the letter identifying the receiving bureau, which follow the application number, is needed. |
| Japan [JP] | 46-69807<br>46-81861 | 46-69807<br>*46-81864 | The two digits before the dash indicate the year of the Emperor's reign in which the application was filed (46=1971). Patent and utility model applications are numbered in separate series. The examples given were filed on the same day. |
| Netherlands [NL] | 7015038 | 7015038 | First two digits indicate year of application. |
| Norway [NO] | 1748/70 (old numbering system) | 1748/70 | |
| | 74001 (new numbering system) | 740001 | New numbering system introduced on January 1, 1974. First two digits indicate year of application. |
| South Africa [ZA] | 70/4865 | 70/4865 | |
| Sweden [SE] | 16414/70 | 16414/70 | The new numbering system was introduced January 1, 1973. |
| | 7300001-0 (new system) | 7300001 | First two digits indicate year of application. The digit after the dash is used for computer control. |
| Switzerland [CH] | 15978/70 | 15978/70 | |
| United Kingdom [GB] | 41352/70 | 41352/70 | |
| Venezuela [VE] | 2122-68 | 2122-68 | |
| Yugoslavia [YU] | P1135/66 | 1135/66 | |
| Zambia [ZM] | 142/70 | 142/70 | |

TABLE II. — *Countries Using Other Than an Annual Application Number Series*

| Country # | Example of application number at source | Minimum significant part of the number | Remarks |
|---|---|---|---|
| Argentina [AR] | 231790 | 231790 | |
| Australia [AU] | 59195/69 | 59195/69 | Long series spread over several years. New series started in 1970. |
| Belgium [BE] | 96469 | 96469 | Application numbers are not presented on published patent documents or given in an official gazette. A series of parallel numbers is provided to each of 10 offices which, respectively, may receive applications (control office+9 provincial bureaus) and assign application numbers. Series was started in 1958. Since an application number does not uniquely identify a BE document, the patent number is often cited as the "priority application number". |
| Brazil [BR] | 222986 | 222986 | |
| Bulgaria [BG] | 11572 | 11572 | |
| Canada [CA] | 103828 | 103828 | |
| Colombia [CO] | 126050 | 126050 | |
| Cuba [CU] | 33384 | 33384 | |
| German (Dem. Rep.) [DD] | AP84c/137355<br>WP35b/147203 | 137355<br>147203 | AP=Ausschliessungspatent; WP =Wirtschaftspatent. The other symbols before the slash are classification symbols. A single numbering series covers both AP and WP applications. |
| Greece [GR] | 44114 | 44114 | |
| Hungary [HU] | OE 107 | OE 107 | The letters preceding the number are essential for identifying the application. They are the first letter and the first following vowel of the applicant's name. There is a separate numbering series for each pair of letters. |
| Israel [IL] | 35691 | 35691 | |
| Luxembourg [LU] | 60093 | 60093 | |
| Mexico [MX] | 123723 | 123723 | |
| Monaco [MC] | 908 | 908 | |
| New Zealand [NZ] | 161732 | 161732 | |
| OAPI (OA) | 52118 | 52118 | |
| Philippines [PH] | 11929 | 11929 | |
| Poland [PO] | P144826 44987 | 144826<br>*44987 | |
| Portugal [PT] | P52-555 5607 | 52555<br>*5607 | |

TABLE II. — *Countries Using Other Than an Annual Application Number Series* (Continued)

| Country # | Example of application number at source | Minimum significant part of the number | Remarks |
|---|---|---|---|
| Romania [RO] | 65211 | 65211 | |
| Soviet Union [SU] | 1397205/30-15 | 1397205 | The numbers following the slash denote the examination division and a processing number. |
| United Sates [US] | 889877 | 889877 | The highest number assigned in the series of numbers started in January 1960. New series started January 1970,January 1979 and January 1987. |

># ICIREPAT Country Code is indicated in brackets, e.g., [AR]

In order to distinguish utility model applications from patent applications, it is necessary to identify them as to type of application in citations or references. This may be done by using the name of the application type in conjunction with the number or by using the symbol "U" in brackets or other enclosure following the number.<

## 201.15 Right of Priority, Overcoming a Reference [R-11]

The only times during ex parte prosecution that the examiner considers the merits of an applicant's claim of priority is when a reference is found with an effective date between the date of the foreign filing and the date of filing in the United States and when an interference situation is under consideration. If at the time of making an action the examiner has found such an intervening reference, he or she simply rejects whatever claims may be considered unpatentable thereover, without paying any attention to the priority date (assuming the papers have not yet been filed). The applicant in his or her response may argue the rejection if it is of such a nature that it can be argued, or present the foreign papers for the purpose of overcoming the date of the reference. If the applicant argues the reference, the examiner, in the next action in the case, may specifically require the foreign papers to be filed in addition to repeating the rejection if it is still considered applicable, or he or she may merely continue the rejection.

Form Paragraph 2.19 may be used in this instance.

*¶ 2.19 Overcome Rejection by Translation*

Applicant cannot rely upon the foreign priority papers to overcome the rejection because a certified translation of said papers has not been made of record. See MPEP 201.15.

**Examiner Note:**

This paragraph should follow a rejection based on an intervening reference.

In those cases where the applicant files the foreign papers for the purpose of overcoming the effective date of a reference a translation is required, if the foreign papers are not in the English language. When the examiner requires the filing of the papers, the translation should also be required at the same time. This translation must be a sworn translation or a translation certified as accurate by a sworn or official translator. When the necessary papers are filed to overcome the date of the reference, the examiner's action, if he or she determines that the applicant is not entitled to the priority date, is to repeat the rejection on the reference, stating the reasons why the applicant is not considered entitled to the date. If it is determined that the applicant is entitled to the date, the rejection is withdrawn in view of the priority date.

If the priority papers are already in the file when the examiner finds a reference with the intervening effective date, the examiner will study the papers, if they are in the English language, to determine if the applicant is entitled to their date. If the applicant is found to be entitled to the date, the reference is simply not used but may be cited to applicant on form PTO-892. If the applicant is found not entitled to the date, the unpatentable claims are rejected on the reference with an explanation. If the papers are not in the English language and there is no translation, the examiner may reject the unpatentable claims and at the same time require an English translation for the purpose of determining the applicant's right to rely on the foreign filing date.

The foreign application may have been filed by and in the name of the assignee or legal representative or agent of the inventor, as applicant. In such cases, if the certified copy of the foreign application corresponds with the one identified in the oath or declaration as required by 37 CFR 1.63 and no discrepancies appear, it may be assumed that the inventors are **>entitled to the claim for priority<. If there is disagreement as to inventors on the certified copy, the priority date should be refused until the inconsistency or disagreement is resolved.

The most important aspect of the examiner's action pertaining to a right of priority is the determination of the identity of invention between the U.S. and the foreign applications. The foreign application may be considered in the same manner as if it had been filed in this country on the same date that it was filed in the foreign country, and the applicant is ordinarily entitled to any claims based on such foreign application that he >or she< would be entitled to under our laws and practice. The foreign application must be examined for the question of sufficiency of the disclosure under 35 U.S.C. 112, as well as to determine if there is a basis for the claims sought.

In applications filed from the United Kingdom there may be submitted a certified copy of the "provisional specification," which may also in some cases be accompanied by a copy of the "complete specification." The nature and function of the United Kingdom provisional specification is described in an article in the Journal of the Patent Office Society of November 1936, pages 770-774. According to United Kingdom law the provisional specification need not contain a complete disclosure of the invention in the sense of 35 U.S.C. 112, but need only describe the general nature of the invention, and neither claims nor drawings are required. Consequently, in considering such provisional specifications, the question of completeness of disclosure is important. If it is found that the United Kingdom provisional specification is insufficient for lack of disclosure, reliance may then be had on the complete specification and its date, if one has been presented, the complete specification then being treated as a different application >and disregarded as to the requirement to file within one year<.

In some instances the specification and drawing of the foreign application may have been filed at a date subsequent to the filing of the petition in the foreign country. Even though the petition is called the application and the filing date of this petition is the filing date of the application in a particular country, the date accorded here is the date on which the specification and drawing were filed.

It may occasionally happen that the U.S. application will be found entitled to the filing date of the foreign application with respect to some claims and not with respect to others. Occasionally *>a sole or joint< applicant may rely on two or more different foreign applications and may be entitled to the filing date of one of them with respect to certain claims and to another with respect to other claims.

## >201.16 Using Certificate of Correction to Perfect Claim for Priority under 35 U.S.C. 119 [R-11]

Under 35 U.S.C. 119, an applicant may assert a right of priority and claim the benefit of an earlier filing date in a foreign country, in this regard, 35 U. S. C. 119 states:

> No application for patent shall be entitled to this right of priority unless a claim therefor and a certified copy of the original foreign application, specification and drawings upon which it is based are filed in the Patent and Trademark Office before the patent is granted...

The failure to perfect a claim to foreign priority benefit prior to issuance of the patent may be cured by filing a reissue application: *Brenner v. State of Israel*, 158 USPQ 584 (CA DC 1968).

However, under certain conditions, this failure may also be cured by filing a Certificate of Correction request under 35 U.S.C. 255 and 37 CFR 1.323. For example, in the case of *In re Van Esdonk*, 187 USPQ 671 (Comr. 1975), the Commissioner granted a request to issue a Certificate of Correction in order to perfect a claim to foreign priority benefits. In that case, a claim to foreign priority benefits had not been filed in the application prior to issuance of the patent. However, the application was a continuation of an earlier application in which the requirements of 35 U.S.C. 119 had been satisfied. Accordingly, the Commissioner held that the "applicants' perfection of a priority claim under 35 U.S.C. 119 in the parent application will satisfy the statute with respect to their continuation application."

Although *In re Van Esdonk* involved the patent of a continuation application filed under 37 CFR 1.60, it is proper to apply the holding of that case in similar factual circumstances to any patented application having benefits under 35 U.S.C. 120. This is primarily because a claim to foreign priority benefits in a continuing application, where the claim has been perfected in the parent application, constitutes in essence a mere affirmation of the applicant's previously expressed desire to receive benefits under 35 U.S.C. 119 for subject matter common to the foreign, parent, and continuing applications.

In summary, a Certificate of Correction under 35 U.S.C. 255 and 37 CFR 1.323 may be requested and issued in order to perfect a claim for foreign priority benefit in a patented continuing application if the requirements of 35 U.S.C. 119 had been satisfied in the parent application prior to issuance of the patent and the requirements of 37 CFR 1.55(a) are met.

However, a claim to foreign priority benefits cannot be perfected via a Certificate of Correction if the requirements of 35 U.S.C. 119 had not been satisfied in the patented application, or its parent, prior to issuance and the requirements of 37 CFR 1.55(a) are not met. In this latter circumstance, the claim to foreign priority benefits can be perfected only by way of a reissue application in accordance with the rationale set forth in *Brenner v. State of Israel, supra.*<

## 202 Cross-Noting

## 202.01 In Specification [R-11]

*37 CFR 1.78. >Claiming benefit of earlier filing date and< cross-references to other applications.*

(a) >An<* application >may claim<* an invention disclosed in a prior filed copending national application or international application designating the United States of America>. In order for an<** application >to claim the benefit of a prior filed copending national application, the prior application< must >name as an inventor at least one inventor named in the later filed application and disclose the named inventor's invention claimed in at least one claim of the later filed application in the manner provided by the first paragraph of 35 U.S.C. 112. In addition, the prior application must be (1) complete as set forth in § 1.51, or >(2)< entitled to a filing date as set forth in § 1.53(b) and include the basic filing fee set forth in § 1.16; or (3) entitled to a filing date as set forth in § 1.53(b) and have paid therein the processing and retention fee set forth in § 1.21(l) within the time period set forth in § 1.53(d). Any application claiming the benefit of a prior filed copending national or international must< contain or be amended to contain in the first sentence of the specification following the title a reference to such prior application, identifying it by serial number and filing date or international application number and international filing date and indicating the relationship of the applications. ** Cross-references to other related applications may be made when appropriate. (See § 1.14(b).)

*****

See also 37 CFR 1.79 and >MPEP< § 201.11.

There is seldom a reason for one application to refer to *>another< application >with no common<** applicant >where the applications are< not assigned to a common assignee. Such reference ordinarily should not be permitted.

## 202.02 Notation on File Wrapper of a Divisional, Continuation, Continuation-in-Part, or Substitute Application

The heading of a printed patent includes all identifying parent data of continuation-in-part, continuation, divisional, substitute, and reissue applications. Therefore, the identifying data of all parent or prior applications, when given in the specification must be inserted by the examiner in black ink on

the file wrapper in the case of a DIVISION, a CONTINUATION, a CONTINUATION-IN-PART and, whether given in the specification or not, in the case of a SUBSTITUTE Application.

Where parent or prior application data is preprinted on the file wrapper, the examiner should check that data for accuracy. Where the data is correct, the examiner should initial the file wrapper in the provided space. Should there be error in the preprinted application serial number, or omission of same, the application should be forwarded to the Application Division for correction or entry of the data, accompanied by an explanatory memorandum. Only these terms should be used to specify the relationship between applications because of clarity and ease of printing. The status of the parent application should also be indicated if it has been patented, abandoned, or published under either the Defensive Publication Program or the Trial Voluntary Protest Program. Note >MPEP< § 1302.04(f). The "None" boxes must be marked when no parent or prior application information is present on the file wrappers containing such boxes. This should be done no later than the first action.

The inclusion of parent or prior application information in the heading does not necessarily indicate that the claims are entitled to the benefit of the earlier filing date.

See >MPEP< § 306 for work done by the Assignment Division pertaining to these particular types of applications.

In the unlikely situation that there has been no reference to a parent application because the benefit of its filing date is not desired, no notation as to the parent case in made on the face of the file wrapper.

## 202.03 Notation On File Wrapper When Priority Is Claimed for Foreign Application

In accordance with >MPEP< § 201.14(c) the examiner will fill in the spaces concerning foreign applications on the face of the older file wrappers.

The information to be written on the face of the file wrapper consists of the country, application date (filing date), and if available, the application and patent numbers. In some instances, the particular nature of the foreign application such as "utility model" (Germany (Gebrauchsmuster) and Japan) must be written in parentheses before the application number. For example: Application Number (utility model) B62854.

At the present time the computer printed file wrapper labels include the prior foreign application information. The examiner should check this information for accuracy. Should there be error, the examiner should make the appropriate corrections directly on the file wrapper in black ink. The examiner should initial the file wrapper in the "VERIFIED" space provided when the information is correct or has been amended to be correct. However, the examiner must still indicate on the Office action and on the file wrapper whether the conditions of 35 U.S.C. 119 have been met.

If the filing dates of several foreign applications are claimed (see >MPEP< § 201.15, last paragraph) and satisfactory papers have been received for each, information respecting each of the foreign applications is to be entered on the face of the file wrapper.

The front page of the patent when it is issued, and the listing in the Official Gazette, will refer to the claim of priority, giving the country, the filing date, and the number of the application in those cases in which the face of the file has been endorsed.

## 202.04 In Oath or Declaration

As will be noted by reference to >MPEP< § 201.14, 37 CFR 1.63 requires that the oath or declaration include certain information concerning applications filed in any foreign country.

## 202.05 In Case of Reissues

37 CFR 1.179 requires that a notice be placed in the file of an original patent for which an application for reissue has been filed. See >MPEP< § 1431.

## 203 Status of Applications

## 203.01 New

A "new" application is one that has not yet received an action by the examiner. An amendment filed prior to the first Office Action does not alter the status of a "new" application.

## 203.02 Rejected

An application which, during its prosecution in the examining group and before allowance, contains an unanswered examiner's action is designated as a "rejected" application. Its status as a "rejected" application continues as such until acted upon by the applicant in response to the examiner's action (within the allotted response period), or until it becomes abandoned.

## 203.03 Amended

An "amended" or "old" application is one that having been acted on by the examiner, has in turn been acted on by the applicant in response to the examiner's action. The applicant's response may be confined to an election, a traverse of the action taken by the examiner or may include an amendment of the application.

## 203.04 Allowed or in Issue

An "allowed" application or an application "in issue" is one which, having been examined, is passed to issue as a patent, subject to payment of the issue fee. Its status as an "allowed" case continues from the date of the notice of allowance until it is withdrawn from issue or until it issues as a patent or becomes abandoned, as provided in 37 CFR 1.316. See >MPEP< § 712.

The files of allowed cases are kept in the Patent Issue Division, arranged by Batch Number.

## 203.05 Abandoned [R-11]

An abandoned application is, *inter alia*, one which is removed from the Office docket of pending cases (1) through formal abandonment by the applicant (acquiesced in by the assignee if there is one) or by the attorney or agent of record, (2) through failure of applicant to take appropriate action at some stage in the prosecution of the case or (3) for failure to pay the issue fee (>MPEP< §§ 203.07, 711 to 711.05, 712).

## 203.06 Incomplete [R-11]

An application lacking some of the essential parts and not accepted for filing is termed an incomplete application. (>MPEP< §§ 506 and 506.01).

## 203.07 Abandonment for Failure to Pay Issue Fee [R-11]

An allowed application in which the Issue Fee is not paid within three months after the Notice of Allowance >in accordance with 35 U.S.C. 151< is abandoned for that reason (37 CFR 1.316(a)). The issue fee may however be accepted by the Commissioner if on petition it is shown that the delay in payment was unavoidable and payment of the fee for delayed payment of the issue fee under 37 CFR 1.17(l), in which case the patent will issue as though no abandonment had occurred (>MPEP< § 712). (37 CFR 1.316(b)). The issue fee may also be accepted if on petition it is shown that the delay in payment was unintentional and upon payment of the fee for delayed payment of the issue fee under 37 CFR 1.17 (m), (37 CFR 1.316(c)).

## 203.08 Status Inquiries [R-11]

In an effort to sharply reduce the volume and need for status inquiries, the past policy that diligence must be established by making timely status requests in connection with petitions to revive has been discontinued.

When an application has been abandoned for an excessive period before the filing of a petition to revive on the basis that the delay was unavoidable, an appropriate terminal disclaimer may be required (37 CFR 1.316(d)). It should also be recognized that a petition to revive must be accompanied by the proposed response unless it has been previously filed (37 CFR 1.137). Also, under 37 CFR 1.113, "Response to a final rejection or action must include cancellation of, or appeal from the rejection of, each claim so rejected and, if any claim stands allowed, compliance with any requirement or objection as to form."

### NEW APPLICATION

Current examining procedures now provide for the routine mailing from the examining groups of Form PTOL-327 in *every* case of allowance of an application except where an Examiner's Amendment is promptly mailed. Thus, the separate mailing of a form PTOL-327 or an Examiner's Amendment in addition to a formal Notice of Allowance (PTOL-85) in all allowed cases would seem to obviate the need for status inquiries even as a precautionary measure where the applicant may believe his or her new application may have been passed to issue on the first examination. However, as an exception, a status inquiry would be appropriate where a Notice of Allowance is not received within three months from receipt of either a form PTOL-327 or an Examiner's Amendment.

Current examining procedures also aim to minimize the spread in dates among the various examiner dockets of each art unit and group with respect to actions on new applications. Accordingly, the dates of the "oldest new applications" appearing in the *Official Gazette* are fairly reliable guides as to the expected time frames of when the examiners reach the cases for action.

Therefore, it should be rarely necessary to query the status of a new application.

### AMENDED APPLICATIONS

Amended cases are expected to be taken up by the examiner and an action completed within two months of the date the examiner receives the case. Accordingly, a status inquiry is not in order after response by the attorney until five or six months have elapsed with no response from the Office. A post card receipt for responses to Office actions, adequately and specifically identifying the papers filed, will be considered *prima facie* proof of receipt of such papers. Where such proof indicates the timely filing of a response, the submission of a copy of the post card with a copy of the response will ordinarily obviate the need for a petition to revive. Proof of receipt of a timely response to a final action will obviate the need for a petition to revive only if the response was in compliance with 37 CFR 1.113.

### IN GENERAL

Such status inquiries as may be still necessary may be more expeditiously processed by the Office if each inquiry includes the application Serial Number, filing date, name of the applicant, name of the examiner who prepared the most recent Office action, and group art unit (taken from the most recent Office communication) in addition to the last known status of the application, and is accompanied by a stamped return-addressed envelope.

Status replies will be made by the Office clerical support force and will only indicate whether the application is awaiting action by the examiner or the applicant's response to an Office action. In the latter instance the mailing date of the Office action will also be given.

Inquiries as to the status of applications, by persons entitled to the information, should be answered promptly. Simple letters of inquiry regarding the status of applications will be transmitted from the Correspondence and Mail Division, to the examining groups for direct action. Such letters will be stamped "Status Letters."

If the correspondent is not entitled to the information, in view of 37 CFR 1.14, he or she should be so informed.

For Congressional and other official inquiries see >MPEP< § 203.08(a).

The original letter of inquiry should be returned to the correspondent together with the reply. The reply to an inquiry which includes a self-addressed, postage-paid post card should be made on the post card without placing it in an envelope.

In cases of allowed applications, a memorandum should be pinned to the inquiry with a statement of date it was forwarded to the Patent Issue Division. The memorandum and inquiry should then be sent to the Patent Issue Division. This Division will notify the inquirer of the date of the notice of allowance and the status of the application with respect to payment of the issue fee and abandonment for failure to pay the issue fee.

In those instances where the letter of inquiry goes beyond mere matters of inquiry, it should not be marked as a "status letter", or returned to the correspondent. Such letters must be entered in the application file as a permanent part of the record. The inquiry should be answered by the examiner, however, and in a manner consistent with the provisions of 37 CFR 1.14.

Another type of inquiry is to be distinguished from ordinary status letters. When a U.S. application is referred to in a foreign patent (for priority purposes, for example), inquiries as to the status of said application (abandoned, pending, patented) should be forwarded to the Application Division (>MPEP< § 102).

Telephone inquiries regarding the status of applications, by persons entitled to the information, should be directed to the group clerical personnel and not to the examiners. Inasmuch as the official records and applications are located in the clerical section of the examining groups, the clerical personnel can readily provide status information without contacting the examiners.

## 203.08(a) Congressional and Other Official Inquiries

Correspondence and inquiries from the White House, Members of Congress, embassies, and heads of Executive departments and agencies normally are cleared through the Office of the Assistant Commissioner for External Affairs.

When persons from the designated official sources request services from the Office, or information regarding the business of the Office, they should, under long-standing instructions, be referred, at least initially, to the Office of the Assistant Commissioner for External Affairs.

This procedure is used so that there will be uniformity in the handling of contacts from the indicated sources, and also so that compliance with directives of the Department of Commerce is attained.

Inquiries referred to in this section, particularly correspondence from Congress or the White House, should immediately be transmitted to the Office of the Assistant Commissioner for External Affairs by messenger, and the Office of the Assistant Commissioner for External Affairs should be notified by phone that such correspondence has been received.