UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEIT ELECTRIC COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13-cv-09339 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| CFL TECHNOLOGIES LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff and counter defendant Feit Electric Company, Inc.'s motion for leave to file an interlocutory appeal (Dkt. 179) is granted.

**Background**

Plaintiff Feit Electric Company, Inc. ("Feit") initiated these proceedings on December 31, 2013, when it filed a Declaratory Judgment Complaint alleging that the U.S. Patent Nos. 6,172,464 ("the '464 Patent") and 5,757,140 are unenforceable based on issue preclusion. Beacon Point Capital, LLC filed their counterclaim on June 9, 2014. The Court granted partial summary judgment to Feit on September 30, 2015, holding that the '464 Patent is unenforceable based on the issue preclusion effect of the prior inequitable conduct determinations. (Dkt. 65.) The Court denied Beacon's motion for reconsideration on November 23, 2015. (Dkt. 71.)

Beacon assigned to CFL Technologies LLC ("CFLT") a set of patents that includes the '464 Patent on June 15, 2018. The Court granted Beacon's motion to substitute CFLT as defendant and counter claimant and dismissed Beacon from the litigation on December 19, 2018. (Dkt. 152.) CFLT moved the Court for reconsideration of its September 30, 2015 order in light of the Federal Circuit's decision in *Voter Verified, Inc. v. Election Systems & Software LLC*, 887 F.3d 1376 (Fed. Cir. 2018), cert. denied, 139 S.Ct. 813, 202 L. Ed. 2d 577 (2019), which was issued after the Court's

1

last ruling on the matter. (Dkt. 157.) The Court granted CFLT's motion for reconsideration on August 8, 2019. (Dkt. 171.) Feit now moves for leave to file an interlocutory appeal of that order. (Dkt. 179.) Feit seeks appellate resolution of the following question:

> Whether, as this Court found based on *Voter Verified*, the change in law exception applies in a case involving the very same conduct and issue litigated in a prior final, non-appealable judgment.

**Legal Standard**

A district court may grant a party leave to file an interlocutory appeal of an order when the question for certification is (1) a question of law, (2) which is controlling (3) and contestable, and (4) its resolution will speed up the litigation. *See Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 675–76 (7th Cir. 2000); 28 U.S.C. § 1292(b). Each condition is necessary. *See Ahrenholz*, 219 F.3d at 676. Additionally, the motion for leave to appeal must be filed with the district court within a reasonable time after the order at issue is entered. *Id.* at 675.

The decision of whether to permit an interlocutory appeal is within this Court's discretion. *See Janusz v. City of Chicago*, No. 03 C 4402, 2013 WL 12331279, at *1 (N.D. Ill. June 21, 2013) (Gottschall, J.). Because these appeals are a drain on judicial resources and tend to cause delay in the lower court's proceedings, they should be granted sparingly. *See S.E.C. v. Buntrock*, No. 02 C 2180, 2003 WL 260711, at *1 (N.D. Ill. Feb. 3, 2003) (Andersen, J.).

**Analysis**

*Controlling Question of Law*

A question of law in this context means an abstract, "purely" legal issue, "something the court of appeals could decide quickly and cleanly without having to study the record." *Ahrenholz*, 219 F.3d at 676–77. That requirement is met in this case, as the issue is purely legal and does not require an extensive review of the record.

"A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). The Seventh Circuit has further explained that the term "controlling" connotes that an issue must be serious to the conduct of the litigation, either in a practical or legal sense. *See Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991). Importantly, a question may be controlling "even though its decision might not lead to reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense for the litigants." *Id.* The question of whether CFLT is precluded from enforcing the '464 Patent is serious to the litigation, as almost half of the claims brought by Plaintiff turn on that determination. Thus, it is controlling. CFLT does not dispute this factor.

*Contestability*

The next element to be considered is whether the issue before this Court is contestable. The standard for determining contestability is whether there is a "difficult central question of law which is not settled by controlling authority." *In re Brand Name Prescription Drugs Antitrust Litigation*, 878 F.Supp. 1078, 1081 (N.D. Ill. 1995) (Kocoras, J.). Where a controlling court of appeals has not decided an issue, the moving party must further demonstrate that a "substantial likelihood" exists that the district court ruling will be reversed if appealed. *Id.* This is more likely if there are a substantial number of decisions conflicting with the district court's order regarding the controlling question of law. *See In re Kmart Corp.*, No. 04 C 4978, 2004 WL 2222265, at *2 (N.D. Ill. October 1, 2004) (St. Eve, J.).

Feit argues that under *Morgan v. Department of Energy*, 424 F.3d 1271 (Fed. Cir. 2005), CFLT would be precluded from enforcing the '464 Patent because the facts at issue are identical to those previously litigated. This result is contrary to this Court's ruling in its August 8, 2019 order (Dkt. 171), where it relied on *Voter Verified* and *Dow Chemical Company v. Nova Chemicals Corporation*

3

*(Canada)*, 803 F.3d 620 (Fed. Cir. 2015) to determine that the change in law exception applies even if the facts at issue remain unchanged. The Court itself recognized this tension in the Federal Circuit's case law in its order, but ultimately decided to follow the more recent and patent-specific statements.

As the Court previously expressed, whether the change in law exception applies in this case depends on which Federal Circuit precedent the Court applies, *Morgan* or *Dow and Voter Verified*. Clearly, the case law on how to reconcile the inconsistency is thin at best. The District of Delaware, which has parallel litigation on the '464 Patent, resolved the issue relying on *Dow and Voter Verified*, but noted that "Defendants are correct that application of the *Morgan* rule would lead to a different result in this case . . . I am not certain how reconcilable *Morgan* is with *Dow Chemical* and *Voter Verified*." *CFL Techs. LLC v. Osram Sylvania, Inc.,* No. 1:18-CV-01445-RGA, 2019 WL 2995815, at *5 (D. Del. July 9, 2019). The Court maintains that it appropriately applied the patent-specific cases, *Dow and Voter Verified*, but nonetheless concludes that the inconsistent standards from the Federal Circuit make this a contestable issue.

*Expediting The Litigation*

Whether interlocutory review will potentially speed up the litigation presents a close question, particularly in view of the fact that the suit has been pending since 2013. Moreover, a decision on the applicability of collateral estoppel, while potentially dispositive of the claims pertaining to the '464 Patent, will not end the litigation. Nevertheless, "[t]he promise to speed up the litigation does not require that the interlocutory appeal resolve the matter in its entirety; it is sufficient that an interlocutory appeal would remove uncertainty about the status of a claim that might delay settlement or resolution." *F.D.I.C. v. Mahajan*, No. 11 C 7590, 2013 WL 3771419, at *3 (N.D. Ill. July 16, 2013) (Kendall, J.) (citing *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012)). The parties have informed the Court that they remain far apart on settlement because of a lack of clarity on the viability of the '464 Patent. Thus, uncertainty about the status of

4

the claims relating to the '464 Patent may delay settlement, and by doing so further protract the litigation.

*Timeliness*

Finally, Feit moved the Court for leave to file an interlocutory appeal within a reasonable time of the order it seeks to appeal. The Court issued its order on August 8, 2019 and Feit filed its motion on September 13, 2019.

**Conclusion**

While interlocutory appeals are rarely granted, the Court, in its discretion, finds that this is a case where clarification on the law from the Federal Circuit at this point in the case is in the interest of justice. Accordingly, and given that Feit's motion is timely and it has met all the statutory requirements under §1292(b), its motion for leave to file an interlocutory appeal is granted.

IT IS SO ORDERED.

Date: 12/20/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge