UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEIT ELECTRIC COMPANY, INC., <br><br> Plaintiff and Counterclaim-Defendant, <br><br> v. <br><br> CFL TECHNOLOGIES LLC, <br><br> Defendant and Counterclaim-Plaintiff. | Case No. 13-cv-09339 <br><br> Hon. Sharon Johnson Coleman |

**MEMORANDUM IN SUPPORT OF FEIT ELECTRIC COMPANY, INC.'S
MOTION FOR LEAVE TO FILE AN INTERLOCUTORY APPEAL**

**TABLE OF CONTENTS**

**INTRODUCTION** ...................................................................................................................1

**BACKGROUND** .....................................................................................................................3

**LEGAL STANDARD** .............................................................................................................5

**ARGUMENT** ..........................................................................................................................6

**I.     FEIT ELECTRIC'S REQUEST FOR INTERLOCUTORY APPEAL RESTS EXCLUSIVELY ON QUESTIONS OF LAW** ...................................................6

**II.    THE QUESTIONS OF LAW ARE CONTROLLING** ..................................................7

**III.   THE CONTROLLING QUESTION OF LAW IS CONTESTABLE** .........................9

**IV.    CERTIFICATION WOULD MATERIALLY ADVANCE THE LITIGATION** ..................................................................................................................12

**V.     FEIT ELECTRIC'S MOTION WAS FILED WITHIN A REASONABLE TIME** ........................................................................................................................13

**CONCLUSION** .....................................................................................................................14

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Ahrenholz v. Bd. of Trs. of Univ. of Ill.*,
    219 F.3d 674 (7th Cir. 2000) ..................................................................................*passim*

*Aventis Pharma S.A. v. Hospira, Inc.*,
    675 F.3d 1324 (Fed. Cir. 2012) ........................................................................................10

*Boim v. Quranic Literacy Inst. & Holy Land Found. For Relief & Dev.*,
    291 F.3d 1000 (7th Cir. 2002) ...........................................................................................9

*City of Joliet v. Mid-City Nat. Bank*,
    No. 05 C 6746, 2008 WL 4889038 (N.D. Ill. June 13, 2008) .........................................13

*Costello v. BeavEx, Inc.*, No. 12 c 7843,
    2014 WL 12775669 (N.D. Ill. Dec. 1, 2014)................................................................*passim*

*Exergen Corp. v. Wal–Mart Stores, Inc.*,
    575 F.3d 1312 (Fed. Cir. 2009) .........................................................................................9

*Feit Electric Elec. Co., Inc. v. CFL Techs. LLC*,
    800 Fed. Appx. 911 (Fed. Cir. 2020) ................................................................................*4*

*In re Rembrandt Techs. LP Patent Litig.*,
    899 F.3d 1254 (Fed. Cir. 2018) .......................................................................................11

*Johnson v. Burken*,
    930 F.2d 1202 (7th Cir. 1991) ......................................................................................7, 8

*Kirkland & Ellis v. CMI Corp.*,
    No. 95 C 7457, 1996 WL 674072 (N.D. Ill. Nov. 19, 1996) ............................................8

*LG Elecs. v. Whirlpool Corp.*,
    No. 08 C 242, 2009 WL 5579006 (N.D. Ill. Nov. 23, 2009) ............................................9

*Monsanto Co. v. Bayer Biosci. N.V.*,
    514 F.3d 1229 (Fed. Cir. 2008) .......................................................................................10

*Nilssen v. Wal-Mart Stores, Inc.*,
    No. 04 C 5363, 2008 WL 11350028 (N.D. Ill. Mar. 17, 2008)..........................................3

*Nilssen, et al. v. Osram Sylvania Inc.*,
    440 F. Supp. 2d 884 (N.D. Ill. 2006)..................................................................................3

*Pavo Sols. LLC v. Kingston Tech. Co., Inc*,
  814CV01352JLSKES, 2019 WL 4390573 (C.D. Cal. June 26, 2019) .................................12

*Regeneron Pharms., Inc. v. Merus B.V.*,
  144 F. Supp. 3d 530 (S.D.N.Y. 2015) ................................................................................6

*Shell v. Burlington N. Santa Fe Ry. Co.*,
  No. 15-cv-11040, 2018 WL 6061473 (N.D. Ill. Nov. 20, 2018) (Coleman, J.) .................6, 12

*Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*,
  86 F.3d 656 (7th Cir. 1996) ..............................................................................................7

*Sterk v. Redbox Automated Retail, LLC*,
  672 F.3d 535 (7th Cir. 2012) ..........................................................................................12

*Sycamore IP Holdings LLC v. AT&T Corp.*,
  No. 16 CV 0588, 2017 WL 3394480 (E.D. Tex. Aug. 8, 2017) ......................................7, 11

*Therasense, Inc. v. Becton, Dickinson and Co.*,
  649 F.3d 1276 (Fed. Cir. 2011) ................................................................................*passim*

*Ulead Sys., Inc. v. Lex Computer & Mgmt. Corp.*,
  351 F.3d 1139 (Fed. Cir. 2003) ................................................................................*passim*

*United States v. Am. Bell Tel. Co.*,
  128 U.S. 315 (1888) .........................................................................................................9

*United States v. Kmart Corp.*,
  No. 12-CV-881-NJR-PMF, 2015 WL 11181734 (N.D. Ill. Jan. 12, 2015) ..........................13

## Federal Statutes

28 U.S.C. § 1292(b) .................................................................................................*passim*

## INTRODUCTION

In an unprecedented decision, this Court revived U.S. Patent No. 6,172,464 (the "'464 Patent") despite it having been unenforceable, based on a final judgment of this Court, for over a decade. This Court's revival came *after* the '464 Patent expired, raising additional issues of first impression, such as the time (if any) during which the '464 Patent was enforceable. Accordingly, Plaintiff Feit Electric Company, Inc. ("Feit Electric") sought clarification of the enforceability period, or alternatively, an early trial on inequitable conduct. That is, to determine how revival of a patent could apply in the face of the finality of judgments and decisions of this Court.

This Court agreed numerous questions needed resolution but decided to first hold a trial on inequitable conduct, informing the parties "to look at late April or early May 2021 to set a bench trial." Dkt. 226. Just two days before a status hearing, as the parties engaged in discovery and pre-trial exchanges, Defendant CFL Technologies LLC ("CFLT") filed a surprise motion for summary judgment of no inequitable conduct. Feit Electric opposed based on numerous issues of fact and further cross-moved for a finding of inequitable conduct on the single ground of knowingly making false claims of small entity status. This Court granted Defendant's motion making key findings of fact. However, there was no new evidence presented by Defendant. Rather, Defendant made bald denials or relied on rejected evidence to contradict this Court's previous findings of fact. This Court further held as a matter of law that a false claim of small entity status when making issue fee or maintenance payments could not rise to the level of inequitable conduct under the standards established by the Federal Circuit's *en banc* ruling in *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276 (Fed. Cir. 2011). *See* Dkt. 261 at 4-8. Feit Electric respectfully seeks interlocutory appeal of this latter issue of law, namely denial of its motion for summary judgment and the corresponding grant of CFLT's summary judgment regarding unenforceability based on small entity status.

As Feit Electric pointed out in its summary judgment briefing, "affirmative egregious misconduct," such as intentionally incorrect small entities payments, is *per se* material. Dkt. 238 at 14, n. 6. This Court instead framed the issue as "whether these post-allowance payments meet the but-for standard of materiality under *Therasense*," Dkt. 261 at 7. But *Therasense* explicitly established the "affirmative egregious misconduct" carve-out to the "but for" materiality standard and recognized a non-limiting example of such conduct as "the filing of an unmistakably false affidavit," *i.e.*, the same type of conduct at issue here. *See* 649 F.3d at 1292-93. By applying the "but-for" standard, this Court has limited the inequitable conduct inquiry to instances in which "the PTO would not have allowed a claim had it been aware" of the misconduct at issue. Dkt. 261 at 7. Describing the issue as a "conundrum," the Court reasoned that misrepresentation of small entity status when paying issue and maintenance fees could not satisfy the "but for" standard of *Therasense*, and therefore post-issuance conduct could not be material. *Id*. The Court failed to address *Ulead Sys., Inc. v. Lex Computer & Mgmt. Corp.*, which confirmed that conduct "material to the USPTO's acceptance of reduced maintenance fees" is therefore material to the "survival of the patent."[1] 351 F.3d 1139, 1146 (Fed. Cir. 2003). That case has not been expressly overturned and is presumed to be good law. This Court, no doubt, found this case to be in conflict with *Therasense,* warranting Federal Circuit intervention.

Feit Electric therefore seeks interlocutory appeal of the following issues of law: (1) whether the "but for" or "*per se*" standard applies to intentional deficient payments of small entity fees and/or false declarations; and (2) post-*Therasense* whether such misconduct can rise to the level of inequitable conduct. These questions affect both patents-in-suit, and resolving

---

[1] The proper payment of maintenance fees is essential to keeping the patent alive and continuing its monopoly over the public. Disregard for maintenance fees causes the patent to expire and the information contained therein to be free to public use.

2

them, either way, would significantly narrow the scope of this litigation going-forward.[2] Accordingly, pursuant to 28 U.S.C. § 1292(b), Feit Electric respectfully requests that this Court certify for immediate appeal its June 17, 2021 order (Dkt. 261) (the "2021 Order").

## BACKGROUND

At issue in this case are two patents: U.S. Patent Nos. 5,757,140 ("the '140 Patent") and 6,172,464 ("the '464 Patent"). Both involve now outdated technology, self-ballasted, screw-in compact fluorescent lamps. (Dkt. 15, Counterclaim at ¶¶ 4, 9-13). The '140 Patent issued on May 26, 1998, and expired on May 26, 2015. The '464 Patent issued on January 9, 2001, and expired on January 19, 2018.

The '464 Patent was determined by this Court to be unenforceable. After a week-long bench trial in 2006, this Court found that the patentee, Ole Nilssen, engaged in rampant and intentional fraud before the PTO. Based on his "obvious intent to mislead" the PTO, this Court rendered eleven of Nilssen's patents unenforceable. *Nilssen, et al. v. Osram Sylvania Inc.*, 440 F. Supp. 2d 884, 905 (N.D. Ill. 2006). Subsequently, in 2008, the '464 Patent was found to be unenforceable based on the same inequitable conduct. *See Nilssen v. Wal-Mart Stores, Inc.*, 04 C 5363, 2008 WL 11350028, at *3 (N.D. Ill. Mar. 17, 2008) ("Defendants argue that the '464 Patent should be held unenforceable… [due to] inequitable conduct justifying a finding that the '464 Patent is unenforceable. The court agrees."). Specifically, this Court held that the patentee's "intentional payment of small entity fees knowing that he did not qualify for such reduced fees, and his failure to disclose the then-pending litigation… amounts to inequitable conduct justifying a finding that the '464 Patent is unenforceable." *Id.* at *3. Those findings were upheld on appeal

---

[2] Feit Electric previously sought interlocutory appeal based on this Court's revival of the '464 Patent, however, the Federal Circuit declined to take up the matter because it was not dispositive of the action in view of the additional patent-in-suit. However, this interlocutory appeal seeks an order that would include both patents-in-suit.

and became final.

In 2013, Feit Electric brought this matter to confirm the unenforceability of the '464 Patent and establish the unenforceability of the '140 Patent. Accordingly, Feit Electric sought early summary judgment in this case. Dkt. 38 at 6-7. On September 30, 2015, this Court confirmed that the '464 Patent remained unenforceable and dismissed that claim against Feit Electric. Dkt. 65 at 1. This Court held collateral estoppel precluded assertion of the '464 Patent because the patent had been adjudicated "unenforceable after complete and final adjudication." *Id.* at 5. CFLT's predecessor moved for reconsideration of the Court's ruling, which this Court denied, holding that the '464 Patent was unenforceable and cannot be revived. Dkt. 71 at 3.

The '464 Patent thereafter expired. Months after its expiration, CFLT acquired the patents-in-suit and sought reconsideration, again, regarding the unenforceability of the '464 Patent. Dkt. 157. This Court granted CFLT's motion, reversing its prior opinions, but voiced its "concerns that this application of the change in law exception stands to eviscerate the doctrine of collateral estoppel and limits the finality of judgments, especially for patent cases that already frequently require years of litigation before final resolutions are reached." Dkt. 171 at 2, n. 1.

The revival of a previously held unenforceable patent in a final and unappealable decision is an issue of first impression, and based on the Court's cautionary concerns, this Court certified Feit Electric's request for interlocutory appeal. Dkt. 190 at 5 ("this is a case where clarification on the law from the Federal Circuit at this point in the case is in the interest of justice."). The Federal Circuit, however, declined to consider this matter on interlocutory appeal, finding that the issue was not ripe because the '464 Patent was only one of two patents in the litigation. *Feit Electric Elec. Co., Inc. v. CFL Techs. LLC*, 800 Fed. Appx. 911, 912 (Fed. Cir. 2020).

4

Accordingly, because the '464 Patent had expired *prior* to this Court's revival, on October 30, 2020, Feit Electric moved for clarification with respect to the enforceability scope or, alternatively, seeking bifurcation on the issue of inequitable conduct for both patents-in-suit. Dkt. 210. This Court decided to bifurcate inequitable conduct and to hold a bench trial on the matter. See Dkt. 224. However, with no prior notice, on February 24, 2021, CFLT filed a motion for summary judgment of no inequitable conduct. CFLT's motion offered no new evidence but rather statements that contradicted previous findings of fact made by the Court. Feit Electric filed a cross motion for summary judgment of unenforceability of both patents-in-suit for Nilssen's improper claims of small entity status on March 29, 2021. This Court granted CFLT's motion and denied Feit Electric's motion, thereby concluding there was no inequitable conduct as to both patents-in-suit and ostensibly precluding such a defense going-forward even though discovery, including expert discovery, remains in its early stages. *See* Dkt. 261.

Feit Electric respectfully seeks leave to file an interlocutory appeal on this Court's most recent order. This Court relied heavily on its interpretation of *Therasense*, to find that certain grounds no longer remained viable for purposes of inequitable conduct. As a result, this issue that this Court recognized stands to "eviscerate the doctrine of collateral estoppel and limits the finality of judgments" is now ripe for the Federal Circuit. Furthermore, the issue presented here is not based on collateral estoppel, but fundamental patent law – the proper standard to apply to the materiality prong of the inequitable conduct inquiry, and moreover, whether post-issuance misconduct such as the underpayment issue and maintenance fees, alone and in view of the corresponding declaration, with the specific intent to deceive the PTO can be material.

## LEGAL STANDARD

A district court may certify an order for immediate appeal if it finds that the order presents "a controlling question of law as to which there is substantial ground for difference of

opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Shell v. Burlington N. Santa Fe Ry. Co.*, No. 15-cv-11040, 2018 WL 6061473, at *4 (N.D. Ill. Nov. 20, 2018) (Coleman, J.). "There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). Additionally, the Seventh Circuit has also recognized a fifth, non-statutory criterion, that "the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed." *Id.* Feit Electric addresses each criterion in turn below.

**ARGUMENT**

I.  **FEIT ELECTRIC'S REQUEST FOR INTERLOCUTORY APPEAL RESTS EXCLUSIVELY ON QUESTIONS OF LAW.**

As used in Section 1292(b), "question of law" means an abstract legal issue or a pure question of law such as a "question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz*, 219 F.3d at 676-77. And, it must be "something that the court of appeals could decide quickly and cleanly without having to study the record." *Id.* Feit Electric seeks review of two distinct questions of law.

First, in the 2021 Order the Court found the Federal Circuit's "general guidance as to materiality" from its 2011 *en banc* opinion in *Therasense* to be "a better starting point" for its inquiry when applying the "but for" standard to materiality. Dkt. 261 at 7. But *Therasense* also "recognizes an exception in cases of affirmative egregious misconduct" which deals with "deliberately planned and carefully executed schemes to defraud the PTO and the courts." *Therasense*, 649 F.3d at 1292-93; *see also Regeneron Pharms., Inc. v. Merus B.V.*, 144 F. Supp.

6

3d 530, 562 (S.D.N.Y. 2015), *aff'd sub nom. Regeneron Pharms., Inc. v. Merus N.V.*, 864 F.3d 1343 (Fed. Cir. 2017) (post-*Therasense* decision noting that misconduct deemed *per se* material includes, but is not limited to, "fabricating evidence submitted to the PTO, executing a deliberately planned scheme to defraud the PTO, and concealing a rejection over prior art from a related application"). On this issue, this Court's ruling did not turn on facts, but rather on its interpretation and application of *Therasense* as it pertains to materiality. Application of the proper legal standard is an inherently legal question.

The second legal issue is whether *Ulead* remains good law, both on its own and its interaction with later case law questioning whether post-issuance misconduct such as the underpayment issue and maintenance fees with the specific intent to deceive the PTO can ever meet the "but for" standard for materiality as a matter of law. This Court declined to address *Ulead*, which is a Federal Circuit decision, but instead relied on *Sycamore IP Holdings LLC v. AT&T Corp.*, to find that under the "standard of but-for materiality adopted in Therasense, it is difficult to see why the failure to pay the proper maintenance fee, long after the issuance of the patent, was material to the PTO's issuance of the patent." No. 16 CV 0588, 2017 WL 3394480, at *3 (E.D. Tex. Aug. 8, 2017). Because the Court found that post-issuance underpayment of PTO fees necessary to the continued enforceability of the patent did not amount to inequitable conduct as a matter of law, it is ripe for the Federal Circuit to determine how to reconcile its *Ulead* decision with this Court's conclusion.

## II. THE QUESTIONS OF LAW ARE CONTROLLING.

A question of law is controlling if "it is quite likely to affect the further course of the litigation even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). A question is also controlling "if interlocutory reversal might save time for the district court, and time and expense for the litigants." *Johnson v.*

7

*Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991). Issues that substantially affect the amount of damages a plaintiff can recover have been held to be "controlling." *See Costello v. BeavEx, Inc.*, No. 12 c 7843, 2014 WL 12775669, at *2 (N.D. Ill. Dec. 1, 2014). A controlling question of law is one that would "require reversal if decided incorrectly or that could materially affect the course of the litigation with resulting savings of the court's or the parties' resources." *Kirkland & Ellis v. CMI Corp.,* No. 95 C 7457, 1996 WL 674072, at *3 (N.D. Ill. Nov. 19, 1996).

This Court's finding that the inventor's actions did not amount to inequitable conduct means that Feit Electric no longer has this defense on this matter. This Court granted CFLT's motion for summary judgment of no inequitable conduct, it did not simply deny Feit Electric's motion for summary judgment of inequitable conduct. Have the facts shown that there should in fact be no defense of inequitable conduct on any grounds? Have the parties not yet shown enough facts to rule at the summary judgment stage? Or do the facts line up with the proper standards under *Therasense* and its progeny, such that there is inequitable conduct and the patents-in-suit should be found unenforceable?

Furthermore, the present posture of the litigation leaves open the original issue of the '464 Patent. Specifically, as an unprecedented revived patent, what is the enforceability? When could the public have known that they would be liable for patent damages on a patent that was found unenforceable, expired, and then was revived? As the case currently stands, this is an issue of first impression for this Court. Therefore, the question of law is controlling because it would save the parties and this Court the time to litigate this new issue.

For at least these reasons, an interlocutory appeal will without question impact the time, expense, and scope of issues in this case for the parties and the Court. *See Johnson*, 930 F.2d at 1206.

### III. THE CONTROLLING QUESTION OF LAW IS CONTESTABLE.

"'A question of law is contestable if there are substantial conflicting decisions regarding the claimed controlling issue of law, or the question is not settled by controlling authority and there is a substantial likelihood that the district court ruling will be reversed on appeal.'" *Costello*, 2014 WL 12775669 at *2 (quoting *LG Elecs. v. Whirlpool Corp.*, No. 08 C 242, 2009 WL 5579006, at *6 (N.D. Ill. Nov. 23, 2009)). "Questions of first impression . . . [are] certainly contestable." *Boim v. Quranic Literacy Inst. & Holy Land Found. For Relief & Dev.*, 291 F.3d 1000, 1007–08 (7th Cir. 2002). These questions of first impression meet this criterion.

A defendant confronting a patent infringement suit has several equitable defenses that it can use to invalidate a patent. Inequitable conduct is one such defense with a very long common law history. *See, e.g., Therasense,* 649 F.3d at 1285 (although the defense of unenforceability due to inequitable conduct does not find express statutory basis, it is a judge-made doctrine that evolved from the "doctrine of unclean hands to dismiss patent cases involving egregious misconduct."); *see also United States v. Am. Bell Tel. Co.*, 128 U.S. 315, 356 (1888) (holding fraud in securing a patent could render patent unenforceable). As presently recognized, the doctrine of inequitable conduct is rooted in an individual's duties of candor and good faith with respect to the USPTO. *See* 37 C.F.R. § 1.56 ("Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office.").

Courts will not allow infringement actions on an individual's patents if "(1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO[.]" *Exergen Corp. v. Wal–Mart Stores, Inc.*, 575 F.3d 1312, 1327 n. 3 (Fed. Cir. 2009). The Federal

Circuit has held that district courts have no discretion whatsoever when faced with such misconduct. *See Monsanto Co. v. Bayer Biosci. N.V.*, 514 F.3d 1229, 1243 (Fed. Cir. 2008) ("[T]he unenforceability of a patent follows automatically once a patent is found to have been obtained via inequitable conduct.").

The Federal Circuit, sitting *en banc*, addressed inequitable conduct in *Therasense*. *See* 649 F.3d 1276. The decision addressed how prolific inequitable misconduct allegations had become in patent litigation, which consequently led to an imbalance of discovery expanding into corporate practices prior to filing a patent, attempts at attorney disqualification, and threats of inequitable conduct in the context of a single claim, which came with the risk of invalidating an entire patent. *Id.* at 1288. For these reasons, the Federal Circuit opted to "tighten[] the standards for finding both intent and materiality in order to redirect a doctrine that has been overused to the detriment of the public." *Id.* at 1290. The Federal Circuit has also recognized that pre-*Therasense* district court holdings of inequitable conduct may be upheld on appeal on the same facts even under the post-*Therasense* standard. *See, e.g.*, *Aventis Pharma S.A. v. Hospira, Inc.*, 675 F.3d 1324, 1336-37 (Fed. Cir. 2012) (pre-*Therasense* holding of inequitable conduct was found to satisfy *Therasense* standard on appeal).

*Therasense* held that, "as a general matter, the materiality required to establish inequitable conduct is but-for materiality." 649 F.3d at 1291. To determine whether a withheld reference, for example, is material, district courts must "determine whether the PTO would have allowed the claim if it had been aware of the undisclosed reference" using a preponderance of the evidence standard and giving claims "their broadest reasonable construction." *Id.* at 1292. The Federal Circuit refused to invalidate patents where misconduct had no actual impact on the final claim, noting that the patentee "obtains no advantage from misconduct if the patent would have

10

issued anyway." *Id.* But the Federal Circuit allowed for exceptions. "When the patentee has engaged in affirmative acts of egregious misconduct, such as the filing of an unmistakably false affidavit, the misconduct is material." *Id.* It reasoned that "a patentee is unlikely to go to great lengths to deceive the PTO with a falsehood unless it believes that the falsehood will affect issuance of the patent." *Id.* And regarding misconduct connected to post-issuance activities, i.e., the precise conduct at issue here, the Federal Circuit has found that misrepresentations of small entity status are "material to the USPTO's acceptance of reduced maintenance fees, and thus, survival of the patent." *Ulead Sys., Inc.*, 351 F.3d at 1146; *see also In re Rembrandt Techs. LP Patent Litig.*, 899 F.3d 1254, 1274 (Fed. Cir. 2018) (upholding finding of inequitable misconduct where patentee was accused of consciously allowing patents to expire prior to reviving for financial reasons; "[a]lthough the other misconduct occurred much later, the district court was entitled to weigh it when assessing the key players' trustworthiness and the likelihood that they had deceptive intent. For these reasons, the district court's finding of inequitable conduct by Paradyne was not erroneous.").

Numerous district courts have attempted to apply the *Therasense* standard to specific facts, but have in fact applied different legal standards. For instance, even the *Sycamore* court has held that it remains unsettled post-*Therasense* whether falsely claiming small entity status can constitute inequitable conduct. 2017 WL 3394480, at *4 ("Because those cases [discussing inequitable conduct in the context of improperly claiming small entity status] have not been specifically repudiated by the Federal Circuit in the aftermath of *Therasense*, the Court regards it as unsettled whether those cases are still good law, at least under the 'unclean hands' branch of the *en banc* majority opinion in *Therasense*."). Other courts have found that falsely claiming small entity status post-*Therasense* can constitute inequitable conduct, but have not uniformly

11

determined in what circumstances inequitable conduct has occurred. *See, e.g., Pavo Sols. LLC v. Kingston Tech. Co., Inc*, 814CV01352JLSKES, 2019 WL 4390573, at *5 (C.D. Cal. June 26, 2019).

Whether to apply the "affirmative egregious misconduct" standard, and whether post-issuance misconduct can be material are certainly contestable issues, and merit immediate appellate consideration.

### IV. CERTIFICATION WOULD MATERIALLY ADVANCE THE LITIGATION.

Section 1292(b) also requires that the district court determine whether an immediate appeal from the order at issue "may materially advance the ultimate termination of the litigation."[3] The word "may" in this provision is critical. Section 1292(b) *does not require* that an immediate appeal must undoubtedly materially advance the litigation; all that is required is that it *may* do so. *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012). Nor does material advancement of the litigation "require that the interlocutory appeal resolve the matter in its entirety; it is sufficient that an interlocutory appeal would remove uncertainty about the status of a claim that might delay settlement or resolution." *Costello*, 2014 WL 12775669 at *1.

An immediate appeal of the issue of inequitable conduct would materially advance the ultimate termination of the litigation by resolving a critical issue that would otherwise further complicate proceedings. *Shell*, 2018 WL 6061473, at *4 (granting motion to certify order for interlocutory appeal when doing so may provide "resolution to a contested issue that is certain to complicate any potential trial in this case.") This Court has itself found differently on separate occasions, first finding inequitable conduct by collateral estoppel, then continuing to find that the '464 Patent was dead and could not be revived, but then ultimately reviving it. Therefore, any guidance from the Federal Circuit could help guide this Court and the parties on issues of scope,

---

[3] The Seventh Circuit has articulated this provision to mean that appellate resolution of the issue should "promise to *speed up* the litigation." *Ahrenholz*, 219 F.3d at 675 (emphasis in original).

12

damages, claims of the patents-in-suit that can be asserted, and Feit Electric's defenses.

Alternatively, if the Federal Circuit finds in favor of Feit Electric and rules that the inventor's actions did constitute inequitable conduct rendering the patents unenforceable, then this case ends here and further appeal is unlikely. It would drastically shorten the time of this litigation and finally bring an end to this eight year long case. Interlocutory appeal may materially advance the litigation by addressing and clarifying these issues. *See United States v. Kmart Corp.*, No. 12-CV-881-NJR-PMF, 2015 WL 11181734, at *2 (N.D. Ill. Jan. 12, 2015) (immediate appeal may materially advance the litigation because it may narrow the issues and shorten the length of trial). Further, even if the Federal Circuit's determination is not dispositive, it will shed further light on the applicable standards and bases for inequitable conduct, such that the parties can factor this clarification into their ongoing discovery and proceedings in the matter.

**V.     FEIT ELECTRIC'S MOTION WAS FILED WITHIN A REASONABLE TIME.**

For a district court to certify an order for immediate appeal, the motion for certification must have been "filed in the district court within a *reasonable time* after the order sought to be appealed." *Ahrenholz*, 219 F.3d at 675. The 2021 Order issued on June 17, 2021, Dkt. 261, and on that same day, the Court set a status hearing for July 1, 2021. Dkt. 262. Feit Electric has carefully considered the issue and determined there is an issue of law that warrants review. Feit Electric further sought to properly consider the various determinations so as to focus on a narrow issue of law that encapsulates a broad spectrum of issues before this Court. Based on this review, Feit Electric promptly seeks appeal as it informed the Court it may do so during the July 1, 2021 hearing. Indeed, no further substantive steps have proceeded and much is left to do in this matter such that the timing of Feit Electric's motion is reasonable. *See City of Joliet v. Mid-City Nat. Bank*, No. 05 C 6746, 2008 WL 4889038, at *3 (N.D. Ill. June 13, 2008) (finding timely a

13

motion filed within several months of the orders sought to be appealed).

## CONCLUSION

This Court's Order finding that the inventor's improper payment of fees under the small entity status did not amount to inequitable conduct presents a controlling, contestable issue of law whose immediate appellate resolution may materially advance the ultimate disposition of this litigation. For the reasons stated above, Feit Electric respectfully requests that the Court grant its Motion for Leave to File an Interlocutory Appeal and, if accepted, stay further proceedings here during the pendency of the appeal.

Dated: July 19, 2021

Respectfully submitted,

/s/Kal Shah

Kal K. Shah
Simeon G. Papacostas
Zaiba Baig
Cristina Almendarez
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
Facsimile: 312.767.9192
kshah@beneschlaw.com
zbaig@beneschlaw.com

*Attorneys for Feit Electric Company, Inc.*

14

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2021, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

*s/Kal Shah*
*One of the attorneys for Feit Electric Company, Inc.*
