UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEIT ELECTRIC COMPANY, INC., | ) |
|     Plaintiff/Counter-Defendant, | ) Case No. 13-cv-9339 |
| v. | ) Judge Sharon Johnson Coleman |
| CFL TECHNOLOGIES, LLC, | ) |
|     Defendant/Counter-Plaintiff. | ) |

**MEMORANDUM OPINION AND ORDER**

On December 31, 2013, plaintiff Feit Electric Company, Inc. ("Feit") filed this declaratory action against defendant CFL Technologies, LLC's ("CFLT") predecessor alleging that U.S. Patent Nos. 6,172,464 ("the '464 Patent") and 5,757,140 ("the '140 Patent") are unenforceable. On June 17, 2021, the Court granted CFLT's motion for summary judgment and denied Feit's motion for summary judgment in relation to Feit's inequitable conduct affirmative defense. Before the Court is Feit's motion to certify an interlocutory appeal under 28 U.S.C. § 1292(b) challenging the Court's June 17 ruling. For the following reasons, the Court, in its discretion, denies Feit's motion.

**Background**

The patents-in-suit disclose and claim compact fluorescent lamp technology. The named inventor is Ole K. Nilssen, who is now deceased. In 1983, Nilssen began drafting and prosecuting his own patent applications pro se. Over the years, at least 240 U.S. Patents were issued in his name. These patents relate to electronic lighting products, including electronic ballasts and track lightning, as well as compact fluorescent lamp technology. The '140 and '464 Patents have expired.

In the June 17, 2021 ruling, the Court granted CFLT's summary judgment motion concluding that Nilssen's conduct in relation to his assertion of small entity status to the Patent and Trademark Office ("PTO") did not amount to inequitable conduct under the standard set forth in *Therasense, Inc. v. Becton, Dickinson & Co.,* 649 F.3d 1276, 1291 (Fed. Cir. 2011) (en banc). The Court rejected Feit's

assertion that Nilssen's failure to disclose the *Motorola* litigation amounted to inequitable conduct, especially because Feit did not present evidence that Nilssen had the specific intent to deceive the PTO as required by *Therasense*. In addition, the Court rejected Feit's argument that Nilssen falsely claimed a priority date of March 20, 1978, in the recitation of patent ancestry because the argument was not supported by the record, along with Feit's failure to present evidence of Nilssen's specific intent to deceive. Last, the Court granted CFLT's motion in respect to Feit's argument that Nilssen failed to disclose certain prior art because Feit failed to develop its argument and did not address the specific intent requirement under *Therasense*, but instead, relied on pre-*Therasense* authority. The Court presumes familiarity with its June 17, 2021 ruling.

**Legal Standard**

There are four statutory criteria required in order to grant a § 1292(b) motion: (1) there must be a question of law; (2) the question of law must be controlling; (3) the question of law must be contestable; and (4) resolution of the question of law must speed up the litigation. *Ahrenholz v. Board of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000); *see also Jang v. Boston Scientific Corp.*, 767 F.3d 1334, 1338 (Fed. Cir. 2014). "Question of law" in the context of § 1292(b) goes to the "meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz*, 219 F.3d at 676. A mere disagreement in how a court applies the law to the facts of a case is not grounds for interlocutory appeal. *See In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 626 (7th Cir. 2010); *880 S. Rohlwing Road, LLC v. T&C Gymnastics, LLC*, No. 16-cv-7650, 2017 WL 264504, at *6 (N.D. Ill. Jan. 19, 2017) (St. Eve, J.). Section 1292(b) gives district courts discretion when considering whether to certify an interlocutory appeal. *See Breuder v. Board of Trs. of Cmty. College Dist. No. 502*, 888 F.3d 266, 271 (7th Cir. 2018). In the end, § 1292(b) requests for interlocutory review are for exceptional cases. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996); *Ahrenholz*, 219 F.3d at 676 ("A denial of summary judgment is a paradigmatic example of an interlocutory order that normally is not appealable.").

**Discussion**

In the present motion for interlocutory appeal, Feit takes issue with the Court's application of *Therasense's* "but for" standard of materiality instead of *Therasense's* exception to the "but for" materiality requirement for cases where there is evidence of affirmative "egregious misconduct." *Id.* at 1292. This exception tracks the Supreme Court's doctrine of unclean hands dealing with "particularly egregious misconduct, including perjury, the manufacture of false evidence, and the suppression of evidence," *Id.* at 1287. As the *Therasense* court explained, "the general rule requiring but-for materiality provides clear guidance to patent practitioners and courts, while the egregious misconduct exception gives the test sufficient flexibility to capture ***extraordinary*** circumstances." *Id.* at 1293 (emphasis added). Because Feit failed to present evidence of egregious misconduct, the Court properly applied the "but for" standard of materiality in the June 17 ruling. And, even if there had been egregious misconduct, Feit did not meet the other *Therasense* inequitable misconduct requirement, namely, that Nilssen had the intent to deceive the PTO.

In sum, Feit's disagreement with how the Court applied *Therasense* to the facts of this case is not grounds for an interlocutory appeal because it is not a "question of law" for § 1292(b) purposes. *See In re Text Messaging Antitrust Litig.,* 630 F.3d at 626; *Raber v. Pittway Corp.*, 17 F.3d 1444 (Fed. Cir. 1994). Because Feit's materiality argument does not concern a "question of law," the Court need not address the other § 1292(b) requirements, although the Court notes that interlocutory appeal will not materially advance this litigation because Feit failed to establish that Nilssen had the intent to deceive the PTO under the standard set forth in *Therasense*. In other words, whether the per se egregious misconduct exception applied in this matter will not revive any of Feit's claims.

Next, Feit maintains that another question of law concerns whether the Federal Circuit's decision in *Ulead Systems v. Lex Computer & Mgmt. Corp.*, 351 F.3d 1139 (Fed. Cir. 2003), decided before *Therasense*, remains good law. In *Ulead,* the Federal Circuit concluded that false statements made in connection with small entity status to reduce maintenance fees satisfied the materiality test for

inequitable conduct, even after the issuance of a patent. *Id.* at 1146. In the June 17 ruling, the Court mentioned the conundrum between post-allowance versus pre-allowance fees by way of explanation, but any such explanation had no bearing on the Court's decision to apply the *Therasense* "but for" materiality standard. Simply put, it was dicta. *See In re Repository Techs., Inc.,* 601 F.3d 710, 718 (7th Cir. 2010) (language not essential to outcome of case is dicta). Accordingly, Feit's second "question of law" is not suitable for interlocutory appeal because Feit is merely disagreeing with the Court's application of the *Therasense* standard to the facts of this case. Moreover, under the circumstances, the resolution of any such question on appeal would not speed up this litigation because Feit failed to fulfill the second *Therasense* requirement, namely, that Nilssen had the specific intent to deceive.

**Conclusion**

For the foregoing reasons, the Court, in its discretion, denies Feit's motion to certify an interlocutory appeal under 28 U.S.C. § 1292(b) [267].

**IT IS SO ORDERED.**

Date: 9/7/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge