**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FEIT ELECTRIC COMPANY, INC., | |
| Plaintiff and Counterclaim-Defendant, | Case No. 13-cv-09339-SJC-SIS |
| v. | Judge Sharon Johnson Coleman |
| CFL TECHNOLOGIES, LLC, | Magistrate Judge Heather K. McShain |
| Defendant and Counterclaim-Plaintiff. | |

**CFL TECHNOLOGIES' RESPONSE TO FEIT'S "NOTICE OF COMPLIANCE"**

Defendant CFL Technologies LLC ("CFLT") hereby responds to Plaintiff Feit Electric Company's ("Feit") unsolicited and unilateral "Notice of Compliance and Discovery Status Update," (D.E. 313). Feit's offering for inspection samples of only six accused models[1] does not comply with this Court's April 25, 2022 Order to "***turn over*** product samples … or product schematics … for ***all*** the ***allegedly infringing products***." (D.E. 311 at 3 (emphasis added).)

At least 1,193 different Feit CFL models constitute "allegedly infringing products." Feit itself placed those products at issue when Feit—***as the Plaintiff***—instituted in 2013 this sweeping suit against Defendant CFL Technologies LLC ("CFLT") to bar patent enforcement actions "against ***any CFL*** product made, imported, used, offered for sale, or sold by Feit…." (D.E. 1 at Prayer for Relief, ¶ (g) (emphasis added).) Feit predicated declaratory judgment jurisdiction on assertions by CFLT that "'***all of the CFLs*** sold by Feit Electric … infringed….'" (*Id*. at ¶ 32 (emphasis added).) CFLT correspondingly counterclaimed that "CFLs sold … by Feit infringe at least" claim 16 of the '140 Patent and claim 3 of the '464 Patent. (D.E. 15, Counterclaim at ¶¶ 10,

[1] Counsel for Feit indicated that samples for six different CFL models are available for inspection.

12; *accord id*. at ¶¶ 4, 19.) Feit thereafter acknowledged CFLT's assertions "that the ***entirety*** of Feit's product portfolio infringes." (D.E. 28 at 1 (emphasis original).) Without the benefit of any product discovery at all, CFLT independently collected and analyzed numerous Feit CFL samples, and informed Feit of four key product attributes of infringement believed to be possessed by the overwhelming majority (if not all) of infringing Feit CFL models and has identified them to Feit. (*See* Ex. 3, May 23, 2018 LPR 2.2 Initial Infringement Contentions (exhibits omitted) at 16-17.) Despite Feit's continuing refusal to engage in infringing product discovery, CFLT has been able to identify at least 1,193 different Feit CFL models. (*See* Ex. 2, April 14, 2022 letter from W. Flachsbart to K. Shah (exhibits omitted) at 3, 6, 9, 10.)[2]

Contrary to Feit's suggestion, LPR 2.2 does not confine the scope of discovery to only those products listed ***explicitly*** by model number. (*See* D.E. 313 at 3.) Feit cites no authority that LPR 2.2 so limits discovery. Rather, LPR 2.2 simply requires the patentee to notify the accused infringer of the scope of its infringement theory:

> "[Initial] [i]nfringement contentions are generally considered adequate if they provide fair notice of the scope of the plaintiff's infringement theory. In other words, ***infringement contentions must set forth particular theories of infringement*** with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patents themselves."

*Trading Techs. Int'l, Inc. v. CQG, Inc.*, No. 05-cv-4811, 2014 U.S. Dist. LEXIS 127615, *6 (N.D. Ill. Sep. 10, 2014) (Coleman, J.) (emphasis added, quoting *Fujitsu Ltd. v. Tellabs Operations, Inc.*, No. 08 C 3379 & 09 C 4530, 2012 U.S. Dist. LEXIS 101766, *25 (N.D. Ill. Jul. 23, 2012)). CFLT's

[2] CFLT's infringement allegations have exceeded the specificity demanded by Feit in its failed motion for a more definite statement. (*See* Ex. 2, July 8, 2014 Hr'g Tr. at 6:11-20 (requesting defendants "identify specifically the products that they believe are infringing ***or some parameters*** so [Feit] can tell" which CFLs are accused) (emphasis added).) According to Feit, infringing parameters alone would have sufficed. (*See id*.) The four noted infringing parameters were explicitly identified to Feit no later than May 23, 2018—four years ago. (*See* Ex. 3 at 16-17 (identifying the four infringing circuit attributes as: (1) rectifier; (2) half-bridge inverter; (3) series-connected L-C circuit; and (4) capacitor in parallel with lamp).)

theory of infringement is the same across all non-dimmable CFLs explicitly listed in CFLT's LPR 2.2 Initial Infringement Contentions. (*See* Ex. 3 at 16-17.) Because all of Feit's nondimmable CFLs are fundamentally identical, analysis of only one model would have sufficed to place Feit on notice of its theory of infringement for all such models. Every nondimmable Feit CFL with those four characteristics (including nearly 1,200 models expressly listed to Feit) is alleged to infringe.

***Samples***. Feit's production of samples for only six out of nearly 1,200 expressly accused models is inexcusable, at the very least in view of Feit's duty to preserve evidence of its infringement. "A person or entity has an ongoing duty to preserve evidence over which it has control and reasonably knows or can foresee would be material—and thus relevant—to a potential legal action." *Banks v. Enova Financial*, No. 10 C 4060, 2012 U.S. Dist. LEXIS 173649, *10 (N.D. Ill. July 10, 2012). Feit expressly foresaw patent infringement litigation against all of its CFLs in 2013 and should have begun preserving evidence no later than that time by taking "concrete actions reasonably calculated to ensure that relevant materials are preserved." *Id*. (internal quotations omitted).[3] Feit instead continued "business as usual" as it admittedly sold off "the majority of identified products" prior to CFLT's May 2018 LPR 2.2 Initial Infringement Contentions. (D.E. 313 at 2.) There can be no dispute that Feit was at some point in possession of the CFLs that it sold in the United States between December 31, 2013 (the date of Feit's complaint) and May 2018. Feit now cannot legitimately claim a lack of samples when it intentionally sold off evidence of its infringement. *Raziev v. Compass Truck Sales, LLC*, No. 13 C 00737, 2015 U.S. Dist. LEXIS

[3] Feit cannot evade its preservation duty simply because it may have hoped to win on an affirmative defense (*e.g*., unenforceability) or unjustifiably believed that somehow fewer than all CFLs are at issue. Indeed, "[a] defendant who reasonably foresees litigation cannot pick and choose what potential evidence should be preserved and what can be destroyed." *Buonauro v. City of Berwyn*, No. 08 C 6687, U.S. Dist. LEXIS 95189, *21 (N.D. Ill. Aug. 25, 2011); *cf. Rohm & Haas Co. v. Brotech Corp.*, No.90-109-JRR, 1990 U.S. Dist. LEXIS 20117, *20 (D. Del. Sep. 14, 1990) ("a defendant cannot simply claim noninfringement and limit discovery according to its view of the case").

1447301, *13 (N.D. Ill. Oct. 30, 2015) ("A party is not relieved from its duty to preserve potentially material evidence simply because it sells the evidence….").[4]

Feit baldly claims it would have been "unduly burdensome" for it "to hold virtually an entire inventory for a decade merely in the event that CFLT ***might*** accuse some." (D.E. 313 at 2-3 (emphasis added).) But there was no "might." Before Feit filed this action, it already knew that CFLT accused "***all***" of its CFLs of infringement. (D.E. 1 at ¶ 32 (emphasis added).) Moreover, Feit does nothing to explain the so-called "burden" of setting aside a few samples for each model of CFLs it likely sells by the thousands, if not millions. Certainly, a party cannot properly cite the high volume of infringing sales as a burden-based excuse to avoid producing evidence of infringing sales. Finally, Feit claims that production of information related to alleged infringement is uncalled for because CFLT bears the burden of proof on infringement. (D.E. 313 at 3.) That is a non-sequitur. There can be no serious dispute that discovery on accused infringement is relevant and permissible under Rule 26.[5] Regardless, this Court ordered Feit to produce such evidence of alleged infringement, (D.E. 311 at 3), and Feit has not moved for reconsideration of that Order.

***Schematics***. Feit has not produced any schematics, saying that it long ago "informed Defendant that such information would be the subject of third-party discovery." (D.E. 313 at 1.)

[4] Feit would not have any purported need for a deposition of CFLT, (*see* D.E. 313 at 2), if Feit had simply fulfilled its duty to preserve evidence. In any case, CFLT has collected only a small fraction of samples for the over 1,100 Feit CFL models alleged to infringe. Although the analysis of samples collected by CFLT evidences a strong pattern of infringement, unless Feit concedes that all of its CFLs are fundamentally the same, as they appear to be, then CFLT is entitled to evidence to prove that pattern of infringement with greater certainty.

[5] Feit's citation to the proceedings in *CFL Technologies LLC v. Osram Sylvania, et al*., No. 18-1445-RGA (D. Del.) ("*Sylvania*") is not apropos. The court in *Sylvania* was not addressing whether the accused infringer sold off relevant evidence after being sued in 2018—after all patents-in-suit had already expired. (*See Sylvania* D.E. 132 at 1.) Rather, the court held that the accused infringers did not have to search for evidence of ***un***accused products where that evidence could have been collected by the patent owner before it accused defendants of infringing other products. (*Id.*) Here, by contrast, Feit had an immediate duty to preserve evidence in 2013, once it was on notice that "***all of Feit Electric CFLs***" were accused of infringement. (D.E. 1 at ¶ 32 (emphasis added).)

But CFLT long ago requested "[d]ocuments sufficient to identify the supplier of each CFL sold by Feit," (*see* Ex. 4, Excerpt of Feit's May 29, 2018 Response to CFLT's Requests for Production at No. 5), and despite further repeated requests by CFLT for that information, (*see* Ex. 5, June 1, 2018 letter from F. Roth to Z. Baig at 4; Ex. 6, June 25, 2018 letter from F. Roth to Z. Baig at 1-2; Ex. 1 at 12-13, 23), Feit still has not identified a single CFL supplier that might have schematics. Moreover, CFLT understands that Feit itself produced CFL schematics in prior litigation involving one of the two patents-in-suit, *i.e.*, *Nilssen et al. v. Wal-Mart et al*. (case no. 04-cv-05363, N.D. Ill.).[6] (*See* Ex. 1 at 12.) Feit has not produced those schematics.

* * *

It should be recalled that Feit flatly denied having sold ***any*** infringing CFLs, (*see* D.E. 24 at ¶¶ 4, 10, 12), stating affirmatively that "Feit denies that it is … selling products which infringe the patents asserted in the Counterclaim." (*Id*. at ¶ 13.) Feit did not deny those allegations on the basis that it "lacked knowledge or information sufficient to form a belief about the truth of the allegation…." Fed. R. Civ. P. 8(b)(5). Rather, Feit was representing to this Court that its blanket denials of infringement by all of its CFLs were "warranted on the evidence." Fed. R. Civ. P. 11(b)(3). Plainly, Feit has not produced that evidence in the form of samples, schematics or otherwise. Feit has not complied with this Court's April 25, 2022 Order.

[6] CFLT was recently informed that Beacon Point Capital, LLP ("Beacon," the former defendant in this suit) is in possession of those schematics. However, Beacon refuses to provide CFLT with those schematics due to the protective order entered in *Wal-Mart*. With Feit's permission, CFLT understands that Beacon will provide those schematics subject to outside counsel eyes only confidentiality in this matter.

Dated: May 18, 2022

Respectfully submitted,

*/s/ William W. Flachsbart*
William W. Flachsbart
Robert P. Greenspoon
Jonathan Hill
DUNLAP BENNETT & LUDWIG
333 N. Michigan Avenue, Suite 2700
Chicago, IL 60601
T: 312-551-9500
F: 312-551-9501

*Attorneys for Defendant*
*CFL Technologies, LLC*