**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FEIT ELECTRIC COMPANY, INC., | |
|     Plaintiff and Counterclaim-Defendant, | Case No. 13-cv-09339-SJC-SIS |
|               v. | Judge Nancy L. Maldonado |
| CFL TECHNOLOGIES, LLC, | Magistrate Judge Heather K. McShain |
|     Defendant and Counterclaim-Plaintiff. | |

**FEIT ELECTRIC COMPANY, INC.'S OPPOSITION TO CFL TECHNOLOGIES,**
**LLC'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... ii

INTRODUCTION .............................................................................................................. 1

RELEVANT BACKGROUND ........................................................................................... 2

LEGAL STANDARDS ....................................................................................................... 4

ARGUMENT ...................................................................................................................... 5

I.       CFLT'S ALLEGATIONS OF FAILURE TO PROVIDE DISCOVERY ARE INACCURATE AND FAIL TO COMPLY WITH LR 37.2 .............................................. 5

II.     CFLT'S ATTEMPT TO EXPAND THE ACCUSED PRODUCTS FROM 33 TO OVER 1,000 IS UNTENABLE. ........................................................................................ 9

III.    CFLT'S REQUEST FOR SANCTIONS IS WITHOUT MERIT AND SHOULD BE DENIED ......................................................................................................................... 13

CONCLUSION .................................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bracey v. Grondin*,
712 F.3d 1012 (7th Cir. 2013) ............................................................13

*Brandt v. Vulcan, Inc.*,
30 F.3d 752 (7th Cir.1994) .................................................................4

*CFL Technologies LLC v. Osram Sylvania*,
Case No. 18-1445-RGA, D.E. 132 (D. Del. Jan. 20, 2022)................4, 12

*Cohn v. Guaranteed Rate, Inc.*,
318 F.R.D. 350 (N.D. Ill. 2016).........................................................13

*Donelson v. Hardy*,
931 F.3d 565 (7th Cir. 2019) .............................................................5

*Engel v. Town of Roseland*,
No. 3:06 CV 430, 2007 WL 2903196 (N.D. Ind. Oct. 1, 2007) ............10

*Gunn v. Stevens Sec. & Training Servs., Inc.*,
2018 WL 1737518 (N.D. Ill. 2018) ...................................................8, 9

*Honeywell International Inc. v. Audiovox Communications Corp.*,
2005 WL 3988905 (D. Del. 2005).......................................................12

*Infowhyse GmbH v. Fleetwood Grp.*,
2016 WL 4063168 (N.D. Ill. 2016) ....................................................8

*Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*,
571 U.S. 191 (2014)........................................................................1, 11

*Nilssen v. General Elec. Co.*,
No. 06 C 4155, 2008 WL 4921354 (N.D. Ill. Nov. 12, 2008)................2

*Nilssen v. Osram Sylvania, Inc.*,
440 F.Supp.2d 884 (N.D. Ill. 2006), aff'd 504 F.3d 1223 (Fed. Cir. 2007),
*cert. denied*, 554 U.S. 903 (2008).....................................................2, 13

*Nilssen v. Wal-Mart Stores, Inc.*,
No. 04C5363, 2008 WL 11350028 (N.D. Ill. Mar. 17, 2008)................2

*Nilssen v. Wal-Mart Stores, Inc.*,
No. 04C5363, 2008 WL 5087967 (N.D. Ill. Nov. 24, 2008)...............2, 15

*Rimkus Consulting Grp., Inc. v. Cammarata*,
  688 F.Supp.2d 598 (S.D. Tex. 2010) ........................................................................5

*S.C. Johnson & Son, Inc. v. Louisville & Nashville R. Co.*,
  695 F.2d 253 (7th Cir. 1982) ..................................................................................13

*Samsung SDI Co., LTD. v. Matsushita Electric Industrial Co., LTD.*,
  2007 WL 4302701 (C.D. Cal. 2007) ......................................................................12

*SRAM, LLC v. Hayes Bicycle Grp., Inc.*,
  No. 12 CV 3629, 2013 WL 6490252 (N.D. Ill. Dec. 10, 2013) .............................10

*In re Sulfuric Acid Antitrust Litig.*,
  231 F.R.D. 331 (N.D. Ill. 2005) ...........................................................................4, 5

*Wonderland Nurserygoods Co. v. Baby Trend, Inc.*,
  No. 514CV01153JWHSPX, 2021 WL 2315191 (C.D. Cal. June 7, 2021) .............14

## Other Authorities

FED. R. CIV. P. 11 ............................................................................................................12

FED. R. CIV. P. 25(c) .......................................................................................................15

FED. R. CIV. P. 26 ..............................................................................................................9

FED. R. CIV. P. 34 ....................................................................................................6, 9, 10

Judge McShain's Case Procedures, Meeting Requirement on Motions...........................8

LOCAL PATENT RULE 2.2 ...............................................................................................10

LOCAL PATENT RULE 37.2 .......................................................................................5, 7, 8

LOCAL PATENT RULE ESI 2.1 ...........................................................................................6

U.S. Patent No. 5,757,140.............................................................................................2, 3

U.S. Patent No. 6,172,464.............................................................................2, 11, 14, 15

## INTRODUCTION

Having failed to timely pursue discovery and work with Plaintiff Feit Electric Company, Inc. ("Feit Electric") regarding discovery issues, Defendant CFL Technologies, LLC ("CFLT") now seeks to extend discovery and, alternatively, obtain an adverse inference on infringement. D.E. 337 (hereinafter, the "Motion" or "Mot."). This is a tacit admission that Defendant cannot establish infringement. This Court has already rejected Defendant's eleventh-hour request to extend discovery. No basis exists for this Court to even consider the extreme sanction of an adverse inference in view of the record. Defendants dilatory and inadequate efforts should not be rewarded.

As an initial matter, Plaintiff has not and does not refuse to provide properly served and narrowly tailored discovery. As reflected in the numerous status reports jointly filed with the Court, Plaintiff has participated—and continues to participate—in good faith discovery. To that end, Plaintiff provided samples of accused products and has repeatedly offered to provide electronic documents. Notably, Defendants have not provided Plaintiff with ESI discovery requests or keywords, or even conferred regarding a workable process. Yet, Defendant now— without meeting and conferring—cries foul. Defendant's complaints are without merit.

Defendant's leap that Plaintiff should now go back in time and produce product samples that it failed to take discovery on or timely accuse also should be rejected. The record is clear and unequivocal that Defendant has accused just over thirty products to date. There is no basis for Defendant to expand that to thousands of products, nearly all of which are obsolete. To the contrary, it is black letter law that Defendant alone—as the counterclaim Plaintiff—bears the burden on proving infringement. *See Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 198-99 (2014). CFLT is limited to is disclosures, and cannot now expand that without properly amending its contentions and pleadings. Importantly, untimely motion practice—filed less than two weeks before the close of fact discovery and without satisfying the meet and confer

requirements under this Court's Local Rules—seeking disclosure of nearly 1,200 accused products that have never been accused in this case, is improper. Defendant cannot flip its burden to Plaintiff to salvage Defendant's failure to prosecute its patent infringement counterclaims. Even worse, Defendant attempts to outsource its burden of proving infringement as to over 1,000 still-unaccused products to this Court via a baseless request for an adverse inference of infringement. Defendant's motion should be rejected.

## RELEVANT BACKGROUND

Plaintiff Feit Electric brought this declaratory judgment action seeking confirmation that U.S. Patent No. 6,172,464 ("the '464 patent") remains unenforceable and for seeking a declaration that U.S. Patent No. 5,757,140 ("the '140 patent") is unenforceable for inequitable conduct (collectively, "the Patents-in-Suit"). Specifically, the '464 patent was the subject of a prior final and unappealable determination by this Court of inequitable conduct and the '140 patent was issued based on the same misconduct. *See* D.E. 38. This Court initially affirmed the unenforceability of the '464 patent but indicated more facts were necessary regarding the '140 patent. *See* D.E. 65.

Much has transpired since. The original defendant upon whom the declaratory judgment action was predicated exited, and the current defendant, CFL Technologies, LLC ("CFLT"), took its place.[1]

---

[1] The history of these patents is worth noting. The asserted patents are part of a larger portfolio of patents naming Mr. Ole Nilssen as the inventor, who also was the original owner. Mr. Nilssen then licensed the patents to something called the Geo Foundation, which he used to embark on a patent licensing and enforcement campaign. *See* D.E. 238 at 3-4. The enforcement campaign comprised over multiple district court actions, several trips to the Federal Circuit, and even a petition for writ of certiorari to the Supreme Court. That campaign came to an end when this Court held multiple patents unenforceable. *See, e.g.*, *Nilssen v. Osram Sylvania, Inc.*, 440 F.Supp.2d 884 (N.D. Ill. 2006) ("*Osram I*"), aff'd 504 F.3d 1223 (Fed. Cir. 2007) ("*Osram II*"), *cert. denied*, 554 U.S. 903 (2008); *see also Nilssen v. Wal-Mart Stores, Inc.*, No. 04C5363, 2008 WL 5087967, at *2 (N.D. Ill. Nov. 24, 2008) (finding that Nilssen made "intentional, material, and repeated" misstatements to the U.S. Patent Office); *Nilssen v. Wal-Mart Stores, Inc.*, No. 04C5363, 2008 WL 11350028, at *3 (N.D. Ill. Mar. 17, 2008) (holding that "Nilssen's intentional payment of small entity fees knowing that he did not qualify for such reduced fees" constituted inequitable conduct); *Nilssen v. General Elec. Co.*, No. 06 C 4155, 2008 WL 4921354, at *1 (N.D. Ill. Nov. 12, 2008) (finding that

CFLT did so representing it would abide by its predecessor's positions. *See* D.E. 145 at 17. The parties engaged the efforts of the magistrate judge to mediate. Discovery remained ongoing and, in 2021, the Court indicated its intention that the parties complete discovery in short order. D.E. 265. Accordingly, the Court set a discovery deadline and required regular status reports. Those reports have been submitted and reflected any discovery issues between the parties. *See* D.E. 289, 292, 297, 303, 309, 321, 326, 329, 330.

For instance, as a result of that process, on April 25, 2022, the Court ordered Feit Electric to "turn over product samples for testing or product schematics for analysis for the allegedly infringing products." D.E. 311. Defendant's May 23, 2018, infringement contentions identified thirty-seven products, *see* D.E. 337-2, four of which CFLT voluntarily withdrew by letter on April 14, 2022. D.E. 337-10. Accordingly, Feit Electric made available the products located and correspondingly informed the Court that it had "conducted a reasonable search and is making available samples of the accused products within its possession, custody, or control, for CFLT's inspection." D.E. 313. Feit Electric further explained that its production was limited to those products actually accused of infringement in this case, as is consistent with the Local Patent Rules. *Id*. Although CFLT asserted it was entitled to samples of over 1,000 products, it did not explain its basis nor did it timely move to compel. *See* D.E. 314.

On September 19, 2022, the parties filed a joint status report, in which the parties detailed certain discovery disputes. D.E. 330. For the first time, CFLT claimed "an extension of the fact

---

"[w]hat made Nilssen's conduct so distinctive" was that he "continued to engage in this inequitable conduct over a significant period of time"). Mr. Nilssen passed away in 2012, and the patent portfolio passed to his wife, who then assigned the portfolio to Beacon Capital an entity controlled by Mr. Nilssen's son-in-law. *See* D.E. 144 at 2. Beacon attempted to assert the patents and in response, Feit Electric brought this declaratory judgment action. *See* D.E. 49. Beacon then apparently sold the patent portfolio to CFLT, who represented to this Court that it would "take over where Beacon left off." *See* D.E. 145 at 17.

discovery deadline is warranted, and [CFLT] plans to move for an extension." *Id*. at 3. In its minute entry the next day, the Court cautioned the parties that "it is concerned by the sudden potential need for a discovery extension, given that the current deadline was set in July 2021, discovery has been ongoing for over a year, and the parties have been consistently indicating for the past several status reports that they anticipate meeting the current discovery deadline" and that "if any party plans to request an extension, the party should promptly file a motion which demonstrates good cause for why an extension should be granted." D.E. 331. CFLT waited until eight days before the end of fact discovery to move for an extension of the deadline to complete fact discovery. D.E. 339. This Court denied that motion. D.E. 343. CFLT now attempts to compensate for its failure to timely seek discovery through a request for sanctions. CFLT's effort should be rejected.

## LEGAL STANDARDS

The filing of a discovery motion at the tail end of discovery is generally disfavored. *See In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 337 (N.D. Ill. 2005); *See Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 (7th Cir.1994) (stating that a motion for a sanction based upon discovery violations is untimely if there is an "unreasonable delay" before bringing the motion); *see also CFL Technologies LLC v. Osram Sylvania*, Case No. 18-1445-RGA, D.E. 132 (D. Del. Jan. 20, 2022). "There is no legitimate excuse for the plaintiffs having waited until the last day of discovery to have filed their motion. . . . They cannot be heard to complain now about the conscious decision they made not to bring the matter to the court's attention." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. at 337. "Parties should not be rewarded for the kind of purposeful delay exemplified by the plaintiffs in this case." *Id*. Moreover, where a party disputes the propriety of objections to discovery it has served, the burden falls on the serving party to move to compel. *Id*. ("The served party has the option of providing appropriate written objections and leaving it to the party seeking

discovery to file a motion to compel."). "Although a party objecting to discovery may seek a protective order or stay, it is under no obligation to do so." *Id*.

"Spoliation is the destruction or the significant and meaningful alteration of evidence." *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F.Supp.2d 598, 612 (S.D. Tex. 2010) (citing The Sedona Conference, The Sedona Conference Glossary: E–Discovery & Digital Information Management (Second Edition) 48 (2007)). Routine deletion of potential evidence is generally not considered spoliation "unless there is a duty to preserve the information, and even then, only when there is also "a culpable breach of that duty, and resulting prejudice." *Id*. "The imposition of sanctions based on the Court's inherent powers are limited to instances involving bad faith or a willful abuse of the judicial process." *Id*. (quoting *Tandycrafts, Inc. v. Bublitz*, No. 3:97–CV–1074–T, 2002 WL 324290, at *5 (N.D. Tex. Feb. 27, 2002)). Inherent authority "must be exercised with restraint and discretion." *Id*. (quoting *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980)). CFLT seeks sanctions based on the Court's inherent power, as there is no court order that is alleged to have been violated. "[S]anctions are justified under this inherent authority only "if the offender willfully abuses the judicial process or litigates in bad faith." *Donelson v. Hardy*, 931 F.3d 565, 569 (7th Cir. 2019).

**ARGUMENT**

## I.    CFLT'S ALLEGATIONS OF FAILURE TO PROVIDE DISCOVERY ARE INACCURATE AND FAIL TO COMPLY WITH LR 37.2

CFLT's assertions that Feit Electric has failed or refused to participate in discovery are demonstrably false. Feit Electric has sought to provide the corresponding information, but has been hindered by CFLT's delay. CFLT has not provided proper discovery requests for ESI, yet it complains about Feit Electric's alleged failure to produce. Discovery is now over, so CFLT is in no place to complain. Similarly, CFLT alleges Feit Electric has not provided financial information.

5

But CFLT omits that Feit Electric has offered to do so but the parties were working on a joint protective order. That effort was stalled by CFLT. CFLT not only ignores these critical facts, it failed to meet and confer with Feit Electric about these alleged concerns. Had it done so, CFLT would have recognized that this is the result of its own conduct.

CFLT claims that "Feit is sitting on but refuses to produce 'over 100,000 documents.'" Mot. at 8. This is not so. As far back as May 2022, Feit Electric's counsel expressly offered that "[w]e can make these available if CFLT would like to review them. We also are willing to work with CFLT on search terms to reduce this scope since the documents are electronically stored."[2] *See* D.E. 337-8. CFLT did not respond, nor did it serve ESI discovery requests as required under the local rules—the very rules it relies upon here. *See, e.g.*, LPR ESI 2.1. There simply is basis for CFLT to suggest that Feit Electric refuses to provide these documents. CFLT chose not to inspect these documents or provide search terms, and discovery is now closed.

CFLT misleadingly argues that Feit Electric's negotiations of a protective order and ESI protocol with CFLT "proved to be a ruse, calculated to stave of CFLT's inevitable motion to compel." Mot. at 8. This too, is demonstrably false. As this Court has acknowledged, CFLT affirmatively represented to this Court that the parties were "in the process of negotiating a protective order and ESI protocol specific to the issues in this case, in order to move discovery forward," D.E. 321 at 2, and later that CFLT was still "reviewing those proposals and anticipates

---

[2] In contrast, CFLT still refuses to provide to Feit Electric hard copy documents it has collected, even at Feit Electric's offer to share the costs of such production. *See* D.E. 342-2; Ex. E. And CFLT still refuses to provide a date and time for Feit Electric to come with its own vendor and scan the documents at its own expense, instead insisting that Feit Electric cover CFLT's staffing and storage costs. *See* D.E. 342-3 (conditioning such an inspection "if Feit bears the recited costs for moving and supervision"). While Feit Electric does not believe that CFLT's provision of the documents to date satisfied FED. R. CIV. P. 34, *see* Ex. F, Feit Electric remains optimistic that this issue can be resolved without Court intervention, but may need to engage in motion practice should CFLT not provide the documents.

promptly providing a response to Feit [Electric]." D.E. 326 at 1. In the same status report to the Court, CFLT even conditioned disclosure of an unredacted version of a recent settlement agreement until "after the parties finalize their agreement on a protective order." D.E. 326 at 2.

CFLT's position is further belied by the record. Feit Electric sent CFLT draft proposals of a protective order and ESI protocol on June 20, 2022. *See* Ex. A[3]. Receiving no response, Feit Electric followed up on July 6, 2022. *See* Ex. B. A month later, on August 4, 2022, CFLT indicated that it was still "reviewing those proposals and anticipates promptly providing a response to Feit [Electric]." D.E. 326. Feit Electric did not receive any response or suggested revisions from CFLT until August 15, 2022. CFLT agreed to the majority of Feit Electric's drafts, save the lone issue of CFLT's unwillingness to take on the cost of providing electronic or scanned copies of physical documents in its possession. *See* Ex. C. Feit then Electric suggested the parties submit competing proposals to the Court for resolution. Ex. D. On September 7, 2022, CFLT refused Feit Electric's invitation to submit competing proposals for resolution by this Court, and for the first time during these negotiations took the position that a negotiated protective order and ESI protocol was no longer necessary. *See* D.E. 337-18. Instead, no doubt to manufacture a basis for this motion, CFLT asserted the documents contained in the 100 boxes were suddenly irrelevant, and attempted to shift the burden of its own document review and production onto Feit Electric. *Id*.

Finally, CFLT complains that it "long ago requested" information. While unclear, the record reflects that CFLT did not accept Feit Electric offers to review materials or work on ESI protocols. CFLT, notably, did not move to compel. Indeed, even as to the issues raised now, CFLT failed to engage in the Local Rule 37 process. *See, e.g.,* Local Rule 37.2 ("[T]his court shall hereafter refuse to hear any and all motions for discovery and production of documents under

---

[3] Exhibits A - K are attached to the concurrently filed Declaration of Simeon G. Papacostas.

Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's."). CFLT does not, because it cannot, "state when and how the movant complied with Local Rule 37.2, which requires a 'live' discussion in person or by telephone (video conference is another acceptable means of communication)." *Id.*; *see also* Judge McShain's Case Procedures, Meeting Requirement on Motions ("Any discovery motion must state with specificity when and how the movant complied with Local Rule 37.2.").

The only statement even mentioning a meet and confer is a single sentence stating that "[o]n June 1, 2022, counsel for the parties conducted a Local Rule 37.2 discovery conference …" *See* Mot. at 8. But Feit Electric offered the documents at issue not only shortly before that date, but also during that meet and confer when it asked CFLT to provide a list of proposed keywords for narrowing ESI, a fact that CFLT conspicuously omits from its Motion. *See, e.g.*, 337-9 ("We also are willing to work with CFLT on search terms to reduce this scope since the documents are electronically stored."). Moreover, the rules clearly require more. *See, e.g.*, *Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *1 (N.D. Ill. 2016) ("A single phone call in three months regarding a dispute that has engendered nearly 500 pages of briefs and exhibits doesn't come close to sufficing."). Nor can CFLT's later September 7, 2022 ultimatum declaring that "this e-mail is an extension of the June 1, 2022 Local Rule 37.2 meet-and-confer relative to the issues raised in Will Flachsbart's April 14, 2022 letter to Kal Shah" suffice. That email ignores Feit Electric's May 2022 offer as well as the parties' efforts regarding the protective order and ESI protocol. As noted by this Court, "Local Rule 37.2 is not an empty form, requiring pointless activity by lawyers. Quite the contrary. It requires 'good faith attempts to resolve differences.'" *Gunn v. Stevens Sec. &*

*Training Servs., Inc.*, 2018 WL 1737518, at *3 (N.D. Ill. 2018) (finding that "[a] party that steadfastly maintains a position without support is not engaging in a good faith discussion."). CFLT not only disregarded Feit Electric's express offer to provide the documents it now claims were improperly withheld, it failed to follow this Court's procedures or rules, and its motion can be denied on this basis alone.

## II. CFLT'S ATTEMPT TO EXPAND THE ACCUSED PRODUCTS FROM 33 TO OVER 1,000 IS UNTENABLE.

CFLT is entitled to discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden of expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26. Feit Electric's objections have relied on this Rule and are therefore proper, specifically objecting regarding the scope of CFLT's requests for production that seek information as to "all CFLs," and therefore were not improper. Feit Electric also objected, *inter alia*, to any CFLT requests "to the extent that it is broader in scope than the products that [CFLT] accuses of infringement" and "to the extent that it calls for documents or information not in its possession, custody, or control; that is a matter of public record; or that is already in the possession of or equally available to [CFLT], on the ground that such Request is unduly burdensome." *See* D.E. 337-3.

Moreover, Feit Electric has repeatedly informed CFLT that it does not have schematics or other design documents in its possession, custody, or control. *See, e.g.*, D.E. 337-13 at 1-4. Because Feit Electric uses third parties to design and manufacture those products, Feit Electric does not in the regular course of business create, receive, organize, store, or maintain such documents and has no legal right to obtain them. *See id.* at 4-5. The concept of "control" as set out in Rule 34 "includes

documents that a party has the legal right to obtain on demand." *SRAM, LLC v. Hayes Bicycle Grp., Inc.*, No. 12 CV 3629, 2013 WL 6490252, at * 4 (N.D. Ill. Dec. 10, 2013) (internal quotation and citation omitted). Feit Electric cannot produce what it does not have. *Engel v. Town of Roseland*, No. 3:06 CV 430, 2007 WL 2903196, at *3 (N.D. Ind. Oct. 1, 2007) ("[A] party has control over a document amounting to possession for Rule 34 purposes when the party has a legal right to obtain the document.").

On April 25, 2022, this Court ordered Feit Electric to "turn over product samples for testing or product schematics for analysis for the allegedly infringing products." D.E. 311 at 3. Feit Electric did so, by making available all product samples of specifically Accused Products within its possession, custody, or control. While CFLT now seeks to compel more, **both** parties represented to this Court in their June 21, 2022 joint status report that, "Feit Electric conducted a reasonable search and made available samples of the accused products within its possession, custody, or control, for CFLT's inspection," and that such a production was "[i]n compliance with this Court's April 25, 2022 Order. (D.E. 311)." D.E. 321 at 1. That is, CFLT already conceded that Feit Electric satisfied its obligations to the "turn over product samples for testing or product schematics for analysis for the allegedly infringing products." In other words, based on CFLT's representations to this Court, that issue is resolved.

CFLT's belief that Feit Electric should produce information and samples relating to products that are not accused in this case has no basis. The Local Patent Rules are clear that "accused products" are those that are specifically accused under the infringement contentions. *See* LPR 2.2 (requiring patentee to identify with specificity and chart each allegedly infringing product). Moreover, CFLT clearly was able to obtain samples of the thirty-seven total accused products it specifically accused, and admits its predecessor could have found others on the market

during the relevant times. *See* D.E. 337-2; *see also* Ex. G at 146:15-25, 160:20-162:9.[4] And of those thirty-seven originally identified products, CFLT even withdrew four of them based on the parties' claim construction positions—in contradiction of its current, but erroneous—position that all CFL products are in play.

Merely printing out model numbers of publicly available products without more, as CFLT has done here, is not enough to plausibly allege infringement, and asking Feit Electric to conduct its own infringement analysis on thousands of products is improper. As just one example, CFLT includes on its list, Model No. BPESL23TM/GU24/D/CAN. *See* D.E. 337-11. A simple search for that model number on Feit Electric's website confirms that the bulb (depicted below), does not have an Edison type screw-base. *See* Ex. H. But according to CFLT, bulbs that do not have an Edison-type screw base do not infringe the asserted claims of at least the '464 patent. *See, e.g.*, Ex. I at 13. Because it uses a two-pin configuration rather than a conventional screw-base, Model No. BPESL23TM/GU24/D/CAN cannot, as a matter of law, infringe. And yet, CFLT remarkably seeks an adverse inference of infringement for this model. Many other such examples of CFLT's failure to conduct even the most basic diligence exist, for each patent, but it was CFLT's burden to investigate such differences ***before*** filing its motion. *See Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 200–01 (2014) ("A complex patent can contain many pages of claims and limitations. A patent holder is in a better position than an alleged infringer to know, and to be able to point out, just where, how, and why a product (or process) infringes a claim of that patent. Until he does so, however, the alleged infringer may have to work in the dark, seeking, in his declaratory judgment complaint, to negate every conceivable infringement theory."). That CFLT

---

[4] CFLT has perplexingly been less forthcoming regarding how it obtained such samples, who tested them, and whether there were additional samples obtained and not tested. *See, e.g.*, Ex. G at 160:20-162:9, 174:19-181:19 (discussing Ex. J), 191:5-194:9 (discussing Ex. K).

could have spent less than one minute online confirming that this model does not infringe, not only forecloses the relief it seeks in the instant motion, but also confirms that CFLT did not even do the bare minimum investigation required under Rule 11.

This Court has already rejected CFLT's request to extend the fact discovery deadline, holding in relevant part that CFLT "provides no basis for why this discovery could not have been pursued sooner," and that "defendant is in this predicament because it pursued and prioritized other aspects of the litigation." D.E. 343. CFLT recently attempted a similar gambit in the District of Delaware involving the same Patents-in-Suit, seeking last minute discovery on "all CFL products" regardless of whether they were specifically accused of infringement, relying on the exact same case law it cites in the instant motion, and was unequivocally rejected. As Judge Andrews ordered:

> Plaintiff seeks discovery on "all CFL products." Plaintiff has accused at least 135 products. Plaintiff now wants significant, last-minute discovery to find more products to accuse. The request is DENIED. The usual practice is that discovery relates to accused products, not a search for more products to accuse. The patent damages period expired about four years ago. Had Plaintiff (or its predecessors) timely filed suit, it (or its predecessors) could have purchased Defendants' products on the open market, investigated which ones infringed, and proceeded accordingly. But it didn't, and now wants to shift the burden to Defendants to produce records which in part Plaintiff has acknowledged Defendants do not even have. There is no justification for a deviation from the usual practice.

*CFL Technologies LLC v. Osram Sylvania*, Case No. 18-1445-RGA, D.E. 132 (D. Del. Jan. 20, 2022). That is, as recently as January 2022, CFLT was on notice that a last-minute request to seek discovery on "all CFL products" is untenable and would be rejected. *See id.*; *see also Honeywell International Inc. v. Audiovox Communications Corp.*, 2005 WL 3988905 at *1 (D. Del. 2005) ("[W]hat you are not entitled to do is to say you manufacture 15 different kinds of cell phones. We tore down three. Tell us about your other 12."); *Samsung SDI Co., LTD. v. Matsushita Electric Industrial Co., LTD.*, 2007 WL 4302701 *3 (C.D. Cal. 2007) (recognizing that discovery "may be limited in patent cases" and categorizing patentee's attempt to seek discovery on unaccused

products as a "fishing expedition" to evade its infringement investigation). CFLT's focus on whether the discovery it belatedly seeks may be relevant is not just a red herring, that ship sailed long ago, but it is a tacit admission that CFLT is embarking on an improper fishing expedition. At bottom, the same rationale from *Osram* applies here, and CFLT's strategy of waiting till the eleventh-hour to cry foul after sitting on its hands for years and failing to even attempt to advance its claims should be rejected yet again.

### III. CFLT'S REQUEST FOR SANCTIONS IS WITHOUT MERIT AND SHOULD BE DENIED

CFLT further asks—***remarkably***—for this Court to grant it an adverse inference for any CFL model for which Feit Electric did not produce samples. CFLT's request for such a sanction cannot be squared with the law and the facts here.

An adverse inference instruction is among "the most extreme sanctions available pursuant to the Federal Rules of Civil Procedure and this Court's inherent power." *See Cohn v. Guaranteed Rate, Inc.*, 318 F.R.D. 350, 355 (N.D. Ill. 2016). For this reason, the Seventh Circuit requires a finding that the offending party acted in "bad faith," meaning, in this context, for the purpose of hiding adverse information. *See also Bracey v. Grondin*, 712 F.3d 1012, 1019 (7th Cir. 2013) ("A party destroys a document in bad faith when it does so for the purpose of hiding adverse information.") (quotations omitted). The movant bears the burden to make this showing, *id.*, though the court may also rely on "the totality of the circumstances" to infer bad faith, *see S.C. Johnson & Son, Inc. v. Louisville & Nashville R. Co.*, 695 F.2d 253, 259 (7th Cir. 1982). CFLT has fallen far short of making such a showing.

To the contrary, the record reveals that if there is any bad faith, it is on the part of CFLT through this motion and its rejected attempt to extend discovery. Until 2018, CFLT identified a single product, Model No. BPESL 13T/D/3, of infringing. D.E. 15 at Answer, ¶ 19. CFLT first

provided infringement contentions on May 23, 2018. D.E. 337-2. Those contentions identified

thirty-seven products. However, by that time, virtually all were no longer offered by Feit Electric.[5]

In April 2022, Feit Electric provided samples. Notably, the samples included Model No. BPESL

13T/D/3, the originally identified product. *See* D.E. 337-16. They also included other products,

but the products found were limited because 17 models, i.e., nearly half of those accused, were no

longer offered at the time of the infringement contentions while others were soon to be phased out

and may not have been on hand. As a general matter, Feit Electric cannot be expected to preserve

products that were not timely accused. *See, e.g., Wonderland Nurserygoods Co. v. Baby Trend,*

*Inc.*, No. 514CV01153JWHSPX, 2021 WL 2315191, at *5 (C.D. Cal. June 7, 2021) ("There is no

evidence in the record establishing defendants actually had possession, custody, or control of the

unavailable accused products … To prevail, plaintiff need to present evidence sufficient to

establish that each of the defendants had possession, custody, or control over each of the accused

products on or after their obligation to preserve attached."). Further complicating matter, the '464

patent was deemed unenforceable at least between 2008 and 2019, during which no duty to

preserve could have reasonably attached for at least that patent, and which was during the same

time period that CFLT's requests for production were served. Moreover, CFLT's infringement

contentions plainly demonstrate that it had samples of each of the thirty-seven originally accused

products at some point, in order to conduct purported analyses and produce claim charts. *See, e.g.*,

D.E. 337-2; Exs. I, J, K.

       CFLT's claim that it is hamstrung as a result of its predecessor, Beacon Point Capital, LLP

("Beacon") is equally unpersuasive. For starters, CFLT concedes that "Beacon Point Capital, LLP

---

[5] Over the last fifteen years, compact fluorescent lamps have been declining in the market, eclipsed by light emitting diode lamps.

("Beacon," the former defendant in this suit) is in possession of those schematics." D.E. 314 at 5 n.6. CFLT therefore could and should have sought third-party discovery of the undisclosed products. CFLT did not, and now complains that "Beacon refuses to provide CFLT with those schematics due to the protective order entered in" another litigation. *Id*. Setting aside that CFLT should have timely sought third-party discovery, CFLT represented to this Court that: "CFLT, by virtue of its consent to Beacon's motion, fully intends to take over where Beacon left off." D.E. 145 at 17; *see id*., at 18 ("When the successor in interest voluntarily steps into the shoes of its predecessor [pursuant to Rule 25(c)], it assumes the obligations of the predecessor's pending litigation… [c]onsequently, whatever liabilities Beacon may have accrued vis-à-vis Feit through this litigation, CFLT replaces Beacon in all such respects."). That Beacon may have had additional samples and information in its possession on products CFLT now suspects might infringe as far back as the *Wal-Mart* litigation and chose not to accuse them is a choice that CFLT now has to live with. It cannot get a do-over here. At best, CFLT's dispute is with its predecessor, Beacon.[6] There is no basis to sanction Feit Electric for CFLT's discovery shortcomings.

## CONCLUSION

CFLT's Motion is not only untimely, but also violates this Court's Local Rules for CFLT's failure to satisfy its LR 37.2 meet and confer requirements, relies on a series of flawed premises, misreads the applicable case law, mischaracterizes and ignores the record, and seeks disproportionate, remarkable relief that borders on frivolous. In short, multiple independent grounds exist for denial of CFLT's Motion.

---

[6] Remarkably, as recently as the June 9, 2022 30(b)(6) deposition of CFLT, it claimed that it "can't speak to what was known to Beacon at the time" of its May 23, 2018 infringement contentions. *See* Ex. G at 154:5-158:22.

Dated: November 4, 2022                     Respectfully submitted,


                                            */s/ Simeon G. Papacostas*
                                            Kal K. Shah
                                            Simeon G. Papacostas
                                            Zaiba Baig
                                            Cristina Q. Almendarez
                                            Louis Constantinou
                                            **BENESCH, FRIEDLANDER, COPLAN
                                            & ARONOFF LLP**
                                            71 South Wacker Drive, Suite 1600
                                            Chicago, IL 60606
                                            Tel: 312.212.4949
                                            kshah@beneschlaw.com
                                            zbaig@beneschlaw.com
                                            calmendarez@beneschlaw.com
                                            lconstantinou@beneschlaw.com

                                            *Attorneys for Feit Electric Company, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 4, 2022, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

/s/  *Simeon G. Papacostas*

*One of the attorneys for Feit Electric Company, Inc.*