**OTHE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FEIT ELECTRIC CO., INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 13 09339 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| CFL TECHNOLOGIES, LLC, | ) | |
| | ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION & ORDER

On May 12, 2023, Magistrate Judge Heather K. McShain denied Defendant CFL Technologies, LLC's ("CFLT") Motion to Compel production from Plaintiff Feit Electric Company, Inc. ("Feit Electric") and Request for Sanctions. (Dkt. 355). Now, CFLT has filed Objections to the Magistrate Judge's Order denying its Motion. (Dkt. 356). For the following reasons, CFLT's Objections [356] are overruled.

## BACKGROUND

In 2013, Feit Electric filed a declaratory action against CFLT's predecessor alleging that U.S. Patent Nos. 6,172,464 ("the '464 Patent") and 5,757,140 ("the '140 Patent") (collectively, the "Patents-in-Suit") are unenforceable. (Dkt. 1). The patents are for compact florescent light ("CFL") bulb lamps. (Dkt. 337 at 1). The discovery dispute at issue began in 2018, when Feit Electric served responses to CFLT's predecessor's discovery requests. (Dkt. 337-3); (Dkt. 337-4). Feit Electric responded that it would only produce discovery related to the products named in the Initial Infringement Contentions ("Initial Accused Products"); (2) Feit Electric did not have custody or control of requested schematics and technical documents relating to the Initial Accused Products; and (3) Feit E would not produce any confidential information prior to the entry of a

protective order. (Dkt. 337-3 at 3-5). CFLT's predecessor maintained that it did not agree to limit discovery to the Initial Accused Products. (Dkt. 337-9 at 1). It informed Feit Electric that the parties were "likely at an impasse on the issue" and requested a meet-and-confer to discuss it further. (Dkt. 337-9 at 2). The record does not indicate that Feit Electric responded to this request.

Judge Coleman, who previously presided over this case, stayed discovery on June 28, 2018, pending a ruling on the motion to substitute CFLT for its predecessor. (Dkt. 141). CFLT joined the matter in December 2018. (Dkt. 152). Discovery remained stayed while the parties litigated the enforceability of the '464 patent. (Dkt. 171); (Dkt. 194); (Dkt. 261). During this time, in November of 2020, the matter was referred to Magistrate Judge McShain for discovery supervision. (Dkt. 215). Judge Coleman lifted the discovery stay on July 1, 2021, and ordered that all fact discovery be completed by October 20, 2022. (Dkt. 265).

As evidenced through their joint status reports, the parties re-engaged in discovery on various issues from July 2021 to October 2022. (Dkt. 280); (Dkt. 289); (Dkt. 292); (Dkt. 297); (Dkt. 303); (Dkt. 309); (Dkt. 321); (Dkt. 326); (Dkt. 330). On April 14, 2022, almost ten months after the discovery stay was lifted, CFLT served Feit Electric with a discovery letter reiterating its predecessor's requests from 2018. (Dkt. 337-10). On April 25, 2022, Judge Coleman ordered Feit Electric to "turn over product samples for testing or product schematics for analysis of the allegedly infringing products." (Dkt. 311 at 3). The parties continued to dispute the scope of the accused products. On May 4, 2022, Feit Electric responded to CFLT's April discovery letter with the same position it maintained in 2018, that discovery was limited to the Initial Accused Products and that it was not aware or in possession of the requested documents. (Dkt. 337-13 at 2-4). On May 13, 2022, in response to Judge Coleman's order, Feit Electric stated that it made samples of the accused products it had in its possession, custody, or control available for CFLT's inspection.

(Dkt. 313 at 1). CFLT argued that this did not comply with Judge Coleman's Order because there were at least 1,1193 allegedly infringing products and Feit Electric only offered to make six samples of the Initial Accused Products available for inspection. (Dkt. 314 at 1). Feit Electric also asserted that it would move for a protective order regarding the scope of the accused products, (Dkt. 337-14), but it never did.

On June 1, 2022, the parties conducted a meet-and-confer conference regarding the 2018 discovery disputes. (Dkt. 337 at 8). There is no contemporaneous documentation of this conference in the record. In status reports filed in June and August of 2022, the parties indicated that they were negotiating a protective order and ESI protocol, but anticipated meeting the October 20, 2022 discovery deadline. (Dkt. 321 at 2); (Dkt. 326 at 1-2). In a September 7, 2022 email from CFLT's counsel to Feit Electric's counsel, CFLT asserted that Feit Electric had represented during the meet-and-confer that "it was withholding no documents or information on the basis of any objection other than privilege and/or confidentiality" and "the only potential barriers to the production of non-privileged documents and information were entry of a protective order and an ESI order." (Dkt. 337-19 at 3).

In a joint status report from September 19, 2022, the parties described their continued dispute over a modified protective order, and CFLT advised the Court that it needed Feit Electric's production in response to the discovery requests from 2018. (Dkt. 330 at 2). On October 7, 2022, CFLT filed a Motion to Compel and Request for Sanctions. (Dkt. 337). The Motion sought an order compelling Feit Electric to (1) produce all non-privileged documents relating to "all non-dimmable Feit CFLs," (2) identify the third-party vendors from whom Feit obtained its CFLs, and (3) produce all confidential information under the default protective order that exists by operation of Local Patent Rule 1.4. (*Id.* at 12-15). CFLT also requested that the Court sanction Feit Electric

for allegedly spoliating evidence by selling all samples of its product models. (Dkt. 337 at 1). On October 12, 2022, CFLT moved for an extension of time to complete discovery related to the 2018 requests. (Dkt. 339 at 1). Judge McShain denied this motion on October 25, 2022, holding that CFLT failed to demonstrate good cause for the extension and noting that CFLT was "in this predicament because it pursued and prioritized other aspects of the litigation." (Dkt. 343).

On May 12, 2023, Judge McShain denied the Motion to Compel as untimely and denied CFLT's request for sanctions. (Dkt. 355 at 16-17, 19). In her order, Judge McShain found that denying the Motion to Compel on timeliness grounds was appropriate because (1) CFLT unduly and unjustifiably delayed seeking resolution of the 2018 discovery disputes; (2) CFLT unduly and unjustifiably delayed filing the Motion until four months after the parties conferred about the disputes; and (3) granting an extension of the discovery period, which would be required if the Motion was granted, was unwarranted. (*Id.* at 16-17). Judge McShain denied CFLT's request for sanctions on the grounds that CFLT failed to establish that any failure to preserve evidence by Feit Electric was in bad faith. (*Id.* at 18). Pursuant to Rule 72(a), CFLT now objects to Judge McShain's ruling. (Dkt. 356 at 1).

## <u>LEGAL STANDARD</u>

The parties disagree about the standard of review that applies to objections brought under Rule 72. Section 636(b)(1)(A) of the Federal Magistrates Act and Federal Rule of Civil Procedure 72(a) govern this Court's review of non-dispositive magistrate judge decisions. *See* 28 U.S.C. § 636(b)(1)(A) (providing that a district judge "may reconsider any pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); *see also Hassebrock v. Bernhoft*, 815 F.3d 334, 340 (7th Cir. 2016); *Domanus v. Lewicki*, 742 F.3d 290, 295 (7th Cir. 2014); *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). Typical

nondispositive discovery orders fall under Rule 72(a), and, therefore, the magistrate judge's decision is overturned only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see, e.g.*, *Nance v. City of Elgin*, 2010 WL 2757164, at *1 (N.D. Ill. July 12, 2010). This standard is "a high hurdle for those seeking to set aside magistrate judge orders on nondispositive issues" because "the purpose for referral of such matters to magistrate judges would be thwarted if parties were entitled to *de novo* review and a second chance to argue discovery disputes already decided." *Catapult Commc'ns Corp. v. Foster*, 2010 WL 3951967, at *1 (N.D. Ill. Oct. 8, 2010) (citing *Nat'l Educ. Corp. v. Martin*, 1994 WL 233661, at *1 (N.D. Ill. May 26, 1994).

A decision is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Connectors Realty Grp. Corp. v. State Farm Fire & Cas. Co.*, 2022 WL 2674066, at *1 (N.D. Ill. May 24, 2022). A decision by a magistrate judge is clearly erroneous only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Fish v. Hennessy*, 2012 WL 3643829, at *2 (N.D. Ill. Aug. 22, 2012) (citing *Anderson v. City of Bessemer,* 470 U.S. 564, 573 (1985)). When performing clear error review, the district court should not overturn a decision by the magistrate judge merely because the district judge would have independently come to a different conclusion from the one reached by the magistrate judge on the same set of facts. *See id*.

## DISCUSSION

### I.  **Motion to Compel**

CFLT first objects to Magistrate Judge McShain's Order denying its Motion to Compel on timeliness grounds as contrary to law because delay alone does not provide a basis to deny a motion to compel filed before the close of discovery. (Dkt. 356 at 11-12); (Dkt. 359 at 4). Although the Federal Rules of Civil Procedure place no time limit on filing a motion to compel within the

discovery period, courts "extremely broad discretion in controlling discovery." *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 681 (7th Cir. 2002). A Court may exercise this discretion to deny a motion to compel as untimely. *See, e.g.*, *In re Sulfuric Acid Antitrust Litig.,* 231 F.R.D. 331, 336 (N.D. Ill. 2005); *see also Grassi v. Info. Res., Inc.,* 63 F.3d 596, 604 (7th Cir.1995) (affirming denial of untimely motion to compel discovery).

The only authority CFLT relies on to support its argument is a line from *West v. Miller*, 2006 WL 2349988, at *5 (N.D. Ill. Aug.11, 2008), where the court states that filing a motion to compel eleven days from the close of discovery was not enough on its own for the motion to be "too late." *Id*. Immediately after this, however, the court goes on to say that it found the defendants' motion to compel waived due to undue delay after considering the timing of the motion together with the months of discovery inaction, the defendants' representations to the court regarding discovery, and the actions the defendants did and didn't take to move discovery along. *Id*. CFLT's cherry-picked quote does not give credence to its argument; *West* represents another example of a court denying a motion to compel on timeliness grounds. Accordingly, Judge McShain's decision to deny CFLT's Motion on timeliness grounds was not contrary to law.

CFLT next objects to Judge McShain's finding that its Motion to Compel was untimely. (Dkt. 356 at 8); (Dkt; 359 at 8). Judge McShain found CFLT's Motion was untimely because (1) CFLT delayed pursuing resolution of the discovery disputes until nine-and-a-half months after discovery reopened; (2) CFLT delayed bringing the Motion until four months after a meet-and-confer with Feit Electric regarding the discovery disputes; and (3) granting the Motion would require reopening discovery. (Dkt. 355 at 16-17). The Court finds that CFLT failed to show that Judge McShain's rulings on these issues were clearly erroneous or contrary to law.

District courts may deny motions brought within the discovery period as untimely due where there has been unexplained or undue delay or when the late motion will require an extension of the discovery period. *See, e.g., LG Elecs. v. Whirlpool Corp.*, 2009 WL 3294802, at *2 (N.D. Ill. June 22, 2009); *Medicines Co. v. Mylan Inc.*, 2013 WL 120245, at *2 (N.D. Ill. Jan. 9, 2013). In determining the timeliness of a motion brought before the close of discovery, a court must use its discretion and consider "the entire complex circumstances that give rise to the motion." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. at 333. "On assessing delay of a moving party, courts usually focus on three questions: (i) how long was the delay; (ii) was there an explanation for it; and (iii) what happened during the delay." *West*, 2006 WL 2349988, at *5 (N.D. Ill. Aug.11, 2008). A court may excuse an untimely motion to compel where the moving party has a "reasonable and persuasive justification for its untimeliness." *Signal Fin. Holdings LLC*, 2021 WL 4940865, at *5 (N.D. Ill. June 10, 2021) (citing *Africano v. Atrium Med. Corp.*, 2019 WL 10891868, at *1 (N.D. Ill. July 3, 2019)). When the movant fails to give a reasonable justification, however, "courts' general aversion to unjustified delays usually result in denials of the motions." *Miller v. Lenz*, 2010 WL 252287, at *4 (N.D. Ill. Jan. 20, 2010).

First, CFLT objects to Judge McShain's finding that CFLT unreasonably delayed in pursuing the 2018 discovery disputes July 21, 2021, when the discovery stay was lifted, and April 14, 2022, when CFLT served a discovery letter on Feit Electric asking for the productions requested in 2018. (Dkt. 356 at 8). The Court finds no error in this analysis. CFLT's predecessor had reached an impasse with Feit Electric over the 2018 discovery disputes prior to the discovery stay. (Dkt. 337-9 at 2). CFLT did not raise the issue again April 14, 2022, nine-and-a-half months after the discovery stay was lifted. (Dkt. 337 at 5). CFLT noted the discovery disputes in a March 2022 status report, (Dkt. 303 at 9-10), but otherwise maintained during this time that the parties

were engaging in discovery, did not yet have any disputes ripe for resolution by the Court, and anticipated meeting the October 20, 2022 discovery deadline. (Dkt. 280 at 2-4); (Dkt. 289); (Dkt. 292); (Dkt. 297 at 2-3); (Dkt. 303 at 2). The only explanation CFLT offers for the delay is that, during this time, they were pursuing other issues in the case. (Dkt. 356 at 8-9). Judge McShain rejected this justification as insufficient in her Order, (Dkt. 355 at 11), her denial of CFLT's request to extend discovery. (Dkt. 343) (finding that it was CFLT's choice to "strategize as it chose," but prioritizing other aspects of litigation did not constitute good cause to extend deadline). CFLT merely reasserts these excuses in its Objections without any new legal arguments or support. (Dkt. 356 at 8-9). It is within a Court's discretion to find undue delay where there were multiple months of discovery inaction and representations to the Court that no issues existed. *See, e.g., West*, 2006 WL 2349988, at *6; *Ridge Chrysler*, 2004 WL 3021842, at *6 (N.D. Ill. Dec. 30, 2004) ("The issues that dominate Plaintiffs' Motion were well known to Plaintiffs for over one year, and yet Plaintiffs failed to pursue them."). The excuse of an excessive workload is not sufficient to justify untimeliness. *Banks v. CBOCS W., Inc.*, 2004 WL 723767, at *2 (N.D. Ill. Apr. 1, 2004). Accordingly, Judge McShain's analysis of this issue was not clearly erroneous or contrary to law.

CFLT next objects to Judge McShain's finding that CFLT unreasonably delayed in filing the Motion to Compel. (Dkt. 355 at 11-12). CFLT argues that it believed the discovery disputes were resolved at the June 2022 meet-and-confer so it did not file the Motion until October 2022, when it realized the parties were at a new impasse during negotiations over protective and ESI orders. (Dkt. 356 at 10-11); (Dkt. 359 at 9-12). Judge McShain considered and rejected these arguments, and the Court finds no clear error in her analysis.

CFLT argues that, contrary to Judge McShain's findings, the facts surrounding the June 2022 meet-and-confer show that Feit Electric agreed to produce the contested discovery, resolving

8

the dispute. (Dkt. 356 at 10); (Dkt. 359 at 9-11). The only evidence of Feit Electric's alleged change-of-heart proffered by CFLT is the September 7, 2022 email from CFLT to Feit Electric. (*Id.*). Judge McShain correctly points out that this is only CFLT's understanding of the conference; there is no correspondence or documentation from Feit Electric in the records indicating that it changed its position on the 2018 discovery disputes after the meet-and-confer. Moreover, CFLT acknowledges that Feit Electric informed CFLT at this meeting that it was maintaining its position regarding the scope of the accused products during the meet-and-confer. (Dkt. 337 at 8). Thus, even accepting CFLT's email as an accurate depiction of the conference, the Court finds no clear error in Judge McShain's finding that Feit Electric's position as set forth in the email was that it would not be withholding *from the documents it agreed to produce* any materials that were non-privileged or not confidential.

Additionally, Judge McShain concluded in her Order that CFLT's choice to negotiate the protective order following the June 2022 meet-and-confer did not justify waiting to bring its Motion to Compel until thirteen days before discovery was set to close. (Dkt. 355 at 15-16). CLFT does not raise any explicit objections to this finding; rather, it asserts that it could not bring its Motion until it was clear that the parties had reached an impasse over the protective order and ESI protocol issues. (Dkt. 356 at 11). CFLT does not and cannot assert that the negotiations over these issues somehow absolved the 2018 discovery disputes. In fact, CFLT argued that Feit Electric should have produced the contested discovery without modifying the existing protective order. (Dkt. 330 at 2). This negates any argument from CFLT that negotiating the protective order and ESI protocol issues was a valid excuse for waiting to file its Motion to Compel. As Judge McShain notes, choosing to negotiate a protective order late in discovery was a strategic decision, and CFLT "must endure the harsh results of this tactical decision." *Ridge Chrysler*, 2004 WL 3021842, at *6.

CFLT offers no other excuses or explanations for its delay in filing its Motion to Compel. Feit Electric consistently maintained its objections to the 2018 discovery requests, yet CFLT did not file its Motion to Compel until four months after the meet-and-confer and thirteen days before the close of discovery. Accordingly, Judge McShain did not err in finding that CFLT unreasonably delayed in bringing the Motion. *See Medicines Co. v. Mylan Inc.*, 2013 WL 120245, at *3 ("MC unreasonably delayed in seeking the Court's involvement after months of steadfast and repeated objections from Mylan."); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. at 341 ("Long before the motion to compel was filed, the plaintiffs were aware that they were not going to get any answers to interrogatories . . . . Thus, at any time over the eight-month period, the plaintiffs could have filed a [motion to compel]."); *Banks*, 2004 WL 723767, at *2 (finding motion to compel untimely where both parties clearly knew that unresolved discovery issues existed after the conclusion of their Rule 37.2 conference but plaintiff did not file until after discovery closed).

Finally, CFLT claims that it was contrary to law for Judge McShain to consider the necessity of reopening fact discovery when denying the Motion. (Dkt. 356 at 11-12). Once again, CFLT does not cite any supporting authority for its position. Courts have deemed a motion to compel brought close to the close of discovery as untimely where the discovery requested in the motion could not be completed before the discovery deadline and there was no good cause to extend the deadline. *See Signal Fin. Holdings LLC v. Looking Glass Fin. LLC*, No. 17 C 8816, 2021 WL 4940865, at *4 (N.D. Ill. June 10, 2021), *Ridge Chrysler*, 2004 WL 3021842, at *6. CFLT does not disagree that granting the Motion would require reopening discovery. (Dkt. 356 at 11-14). Prior to deciding the Motion to Compel, Judge McShain denied CFLT's motion to extend fact discovery on the grounds that CFLT failed to show good cause for doing so, (Dkt. 343), and CFLT did not object. The Court does not find that it was not clearly erroneous or contrary to law

for Judge McShain to find CFLT's Motion to Compel in timely due, in part, to the fact that she would need to reopen discovery, which she already declined to do without objection from either party.

In sum, CFLT's Objections to Judge McShain's denial of its Motion to Compel cite no legal authority and amounts to little more than a rehashing of its original arguments and disagreement with how Judge McShain views the facts. Like Judge McShain, this Court's ruling on CFLT's Objections is not an endorsement of the positions Feit Electric has taken throughout the dispute over the 2018 discovery requests. The Court agrees, however, with Judge McShain that, in the face of Feit Electric's long-held objections to the requests, it is inexplicable that CFLT waited so long to seek judicial intervention. Accordingly, the Court finds that Judge McShain's denial of CFLT's Motion to Compel as untimely was not clear error or contrary to law.

## II.    Request for Sanctions

CFLT also objects to Magistrate Judge McShain's denial of its request for sanctions. (Dkt. 356 at 14-15). CFLT asserts that Judge McShain clearly erred in finding that any alleged failure by Feit Electric to preserve samples of CFL models was in bad faith. (*Id.*). The Court does not find any clear error in Judge McShain's analysis or findings.

In its Motion to Compel, CFLT requested that the Court award sanctions for Feit Electric's alleged spoliation of evidence by ordering an adverse inference of infringement. (Dkt. 337 at 15). The Seventh Circuit has found that the sanctions of dismissal or adverse inference findings should be supported by evidence of intentional destruction in bad faith. *Faas v. Sears, Roebuck, & Co.,* 532 F.3d 633, 644 (7th Cir. 2008). The destruction of or inability to produce a document, standing alone, does not constitute bad faith warranting an adverse inference. *Park v. City of Chicago*, 297 F.3d 606, 615 (7th Cir. 2002). Rather, courts should look for clear and convincing evidence of "an

11

intentional act by the party in possession of the allegedly lost or destroyed evidence" for the purpose of hiding adverse information. *Fass,* 532 F.3d at 644; *see also Bracey v. Grondin*, 712 F.3d 1012, 1019 (7th Cir. 2013). The Seventh Circuit has referred to this standard as "stringent" in comparison to other circuits. *Bracey,* 712 F.3d at 1020.

In arguing that Judge McShain's ruling was clearly erroneous, CFLT asserts that the following constitutes bad faith by Feit Electric: (1) Feit Electric failed to preserve samples of the CFL models accused in the counterclaim for infringement; (2) Feit Electric had no basis to believe that fewer than all of its CFLs were at issue; (3) Feit Electric refused to discuss mitigation of prejudice from the lack of evidence with CFLT; and (4) Feit Electric had a clear motive to destroy evidence of its infringement. (Dkt. 356 at 14). CFLT concedes that it has no evidence of CFLT's bad faith. (Dkt. 356 at 14). The Court agrees with CFLT and Judge McShain that CFLT has failed to show that CFLT intentionally destroyed or failed to preserve samples of the later-accused CFL models for the purpose of hiding adverse information.

CFLT's objection to Judge McShain's ruling rests entirely on an assertion that Feit Electric's failure to provide evidence is enough to show bad faith. CFLT relies on the decision in *Rosenthal Collins Grp., LLC v. Trading Techs. Int'l, Inc.*, 2011 WL 722467, at *8 (N.D. Ill. Feb. 23, 2011), where the court observed that "[a] party's failure to preserve evidence alone constitutes bad faith[.]" Judge McShain correctly pointed out that this holding directly contradicts established Seventh Circuit that a showing of intentional destruction of evidence for the purpose of concealing adverse information is required before a court may permit such an inference. *See, e.g., also Mathis v. John Morden Buick, Inc.*, 136 F.3d 1153, 1155 (7th Cir.1998); *Faas,* 532 F.3d at 643; *Park,* 297 F.3d at 615; *Bracey,* 712 F.3d at 1018-19.

CFLT argues that *Rosenthal* can be squared with Seventh Circuit precedent because it supports the inference of bad faith in the absence of evidence of a plausible explanation. (Dkt. 356 at 15). Even accepting this interpretation, there is evidence of a plausible explanation. Feit Electric asserts that it no longer had samples of the produced accused in CFLT's May 2018 infringement contentions because they were no longer offered or were soon to be phased out. (Dkt. 339 at 13-14). Moreover, as Judge McShain's Order points out, Feit Electric advised CFLT's predecessor in June 2018 that, due to their alleged failure to identify the additional 37 accused products until more than four years after the case began, samples of most of these products were no longer available. (Dkt. 337-7 at 3). Without knowing that additional products would be accused of infringement, Feit Electric could not have destroyed the models of those products for the purpose of hiding information. *See, e.g., Bracey*, 712 F.3d at 1019. Judge McShain's findings on this issue were neither contrary to the law nor clearly erroneous.

## CONCLUSION

For the reasons set forth above, CFLT's Rule 72 Objections to Magistrate Judge's Order denying CFLT's Motion to Compel and Request for Sanctions [356] are over-ruled.

Virginia M. Kendall
United States District Judge

Date: October 22, 2025